IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MARK A. ROSENBAUM, ) | |
| ) | |
| Plaintiff, ) | FILED in the Trial Courts |
| ) | STATE OF ALASKA THIRD DISTRICT |
| v. ) | MAY 1 1 2006 |
| ) | Clerk of the Trial Courts |
| TIMOTHY A. BURGESS, ) | By_____ Deputy |
| DEBORAH M. SMITH, STEVE ) | |
| SKROCKI, TIM BLEICHER, and ) | |
| JOHN DOE I, ) | |
| ) | |
| Defendants. ) | Case No. 3AN-06-7869 CI |

# COMPLAINT

COMES NOW, Mark A. Rosenbaum, by and through counsel, and for his complaint states and alleges as follows:

1. Mark A. Rosenbaum (hereinafter "PLAINTIFF") is a resident of the Municipality of Anchorage, State of Alaska.

2. On information and belief, Timothy M. Burgess, Deborah M. Smith, Steve Skrocki, Tim Bleicher, and John Doe I, are residents of the Municipality of Anchorage, State of Alaska.

3. The acts and conduct constituting the causes of action in this complaint occurred within the Municipality of Anchorage, State of Alaska, on or about May 12, 2004.

Exhibit 2

## I. FACTS COMMON TO ALL COUNTS

4. On or about May 12, 2004, Plaintiff, shortly before he was to leave his work station at 222 West 7th Avenue, Suite 9, Room 253, Anchorage, Alaska, 99513, was summoned into the U.S. Attorney's conference room at that location.

5. In the conference room were Defendant Timothy Burgess and Defendant Deborah M. Smith. Defendant Steven Skrocki appeared in the U.S. Attorney's conference room along with individuals known to be armed, Defendant Tim Bleicher and Defendant John Doe I.

6. Defendant Timothy A. Burgess and Defendant Deborah M. Smith ordered Plaintiff to accompany Defendant Steven Skrocki along with Defendant Bleicher and Defendant John Doe I, and Mr. Rosenbaum, knowing that one or both Defendant Bleicher and Defendant John Doe I were armed, and fearing that they would use whatever force necessary to effect objective, did as he was ordered.

7. Plaintiff was escorted by Defendant Steven Skrocki, Defendant Bleicher and Defendant John Doe I to his office, where those Defendants provided Plaintiff with a cardboard box, ordered Plaintiff not to leave, and gave Plaintiff 10 minutes to pack the box, while Defendants guarded Plaintiff and prevented him from leaving the room.

8. Thereafter, Defendant Skrocki, as well as Defendant Bleicher and Defendant John Doe I, continued to confine Plaintiff, and intending in fact to do so, directed Mr. Rosenbaum into the elevator located at 222 West 7th Avenue, closed the door, and escorted Mr. Rosenbaum to his vehicle, where he was ordered immediately to enter his vehicle and leave the premises, without returning to the parking structure.

Complaint  2
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*
Case No. 3AN-06-_____ CI                                              Exhibit 2

9. Under the continuing dominion and control of Defendants, including their apparent willingness to use all such force as they felt necessary, Plaintiff entered his vehicle, and left, as ordered. As he drove away, the enormity of the outrageous conduct of the Defendants emotionally overwhelmed Plaintiff, who broke-down crying.

10. Mr. Rosenbaum was required to seek counseling, and to this day, continues to suffer severe mental pain and suffering as a result of the conduct of Defendants.

## II. - FIRST CAUSE OF ACTION
### (False Imprisonment)

11. Plaintiff hereby re-alleges ¶1 through 10 of his Complaint.

12. The Defendants, and each of them, intended, by their acts, to confine Plaintiff within boundaries fixed by the Defendants, including Mr. Rosenbaum's office, hallway to the elevator, the elevator, and the garage area of the building located at 222 West 7th Avenue.

13. The acts and conduct of the Defendants, and each of them, directly and/or indirectly resulted in the confinement of Plaintiff.

14. Plaintiff was conscious of the confinement and/or he suffered harm on account of such confinement, including emotional damage and fright, and mental pain and suffering, and as a result, incurred damages, including but not limited to pain and suffering, emotional distress and past and future medical expenses.

15. The acts and conduct of the Defendants, and each of them, were unlawful, intentional, and/or reckless, and/or malicious, and not privileged.

Complaint  3
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*
Case No. 3AN-06-_____ CI

Exhibit 2

16.     Plaintiff suffered and continues to suffer emotional distress as a direct and proximate result of the unlawful acts and conduct of the Defendants and each of them.

### III - SECOND CAUSE OF ACTION
(Punitive Damages)

17.     Plaintiff hereby re-alleges ¶1 through 17 of his Complaint.

18.     Because the acts and conduct of the Defendants were intentional, malicious, or conducted with reckless disregard to the rights and interest of the Plaintiff, Defendants are liable to Plaintiff for punitive damages in an amount as the court may determine upon the evidence at trial herein.

WHEREFORE, Plaintiff prays for relief as follows:

1.      For judgment against the Defendants and each of them, in an amount to be established upon the evidence at trial;

2.      For Plaintiff's costs, interest and attorney's fees;

3.      For such other and further relief as the court deems just and equitable in the premises;

RESPECTFULLY SUBMITTED this //  day of May 2006.

FORTIER & MIKKO, P.C.
Attorneys for Plaintiff Mark A. Rosenbaum:

By: _____
SAMUEL J. FORTIER
ABA No. 8211115

Complaint                                                                    4
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*
Case No. 3AN-06-_____ CI

Exhibit 2