SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| MARK A. ROSENBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-cv-144 |
| v. | ) | |
| | ) | |
| TIMOTHY A. BURGESS, DEBORAH | )**MEMORANDUM OF POINTS AND** |
| M. SMITH, STEVE SKROCKI, TIM | )**AUTHORITIES IN SUPPORT OF** |
| BLEICHER, and JOHN DOE I, | )**PLAINTIFF'S OPPOSITION TO UNITED** |
| | )**STATES SCOPE OF EMPLOYMENT** |
| Defendants. | )**CERTIFICATION; NOTICE OF** |
| | )**SUBSTITUTION; AND MOTION TO** |
| | )**AMEND CAPTION; AND IN SUPPORT** |
| | )**OF MOTION TO REMAND** |

## I. INTRODUCTION

The underlying allegations in this case concern the intentional tort of false

imprisonment.  The issues before this Court concern whether the acts Plaintiff's

complaint alleges were performed by the Defendants, Timothy Burgess, Deborah Smith,

Steve Skrocki, Timothy Bleicher, and an unknown individual, were within the scope of

the each individual's employment.  The United States certified that the acts were

performed insofar as the facts it had available to it at the time of certification, within the

scope of employment of each named Defendant.  However, because the acts were

performed intentionally and, therefore, not within the scope of employment of the named

Defendants, Mr. Rosenbaum is entitled to bring and maintain this action against the

individuals, without substitution of the United States. Further, because there is no subject

matter jurisdiction, if this Court finds the certification to be in error, this Court must

remand this matter back to the state court.

## II. FACTS

Mark Rosenbaum was hired on or about April 23, 1984 as an Assistant United

States Attorney with the United States Attorney's Office for the District of Alaska.

Timothy Burgess was also an Assistant United States Attorney from, approximately 1988

until his appointment by President George W. Bush in 2001 as the United States

Attorney, for the District of Alaska. Deborah Smith also worked as an Assistant United

States Attorney in Anchorage, Alaska during the 1980's, but left for a number of years,

returning to Alaska following the appointment of Mr. Burgess as the U.S. Attorney.[1]

Steve Skrocki was hired as an Assistant United States Attorney in 1990.[2] Timothy

Bleicher is the supervisor for the Federal Protection Service in the Anchorage Federal

Building.[3] John Doe is also employed with that agency.[4]

During Mr. Rosenbaum's tenure with the United States Attorney's Office, he

received awards for his outstanding service and numerous commendations.[5] Mr. Burgess

---

[1] *See* Affidavit of Mark A. Rosenbaum, Exhibit 1 hereto.
[2] *Id.* at para. 8.
[3] *See* Complaint.
[4] *Id.*
[5] Affidavit of Mark Rosenbaum at para. 3.

2

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

(now a United States District Court Judge), Deborah Smith, and Steve Skrocki, each had developed a personal animus against Mr. Rosenbaum by early 2004.

Thus, Mr. Rosenbaum believes that although facts must yet be developed, given the early stage of these proceedings, the evidence will establish that Ms. Smith bore personal animus against Mr. Rosenbaum for an event that occurred in the mid 1980's, when Ms. Smith obtained a continuance on a Ninth Circuit briefing matter.[6]  As a result, Ms. Smith, when she returned to Alaska as Mr. Burgess' First Assistant United States Attorney, sought to destroy Mr. Rosenbaum.[7]  Similarly, Steve Skrocki also bore ill will toward Mr. Rosenbaum.[8]  The facts will also establish that Mr. Burgess became increasingly under the control of the animus directed against Mr. Rosenbaum by Ms. Smith and Mr. Skrocki.  Thus, Mr. Rosenbaum believes that the facts will establish that Messrs. Burgess and Skrocki, together with Ms. Smith, fueled by personal animus against Mr. Rosenbaum, determined to destroy Mr. Rosenbaum by falsely imprisoning him, in order to intimidate Mr. Rosenbaum, and to terrify and destroy him personally.

The allegations in the complaint assert that, on May 12, 2004, just after the United States Attorney's Office located in Anchorage, Alaska closed, for the day.   Mr. Burgess had Mr. Rosenbaum summoned into the United States Attorney's conference room in the Federal Building in Anchorage.[9]

---

[6] *See* Affidavit of Mark A. Rosenbaum at para. 5.
[7] *See* Affidavit of Mark A. Rosenbaum at para. 6
[8] *See* Affidavit of Mark A. Rosenbaum at para. 8.
[9] *See* Complaint at para. 4.

3

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

When Mr. Rosenbaum arrived in the conference room, the work day had ended at the United States Attorney's Office. Nonetheless, Mr. Burgess and Ms. Smith were awaiting Mr. Rosenbaum in the conference room. A few minutes later, Mr. Skrocki arrived in the conference room, along with two armed Federal Building security officers.[10] Mr. Rosenbaum was not free to leave, but was directed by Mr. Burgess to sit at the conference table.[11] Mr. Rosenbaum was then ordered by Mr. Burgess and Ms. Smith to accompany Mr. Skrocki and the Federal Building security officers, Tim Bleicher and an unknown individual. Mr. Rosenbaum was not free to leave, and fearing for his personal safety, accompanied and was escorted out of the conference room by Skrocki, Bleicher and the unknown Federal Building security officers to Mr. Rosenbaum's office. There, Mr. Rosenbaum was directed to turn over his credentials as an Assistant United States Attorney. He did so. Even though the work day had ended, Mr. Rosenbaum was not free to leave. Instead, Steve Skrocki gave Mr. Rosenbaum a cardboard box, directed him not to leave and gave him ten minutes to pack the box, while Skrocki, Bleicher, and the unknown Federal Building security officers guarded Mr. Rosenbaum and prevented him from leaving the room.[12]

After Mr. Rosenbaum had packed the box, Skrocki, Bleicher, and the unknown Federal Building security officers, continuing to confine Mr. Rosenbaum, directed him into the elevator, closed the door, and forced Mr. Rosenbaum to accompany them to the

[10] *See* Complaint at para. 5.
[11] *See* Complaint at para. 5.
[12] *See* Complaint at para. 7.

4

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

Federal Building garage. There, they escorted Mr. Rosenbaum to his vehicle. He was ordered to place his box in the vehicle, to get into the vehicle, and to leave the premises, and not to return.[13] Mr. Rosenbaum, under the continuing dominion and control of these Defendants, including their apparent willingness to use all force they deemed necessary, did as he was ordered. He entered his vehicle.

It is Mr. Rosenbaum's position that from the time he was detained in the conference room through the time he was released and left the Federal Building, he was under unlawful detention, that is, false imprisonment. The actors were Timothy Burgess, Deborah Smith, Steve Skrocki, Tim Bleicher and the unidentified Federal Building Police Officer.

### III. PROCEDURAL FACTS

Mr. Rosenbaum filed this action in the state Superior Court on May 11, 2006, just before the running of the statute of limitations under state law.[14]

On June 13, 2006, the Defendants filed a Notice of Removal, and included in the notice as Exhibit B, the certification of Phyllis J. Pyles. Ms. Pyles' certification states:

> I, Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, acting pursuant to the provisions of 28 U.S.C § 2679(d)(2), and by virtue of the authority vested in me by the Appendix to 28 C.F.R. § 15.3 (Civil Directive No. 90-79) hereby certify that I have reviewed the Complaint in the lawsuit filed by Plaintiff Mark Rosenbaum against Defendants in the Superior Court of the State of Alaska, captioned as Mark A. Rosenbaum v. Timothy A. Burgess, et al., Case No. 3AN-06-7069 Civil.

---

[13] *See* Complaint at para. 8.
[14] Alaska Stat. 09.10.07(a).

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

On the basis of the information now available to me with respect to the allegations in Plaintiff's Complaint, I certify that all of the Defendants including former U.S. Attorney Timothy M. Burgess, Former First Assistant U.S. Attorney Deborah M. Smith, Assistant U.S. Attorney Steve Skrocki, and Federal Protective Service officers Tim Bleicher and John Doe I, were acting within the scope of their respective employment as employees of the United States at the time of the conduct alleged in Plaintiff's Complaint.

The Certification is dated June 12, 2006.[15] Defendants assert that the Notice of Removal was brought pursuant to 28 U.S.C. §§ 1442 and 2679(d)(2).[16] The Defendants also filed a Notice of Substitution, pursuant to 28 U.S.C. § 2679(d)(2), and moved to amend the caption to substitute and name the United States as the proper party Defendant.[17] The parties stipulated that Plaintiff's opposition to the motion regarding the caption would be due on or before July 18.[18]

## IV. ARGUMENT

A. Summary of Argument.

Because false imprisonment of Mr. Rosenbaum was not within the scope of employment of any of the actors, but, rather, was a deliberate, intentional tort, the actors are subject to liability under state law. Mr. Rosenbaum is entitled to discovery and to an evidentiary hearing in order to establish that the Government's certification is in error. Because the certification is in error, and the acts were not performed in the scope of the actors' employment, this Court should deny the Government's motion to amend.

[15] *See* Exhibit B to Notice of Removal.
[16] *See* Notice of Removal.
[17] *See* Notice of Substitution, *etc.,* Clerk's Docket 4.
[18] *See* Non-Opposed Motion, Clerk's Docket 8.

6

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Because the Court lacks subject matter jurisdiction over this case, the Court should remand the case to the Superior Court for the State of Alaska.

### B.    The Certification is Reviewable

This case involves a lawsuit against Federal employees. "When a Federal employee is sued for a wrongful or negligent act, the Federal Employees' Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose .... 28 U.S.C. § 2879(d)(1)."[19] However, the Federal Tort Claims Act[20] immunizes the United States with respect to "any claim arising out of assault, battery, false imprisonment ...."[21] Thus, in cases such as this, in the event that the intentional tort exception to the F.T.C.A. is applicable, the United States itself is shielded from suit, and "[t]he plaintiff may be left without a tort action against any party."[22]  It is now, however, beyond dispute that the Attorney General's scope of employment certification is reviewable, as a matter of law.[23]

---

[19] *Guitierrez de Martinez v. Lamagno,* 515 U.S. 417, 115 S.Ct. 2227, 2229, 132 L.Ed. 2d 375 (1995).

[20] 28 U.S.C. §2674.

[21] 28 U.S.C. §2680(h).

[22] *Guitierrez de Martinez v. Lamagno,* 115 S.Ct. 2229.

[23] *Id.* at 115 S. Ct. 2237; *Arthur v. U.S. Beyond Through Veterans Admin.*, 45 F.3d 292, 296 (9th Cir. 1995); *Ross v. Bryan*, 309 F.3d 830, 835 (4th Cir. 2002); *Stokes v. Cross,* 327 F.3d 1210, 1215 (D.C., Cir. 2003); *Sullivan v. Shimp*, 324 F.3d 397, 2003 Fed. App. 0096 p (6th Cir. 2003); *Counts v. Guevara*, 328 F.3d 212 (5th Cir. 2003); *see also Haddon v. United States,* 68 F.3d 1420, 1422 (D.C. Cir., 1995) (*rehearing denied* 1996) (reversing certification and ordering remand to the District of Columbia Superior Court.)

7

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4221 FAX LINE (907) 277-4221

This much is clear:  Mr. Rosenbaum is entitled to this court's review of the Attorney General's scope of employment certification with respect to each of the named Defendants.  In the absence of review of the Certification:

> It would excite some surprise if, in a government of laws and of principle, furnished with a department whose appropriate duty it is to decide questions of right, not only between individuals, but between the government and individuals; a ministerial officer might, at his discretion, issue this powerful process … leaving to [the claimant] no remedy, no appeal to the laws of his country, if he should believe the claim to be unjust.  But this anomaly does not exist; this imputation cannot be cast on the legislature of the United States.  *United States v. Nourse,* 34 U.S. (9 Pet.) 8, 23-29, 9 L.Ed. 31(1835).[24]

C.    <u>Mr. Rosenbaum Seeks Review of the Scope of Employment Certification.</u>

The Westfall Act was enacted in response to the Supreme Court's decision in *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580 (1988).[25]  However, the immunity provided federal employees by the Act is limited "[t]o provide federal employees with immunity from suit for negligent acts taken within the scope of employment; but beyond that 'the United States may not be substituted as a defendant, and the individual employee remains liable.'"[26]  Thus, under the Westfall Act, "Congress was notably concerned with the significance of the scope – of – employment inquiry – that is, it wanted the employee's personal immunity to turn on that question alone."[27]

---

[24] *Cited and quoted in Martinez v. Lamagno,* 115 S.Ct. 2231.
[25] *Guitirrez de Martinez v. Lamagno,* 115 S.Ct. 2232; *Allstate Ins. Co. v. Quick,* 254 F. Supp. 706, 720 (S.D. Ohio 2002).
[26] H.R. 100-700 at 5, *reprinted* in 1988 U.S.C.C.A.N. at 5949 and *quoted* in *Allstate Ins. Co.,* 254 F. Supp. at 726.
[27] *Guitirrez de Martinez,* 115 S.Ct. at 2232.

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

Thus, the Court must examine the scope of employment, and that examination is to be made under state law.[28]

D.   The Actions of the Defendants Were Not in the Scope of Their Employment Under Alaska Law.

Alaska courts apply "'[a] flexible, multi-factored test' to determine whether an employee has acted in the scope of employment in a given case...."[29]  Alaska courts in applying the multi-factored test look to the relevant factors listed in Section 228 of the Restatement (Second) of Agency.[30]  According to the Restatement (Second) of Agency, § 228(2):

> The conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space or space limits, or too little actuated by purpose to serve the master.[31]

Under Alaska law, scope of employment is, "'A fact specific' requiring a case by case determination."[32]  Because Alaska has adopted a flexible, case by case analysis,

---

[28] *Haddon v. United States*, 68 F.3d, 1423; *Wilson v. Drake*, 87 F.3d 1073, 1075 (9th Cir. 1996) *citing Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 876 (9th Cir. 1992) (FTCA scope of employment determination may 'according to the principals of *respondeat superior* in the state in which the alleged tort occurred.'); *Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995); *Clamor v. United States*, 240 F.3d 1215, 1217 (9th Cir. 2001).

[29] *Domke v. Alyeska Pipeline Service Co., Inc.* _____ P.3d _____, Op No. S-10885 (Alaska 2006).

[30] *Id.*

[31] Restatement (Second) of Agency, § 228(2). Section 228 of the Restatement (Second) of Agency provides in full:
(1)  Conduct of servant is within the scope of the employment if, but only if:
(a)  It is of the kind he is employed to perform;
(b)  It occurs substantially within his authorized time and space limits;
(c)  It is actuated at least in part, by a purpose to serve the master; and
(d)  If force is intentionally used by the servant against another, the use of force is not unexpected by the master.

9

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

even where the facts are undisputed, a jury can draw conflicting inferences about whether

the conduct is within the scope of employment.[33]  In determining scope questions, the

Alaska courts will consider the factors set forth in Restatement (Second) of Agency, §

229 (1958).[34]  The Alaska courts will also consider evidence of an employee's

motivation, with the inquiry being whether or not the motivation was to benefit the

business of the employer.  Thus, "[i]mposing liability under a scope of employment

theory absent at least a partial purpose on the part of the employee to serve the employer

seems unjustified."[35]  Consequently, testimony from an employee that establishes that the

employee had no desire to benefit the employer's business in conducting an otherwise

---

[32] *Ondrusek v. Murphy,* 120 P.3d 1053, 1057 (Alaska 2005); *Luth v. Rogers and Babler Const. Co.,* 507 P.2d 761, 764-65 (Alaska 1973).

[33] *Luth,* 507 P.2d at 762.

[34] Restatement (Second) of Agency, § 229 (1958) states, in pertinent part, "(1) To be within the scope of the employment, conduct must be of the same general nature as that authorized or incidental to the conduct authorized.  (2) In determining whether or not the conduct, although not authorized is nonetheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters are to be considered:

(a) whether or not the act is one commonly done by such servants;

(b) the time, place and purpose of the act;

(c) the previous relations between the master and the servant;

(d) the extent to which the business of the master is apportioned between different servants;

(e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;

(f) whether or not the master has reason to expect that an act will be done;

(g) the similarity and quality of the act done to the act authorized;

(h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;

(i) the extent of departure from the normal method of accomplishing an authorized result; and

(j) whether or not the act is seriously criminal.

[35] *Veco, Inc. v. Rosebrook,* 970 P.2d 906, 924 n. 36 (Alaska 1999).

10

Memorandum of Points and Authorities.

Case No. 3AN-06-7869 CI

*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

authorized activity is relevant to determine that the employee was not acting within the scope of his employment.[36]

Here, it is Mr. Rosenbaum's position that the facts will establish that none of the attorney Defendants (Burgess, Smith, or Skrocki) was motivated by an interest in serving the United States, but rather, self-motivated by an intense dislike of Mr. Rosenbaum. Further, it is Mr. Rosenbaum's theory that the agents who escorted Mr. Rosenbaum under armed guard through the United States Attorney's Office to Mr. Rosenbaum's office, then took the elevator, then to the garage, and then to his vehicle, were not acting under orders, but also had significant animus against Mr. Rosenbaum.

The Alaska Supreme Court has also stated that the alleged act must be a "negligent act [that] occurred within the scope of the employee's employment."[37]   Thus, Alaska law does <u>not</u> immunize an employee for his own wrongful conduct, and does impose liability on the master for harm caused by the employee to others.  The underlying philosophical basis for doing so is the premise that innocent injured third parties should have a remedy.  As the Supreme Court has stated:

> 'Scope of employment' as a test  for application of *respondeat superior* would be insufficient if it failed to encompass a duty of every enterprise to the social community which gives it life and contributes to its prosperity ... The basis of *respondeat superior* has been correctly stated as 'the desire to include in the costs of operation inevitable losses to third persons incident to carrying on an enterprise, and thus distribute the burden among those benefited by the enterprise.[38]

---

[36] *Ondrusek v. Murphy,* 120 P.3d 1058.

[37] *Estate of Himsel v. State,* 36 P.2d 35, 41 (Alaska 2001); *Doe v. Samaritan Casualty Center, 791 P.2d 344 (Alaska 1990) (pscho-analyst sexual abuse of patient)*

[38] *Fruit v. Shreiner,* 502 P.2d 133, 140-41 (Alaska 1972).

11

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

E.    The Westfall Act Works Exactly Inverse to the Alaska Construct of Enterprise Liability.

Under the Westfall Act, a finding that the employee's acts were within the scope of employment means, in the context of this case, that Mr. Rosenbaum has no remedy. That result is exactly contrary to the philosophy underlying the scope of employment under Alaska law which is intended to <u>expand</u> the ability of the plaintiff to recover a remedy for his injuries. This is because the liability imposed "arises from the relationship of the enterprise to society.[39]

Thus, In *Doe v. Samaritan Counseling Center*[40] a case involving a psychotherapist's sexual abuse of a patient, the court determined the issue for jury consideration was whether the psychologist's act was motivated in part, to serve the employer.

In *Williams v. Alyeska Pipeline Service Co.,*[41] a bus driver was beaten by a group of union workers. Crucial in *Williams* was that the steward had no personal motive for his activities.[42] In contrast, each of the named defendants in this case had only a personal motive. In *Williams,* the shop steward who was an employee of Alyeska, did not create an enterprise liability for Alyeska Pipeline Service Company.[43] Mr. Rosenbaum is entitled to establish, under principles of Alaska law, that the false imprisonment in this case was not within the scope of employment of the State Court Defendants, and this

---

[39] *Fruit v. Shreiner,* 502 P.2d at 141.
[40] 791 P.2d 344
[41] 650 P.2d 343 (Alaska 1982).
[42] *Id.*
[43] *Id.* at 351.

12

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTER & MIKKO, P.C., A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4221 FAX LINE (907) 277-4221

issue is to be determined under Alaska Law. Alaska law requires a factual predicate to establish scope of employment, and that factual predicate is not established.

F.    Because the United States Attorney's scope of employment certification is not conclusive as the scope of employment issue, Mr. Rosenbaum is entitled to discovery and an evidentiary hearing.

The certification that a Federal employee was acting with the scope of his employment, "[d]oes not conclusively establish as correct the substitution of the United States as a defendant in place of the employee."[44]    To date, because the case has only recently been filed, there are few, if any, employment-related facts available to Mr. Rosenbaum. In the absence of any supporting facts, Mr. Rosenbaum cannot rebut, successfully, the scope of employment certificate. The facts that Mr. Rosenbaum has available are attached, and in addition, Mr. Rosenbaum files contemporaneously with this motion, a Rule 56(f) motion.

Mr. Rosenbaum is clearly "[a] plaintiff who has a basis for challenging the certification is entitled to a judicial review of it."[45]  As the Ninth Circuit has recently held, "[w]here disputed issues of fact exist relevant to immunity, summary judgment will not be appropriate until the district court has held an evidentiary hearing and resolved the dispute by formal findings."[46]  Here, the Complaint specifically avoids any allegation that any of the Defendants were acting in the course and scope of their employment

---

[44] *Guitierrez de Martinez*, 115 S.Ct. 2236.
[45] *Melo v. Haffer*, 13 F.3d 736, 741 (3rd Cir. 1994).
[46] *Arthur*, 45 F.3d 297.

13

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

responsibilities.[47]  In contrast, in *Arthur (supra, n.28)*, the complaint alleged that at all times mentioned in the complaint, the defendant doctor was acting within the course and scope of her employment.[48]  Nonetheless, the Ninth Circuit directed that a district court, in reviewing a certification question under the Westfall Act:

> "Must identify and resolve disputed issues of fact necessary to its decision before entering its order.  In doing so, it should hold such hearings as appropriate (including an evidentiary hearing if necessary) and make the findings necessary to bind the parties by its decision and enable them to appeal the certification question if they deem an appeal necessary."[49]

A similar procedure was followed in the Fourth Circuit in *Ross v. Bryan*.[50]  There, the plaintiff challenged the scope of the employment certification and requested the court to deny the certification.  The court permitted the plaintiff to conduct limited discovery pertaining to the issue of scope of employment and to depose the defendant.  The United States Court of Appeals for the District of Columbia Circuit has also noted that "the District Court may permit limited discovery and hold evidentiary hearings to resolve material factual disputes regarding the scope of the defendant's employment."[51]  The plaintiff challenging the certification bears the burden of coming forward with specific facts rebutting the certification.[52]  Where the burden rests on the plaintiff to come

---

[47] *See* Complaint.
[48] *Arthur* 45 F.3d at 296.
[49] *Id.* at 296.
[50] 309 F.3d 830, 833 (4th Cir. 2002)
[51] *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003).
[52] *Stokes*, 327 F.3d at 1214, quoting *Lawson v. United States*, 103 F.3d 596 (8th Cir. 1996) and citing *Singleton v. United States*, 277 F.3d 864, 870-871 (6th Cir. 2002); *Ross*

14

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4221 FAX LINE (907) 277-4221

forward with specific facts, and because plaintiff cannot discharge his burden without some opportunity for discovery, District Courts permit limited discovery and hold evidentiary hearings to resolve the material factual disputes regarding the scope of the employment.[53] Mr. Rosenbaum has "alleged sufficient facts that, taken as true, would establish that the defendants' action exceed the scope of their employment."[54] He is therefore entitled to conduct limited discovery.

In *Stokes*, the Circuit Court looked to the Restatement (Second) of Agency Section 228, in accordance with the District of Columbia law.[55] There, the issue concerned a defamation action, where the federal employee alleged that his co-workers failed to investigate alleged misconduct by an employee and destroyed and ignored critical evidence in their investigation. Plaintiff asserted that the failure to investigate the alleged misconduct and the destruction and ignoring of critical evidence in their investigation were outside the scope of their employment as uniformed police branch officers of the United States Government Printing Office.[56] The Court found sufficient grounds to order discovery.

Here, Mr. Rosenbaum alleges that he was falsely imprisoned because the federal employees bore personal animus against him. He alleges that the false imprisonment was outside the scope of employment for precisely that reason. In his affidavit, Mr.

---

v. *Bryan,* 309 F.3d 830, 833-834 (4th Cir. 2002); *McLachlan v. Bell*, 261 F.3d 908, 909-911 (9th Cir. 2001).

[53] See *Stokes*, 327 F.3d at 1214.

[54] See *Id.*

[55] *Id. accord, Haddon v. United States,* 68 F.3d , 1423-1424.

[56] *Stokes*, 327 F.3d 1212.

15

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4221 FAX LINE (907) 277-4221

Rosenbaum establishes his long meritorious government service, and further alleges that the defendants in this case manufactured evidence and false statements in order to ruin Mr. Rosenbaum, and that the false imprisonment was motivated solely by the ill will of the defendants against him. Because he had a superior employment performance history, the Defendants sought to terrorize him in order to destroy him.[57] These facts, taken as true, would establish that the defendants' actions exceeded the scope of their employment. Mr. Rosenbaum is not required to establish the evidence he anticipates nor to allege the existence of evidence he might obtain through discovery. [58]   Rather, he is only required to provide sufficient facts that, if true, would rebut the certification. Mr. Rosenbaum has met that burden.

## V.  CONCLUSION

For the foregoing reasons, this court should deny the certification of scope of employment and the motion to amend, conduct an evidentiary hearing after permitting Mr. Rosenbaum to conduct discovery, and as will be established through the course of discovery, and remand this case to the State Court.

---

[57] *See* **Affidavit of Mark Rosenbaum**, attached hereto as an Exhibit to the Rule 56(f) Motion.

[58] *See Stokes,* 327 F.3d at 1316.

16

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Respectfully submitted this 14th day of July, 2006, in Anchorage, Alaska.

SAMUEL J. FORTIER
Attorney for Plaintiff

s/Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone No: (907) 277-4222
Facsimile: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14th, 2006,
a true and accurate copy of the foregoing
was served electronically on:

Gary M. Guarino
Assistant Attorney General
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567

s/Samuel J. Fortier

17

Memorandum of Points and Authorities.
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221