SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM,<br><br>                Plaintiff,<br>v.<br><br>TIMOTHY A. BURGESS, DEBORAH M. SMITH, STEVE SKROCKI, TIM BLEICHER, and JOHN DOE I,<br><br>                Defendants. | Case No. 3:06-cv-144 RJB<br><br>AFFIDAVIT OF MARK A. ROSENBAUM |
| STATE OF ALASKA<br>THIRD JUDICIAL DISTRICT | ss. |

MARK A ROSENBAUM, deposes and states as follows:

1. All statements made herein are based upon my own personal knowledge.

2. I was employed by the U.S. Attorney's Office, District of Alaska, from April 23, 1984 to September 30, 2004, when I was compelled to take early retirement.

3. During the course of my employment with the U.S. Attorneys Office, I had a superior employment record. I received each and every available pay increase from 1984 to 1989, when I reached the top of the pay scale for an Assistant U.S. Attorney.

Exhibit 1
Page 1 of 3
FORTIER & MIKKO

During the course of my employment, I received commendations from the Drug Enforcement Administration, the Internal Revenue Service, the U.S. Customs Service, the Immigration and Naturalization Services, the Federal Bureau of Investigation, and the Anchorage Police Department, amongst others.

4. I was responsible for many of the complex multi-party drug related cases handled by the U.S. Attorneys Office from 1990 to 2001, during which time I was the Organized Crime Drug Enforcement Task Coordinator for over eight years.

5. I know Deborah Smith. While working with Deborah Smith at the U.S. Attorney's Office, it came to my attention that she had filed an Affidavit with the Ninth Circuit seeking an extension of time. The affidavit was materially false. I brought this matter to the attention of the U.S. Attorney. Ms. Smith thereafter left the Anchorage Office to work for the Department of Justice in several other cities. During this period, she participated in some high profile prosecutions, including that of the Reverend Jim Baker, in Northern Carolina.

6. Ms. Smith returned to Anchorage following Timothy Burgess' elevation to U.S. Attorney in 2001. Ms. Smith displayed an obvious personal animus against me, which I believe, at least in part, arose out of the incident involving the false Ninth Circuit affidavit.

7. Timothy Burgess began to display an enormous amount of personal animosity against me following Deborah Smith's return, even though one of his first acts in office was to confer a $3,000 cash award on me. Between 2002 and 2004, there were a number of occasions when he demonstrated clearly unneccesary hostility against me.

Affidavit of Mark A. Rosenbaum                    2
Case No. 3:06-cv-144-RJB
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*



Exhibit 1
Page 2 of 3
FORTIER & MIKKO

8. Steve Skrocki, who became an Assistant United States Attorney between 1990 and 1992, rarely tried a case by himself, also developed and demonstrated an intense personal dislike for me. Because his conduct cannot be rationally explained in any other way, I can only conclude that it is based upon the fact that I am Jewish and he has a bias against people who are not Christians like himself. Again, this is unrelated to office or work related activities.

9. I believe that the facts will establish each of the individuals involved in the meeting who detained me, escorted me to my office, then to the elevator and thence to my vehicle in the garage did so without any rational or factual basis and out of total personal animus, without any honest motivation with respect to their employment.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

/s/ Mark A. Rosenbaum

SUBSCRIBED AND SWORN to before me this 14th day of July 2006.

/s/ Dagmar C. Mikko
Notary Public in and for the State of Alaska
My commission expires: 3/10/2007

**CERTIFICATE OF SERVICE**
I hereby certify that on July 14, 2006,
a true and accurate copy of the foregoing
was served electronically on:
Gary M. Guarino, Assistant Attorney General
222 West 7th Avenue, #9, Rm. 253, Anchorage, AK 99513-7567

/ s / Samuel J. Fortier

Affidavit of Mark A. Rosenbaum          3
Case No. 3:06-cv-144-RJB
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

Exhibit 1
Page 3 of 3
FORTIER & MIKKO

8. Steve Skrocki, who became an Assistant United States Attorney between 1990 and 1992, rarely tried a case by himself, also developed and demonstrated an intense personal dislike for me. Because his conduct cannot be rationally explained in any other way, I can only conclude that it is based upon the fact that I am Jewish and he has a bias against people who are not Christians like himself. Again, this is unrelated to office or work related activities.

9. I believe that the facts will establish each of the individuals involved in the meeting who detained me, escorted me to my office, then to the elevator and thence to my vehicle in the garage did so without any rational or factual basis and out of total personal animus, without any honest motivation with respect to their employment.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Mark A. Rosenbaum

SUBSCRIBED AND SWORN to before me this 14th day of July 2006.

_____
Notary Public in and for the State of Alaska
My commission expires: 3-10-07

**CERTIFICATE OF SERVICE**
I hereby certify that on July 14, 2006,
a true and accurate copy of the foregoing
was served electronically on:
Gary M. Guarino, Assistant Attorney General
222 West 7th Avenue, #9, Rm. 253, Anchorage, AK 99513-7567

/s/ Samuel J. Fortier

Affidavit of Mark A. Rosenbaum
Case No. 3:06-cv-144-RJB
Mark A. Rosenbaum v. Timothy A. Burgess, et. al.

3

Exhibit 1
Page 3 of 3
FORTIER & MIKKO