SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMOTHY A. BURGESS, DEBORAH ) <br> M. SMITH, STEVE SKROCKI, TIM ) <br> BLEICHER, and JOHN DOE I, ) <br> ) <br> Defendants. ) <br> _____ ) | <br><br><br><br><br><br><br><br><br><br><br>3:06-cv-00144-RJB |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **Introduction**

    Mr. Rosenbaum filed a state court action alleging false imprisonment against five federal employees, but in their personal capacities. The United States Attorneys' Office removed the case under the Westfall Act[1] and filed a scope of employment certification. Mr. Rosenbaum has concurrently filed an opposition to the Government's Motion regarding the certification, as well as an opposition the Government's Motion to Amend Caption to reflect the Government's assertion of substitution. Plaintiff seeks limited

---

[1] 28 U.S.C. § 2679(d)(1).

discovery in order to oppose the Government's scope of employment certification, which if ultimately granted, will result in a complete dismissal of Mr. Rosenbaum's state court case.

**Argument**

Mr. Rosenbaum has not had sufficient time in which to conduct discovery, even limited discovery, with respect to the Government's scope of employment certification. As explained in Mr. Rosenbaum's opposition papers filed contemporaneously herewith, in order to successfully oppose the scope of employment certification, Mr. Rosenbaum must conduct some limited discovery. Specifically, Mr. Rosenbaum believes there are genuine issues of material fact, with respect to whether or not the conduct complained of in his complaint falls within any of the Defendants' scope of employment. Under Alaska law, the issue of scope of employment is determined on a case by case basis and is factually determinable. Because Mr. Rosenbaum has no basis to understand the Government's scope of employment certification, he is unable to set forth all of the facts and circumstances to successfully oppose the certification. As Mr. Rosenbaum establishes in his companion pleadings, he is entitled to attack the scope of employment certification.[2]

Further, as explained in the companion briefing, the Government's scope of employment certification, because it constitutes prima facie evidence that the employees were acting within the scope of their employment under the Westfall Act, will result in the dismissal of Plaintiff's state court complaint, now removed, in the event he is not able

---

[2] *Martinez v. Almango,* 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).

Memorandum Of Points And Authorities          Page 2 of 5
*Rosenbaum v. Burgess, et al.,* Case No. 3:06-cv-00144-RJB

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

to carry his burden of rebutting the scope of employment certification. Thus, the scope of employment certification is, for all intent and purpose, a motion for summary judgment based upon a single declaration.[3]

Under Ninth Circuit law, although an early filing of a summary judgment motion is permissible, where a summary judgment "is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."[4] Indeed, the Ninth Circuit has stated that although a Rule 56(f) Order is discretionary, that the rule requires, rather than merely permits, "discovery where the 'non-moving party has not had the opportunity to discover information that is essential to its opposition.'"[5]

In *Burlington Northern*, the Ninth Circuit held that, with respect to information solely in the possession of the Tribe, a Rule 56(f) motion would be denied, and such denial was not an abuse of discretion. However, with respect to information that is in the hands of the movant, the non-movant could not show a genuine issue of material fact with respect to threats facing them without some discovery on the nature of the threat facing them prior to the summary judgment determination.[6]

Similarly, here, Mr. Rosenbaum knows what happened to him on May 12, 2004, as specifically pleaded in his complaint. However, Mr. Rosenbaum has no information

---

[3] *Martinez*, 115 S.Ct at 2234.
[4] *Burlington Northern Santa Fe R. R.. Co. v. Assiniboine & Sioux Tribes of Ft. Peck Reservation*, 323 F.3d 767, 773 (9th Circuit 2003).
[5] *Metabolife Int'l Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986).
[6] *Id.*

concerning any memoranda, communication or other material that would give rise to the draconian method in which he was falsely imprisoned for a period exceeding an hour after the U.S. Attorney's Office had closed and prior to his being released without credentials. Here, Mr. Rosenbaum cannot show that the false imprisonment was not within the scope of employment of Mr. Burgess, Ms. Smith, Mr. Skrocki, Mr. Bleicher, or John Doe without some discovery regarding the scope of employment certification. Specifically, Mr. Rosenbaum requests permission to conduct some limited discovery, including depositions, to determine the underlying basis for the scope of employment certificate.

A 56(f) application is generally favored where the party opposing makes "(a) a timely application, which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists."[7] Here, there is no legal basis of which Mr. Rosenbaum is aware that permits a U.S. Attorney to order an Assistant U.S. Attorney to be held under guard without explanation, based upon innuendo and outside any established policy. Because the Government works under policies and procedures, there is some basis for believing that the information sought actually exists, and such information would include memoranda and recorded conversations between the participants to the events that occurred and are the subject of the State Court complaint prior to, as well as after those events occurred. Mr. Rosenbaum believes that such communications would include admissions that the parties undertaking

---

[7] *Burlington Northern Santa Fe R.R. Co.*, 323 F.3d 774-775, *citing and quoting Visa Int'l Serv. Assn. v. Bank Cardholders of AM*, 784 F.2d 1472, 1475 (9th Cir. 1986).

the wrongful and false imprisonment acknowledge their animus, devoid of a business motive, that underlay the false imprisonment.[8]

**Conclusion**

Mr. Rosenbaum is entitled to a Rule 56(f) continuance to allow him to pursue limited discovery with respect to the scope of employment claims asserted by the Government with respect to Messrs. Burgess, Skrocki, Bleicher, or John Doe (including, but not limited to his identity) and Ms. Smith.

RESPECTFULLY SUBMITTED this 14th day of July, 2006, at Anchorage, Alaska.

SAMUEL J. FORTIER
Attorney for Plaintiff

/s/ Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone No: (907) 277-4222
Facsimile: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2006,
a true and accurate copy of the foregoing
was served on:

Gary M. Guarino
Assistant Attorney General
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567

/s/ Samuel J. Fortier

---

[8] *See,* Affidavit of Mark A. Rosenbaum, attached.

Memorandum Of Points And Authorities     Page 5 of 5
*Rosenbaum v. Burgess, et al.,* Case No. 3:06-cv-00144-RJB