JOHN McKAY
United States Attorney
Western District of Washington

REBECCA S. COHEN
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK ROSENBAUM,<br><br>  Plaintiff,<br><br>v.<br><br>TIMOTHY A. BURGESS; DEBORAH M. SMITH; STEVE SKROCKI; TIM BLEICHER; and John Does I,<br><br>  Defendants. | Case No. 3:06-cv-00144-RJB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED DISCOVERY** |

I. Introduction

This case was brought by a former Assistant United States Attorney against various employees and former employees of the United States Attorney's Office for the District of Alaska and of the Federal Protective Services.[1] Pursuant to 28 U.S.C. §

---

[1] At the time of the events underlying this action, defendant Burgess, now a United States District Court Judge in the District of Alaska, was the U.S. Attorney for the District of

1679(d)(2) and the certification filed by the United States on June 13, 2006, the United States has been deemed to be the sole party defendant in this action.

In order to circumvent an application of the Federal Tort Claims Act, which would result in the dismissal of plaintiff's claims, and to hold the defendants individually liable for their alleged actions, plaintiff seeks to establish that the defendants were acting out of a personal animus towards him, not within the scope of their employment. In an attempt to prove this claim, plaintiff seeks discovery, including depositions of each of the individual defendants, requests for production of documents, and depositions of numerous other employees of the U.S. Attorney's Office for the District of Alaska and the Executive Office for United States Attorneys in Washington D.C. *See* footnote 9, *infra*. Defendants expressly deny that any of their actions were based on a personal animus directed towards plaintiff. However, even if the defendants were acting out of a personal animus, no discovery is warranted because they were still within the scope of their employment. Under these circumstances, discovery would serve no purpose, and the United States therefore respectfully requests the Court to deny plaintiff's Motion.

## II. Factual Background

Plaintiff Mark A. Rosenbaum ("plaintiff") is a former employee of the United States Attorney's Office for the District of Alaska. Rosenbaum Affidavit ¶ 2 (Dkt. No. 12-4). On May 11, 2006, plaintiff filed a Complaint against defendants Timothy A. Burgess, Deborah M. Smith, Steve Skrocki, Tim Bleicher, and John Doe 1 in the Superior Court for the State of Alaska, Third Judicial District. *See* Complaint (Dkt. No. 1-2).

In his Complaint, plaintiff alleges that on or about May 12, 2004, he was unlawfully imprisoned by the defendants at the U.S. Attorney's Office in Anchorage.

---

Alaska; defendant Smith was the First Assistant at the U.S. Attorney's Office for the District of Alaska; defendant Skrocki was an Assistant United States Attorney; and defendant Bleicher was a supervisory officer with the Federal Protective Services ("FPS"). Pyles Affidavit (Dkt. No. 1-3); Plaintiff's Memorandum in Support of Opposition to Scope Certification, at 2 (Dkt. No. 13-2). In addition, defendant Skrocki was (and is) the district office security manager.

Complaint ¶¶ 4-9. Plaintiff alleges that after being summoned by the U.S. Attorney to a meeting that occurred in a conference room at the U.S. Attorney's Office,[2] he was "escorted by Defendant Steven Skrocki, Defendant Bleicher and Defendant John Doe I to his office, where those defendants provided Plaintiff with a cardboard box, ordered Plaintiff not to leave, and gave Plaintiff 10 minutes to pack the box, while Defendants guarded Plaintiff and prevented him from leaving the room." Complaint ¶ 8 (Dkt. No. 1-2).

At the meeting where plaintiff alleges the unlawful imprisonment began, plaintiff was informed that due to concerns about security, his performance, and his behavior, he was being placed on a temporary assignment in which he was instructed to work from home. He also was directed to turn over his credentials as an Assistant United States Attorney. *See* Plaintiff's Memorandum in Support of Opposition to Scope Certification, at 5 (Dkt. No. 13-2). In the letter[3] he received from the United States Attorney at this meeting, plaintiff was "advised that as of May 13, 2004, you will be placed on a work-at-home schedule where you will continue with your full-time work duties. Until further notice, your official duty station will be your home . . . ." The letter went on to explain as follows:

> Your access to the United States Attorney's Office for the
> District of Alaska is suspended during this time period.
> Accordingly, today you will surrender your access card, key
> to your office, and car sticker that provides access to the
> garage. Your access code will be cancelled effective the close
> of business May 12, 2004. Thus, you are not authorized to
> enter the office without an escort during this time period. If
> you require access to the office for any reason, you must
> request permission from Ms. Tucker in advance and, if

---

[2] The meeting was attended by plaintiff, Judge Burgess, and defendant Smith.

[3] A copy of the letter dated May 12, 2004 is attached hereto as Exhibit A. In order to protect plaintiff's privacy, his home address has been redacted from the document.

approved, an escort will be provided for you.

The United States removed the case to this Court pursuant to 28 U.S.C. § 2679(d), on June 13, 2006, because the defendants were acting within the scope of their office or employment at all times relevant to plaintiff's allegations. *See* Notice of Removal (Dkt. No. 1-1). In addition, the United States filed a Certification from Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, that stated as follows:

> On the basis of the information now available to me with respect to the allegations in Plaintiff's Complaint, I certify that all of the Defendants including former U.S. Attorney Timothy M. Burgess, former First Assistant U.S. Attorney Deborah M. Smith, Assistant U.S. Attorney Steve Skrocki, and Federal Protective Service officers Tim Bleicher and John Doe I, were acting within the scope of their respective employment as employees of the United States at the time of the conduct alleged in Plaintiff's Complaint.

Pyles Certification (Dkt. No. 1-3). Accordingly, pursuant to 28 U.S.C. § 2679(d)(2), this case was "deemed an action against the United States . . . and the United States shall be substituted as the party defendant."[4] In response to the Pyles Certification, plaintiff has alleged that the individual defendants were not acting within the scope of their employment, and has requested discovery into the issue of scope. For the reasons explained herein, the United States opposes that request.

### III. Argument and Authority

A. The Relevant Statutory Scheme and Procedural Framework.

The Federal Tort Claims Act ("FTCA") prohibits tort actions against individual

---

[4] Also on June 13, 2006, the United States filed a Notice of Substitution, as well as a motion asking the Court to amend the caption of this case to substitute the United States as the sole party defendant in place of the individually named defendants. *See* Dkt. No. 4-1. That motion remains pending to allow the Court to first respond to plaintiff's Motion for Limited Discovery. *See* Dkt. Nos. 17-1 and 17-2.

employees of the United States for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of [the] employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b). In such cases, the plaintiff's sole remedy is to pursue recovery from the United States. *Id*. Where a suit is instituted against an employee of the United States under these circumstances, and upon certification by the Attorney General or his delegee that the employee was acting within the scope of his employment, the action "shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2) (emphasis added); *see also Meridian International Logistics, Inc. v. United States*, 939 F.2d 740 (9th Cir. 1991) (the "Act mandates both the substitution of the United States as the defendant, and, if initiated in state court, the removal of the action to the United States District Court."); *SJ&W Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990) ("the United States is substituted as an automatic consequence of the Attorney General's certification."); *Robinson v. Marano*, 79 F. Supp.2d 96, 97 (N.D.N.Y. 2000) ("The substitution of the United States as the defendant is an *automatic consequence* of the U.S. Attorney's (acting through as Assistant United States Attorney and on behalf of the Attorney General) certification."). "The Attorney General's decision regarding scope of employment certification is conclusive unless challenged." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993).

After a scope certification has been filed and the United States has been substituted as defendant, the "plaintiff may challenge the Attorney General's scope of employment certification in the district court." *Green*, 8 F.3d at 698; *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995). When this type of challenge is made, *"the party seeking review bears the burden* of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green*, 8 F.3d at 698 (emphasis added). "In determining whether a United

States employee acted within the scope of his or her office . . . the Court appl[ies] the respondeat superior principles of the state in which the tort occurred. . ." *Green*, 8 F.3d at 698-99. "The Westfall Act, in conjunction with the FTCA, makes clear that a plaintiff seeking relief against a federal employee is not entitled to a jury trial on the scope of employment issue, even if the relevant state law would provide a jury trial." *Gutierrez de Martinez v. Drug Enforcement Agency*, 111 F.3d 1148, 1153 (4th Cir. 1997).

    B.  <u>Plaintiff is Not Entitled To Discovery on the Scope Issue</u>.

In cases such as this, district courts are empowered to order limited discovery into the issue of scope of employment, but only where certain requirements are satisfied. "In order for discovery of immunity-related facts to be warranted, the plaintiff must indicate what sort of facts he or she hopes to discover that would create a material factual dispute and could support a viable theory that the individual defendant was acting outside the scope of employment." *Davric Maine Corporation v. United States Postal Service*, 238 F.3d 58, 68 (1st Cir. 2001). "Only if the district court concludes that there is a genuine issue of fact material to the scope-of employment issue should the federal employee be burdened with discovery and an evidentiary hearing." *Gutierrez de Martinez*, 111 F.3d at 1155; *see also Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (to obtain discovery, the plaintiff must "have alleged sufficient facts that, taken as true, would establish that the defendants' actions exceeded the scope of their employment.").

Here, by seeking discovery into the motive for defendants' actions, plaintiff seeks to establish that they exceeded the scope of their employment by acting out of personal animus, an allegation that defendants sharply dispute. *See* Plaintiff's Memorandum in Support of Motion for Limited Discovery, at 4-5 (Dkt. No. 12-3). Plaintiff so explained in his Affidavit:

> I believe that the facts will establish each of the individuals involved in the meeting who detained me, escorted me to my office, then to the elevator and thence to my vehicle in the garage did so without any rational or factual basis and out of

>total personal animus, without any honest motivation with respect to their employment.

Affidavit of Mark A. Rosenbaum ¶ 3 (Dkt. No. 12-4).  Plaintiff's Motion for Limited Discovery should be denied because this factual allegation, even if taken as true for the purposes of the Motion, would not establish that the individual defendants acted beyond the scope of their employment.  Thus, the requirement set forth in *Gutierrez de Martinez* is not met because there is "no genuine issue of fact material to the scope of employment issue."

>1.  <u>Under Alaska law, there is no genuine issue of material fact as to whether the individual defendants were acting within the scope of their employment</u>.

As explained above, whether the individual defendants were acting within the scope of their employment is governed by law of the state in which the alleged tort occurred, in this case the law of Alaska.  *Green*, 8 F.3d at 698-99.  Notably, "Alaska views scope of employment liberally."  *U.S. v. Cheely*, 814 F. Supp. 1430, 1443 n. 14 (D. Alaska 1992).  The Supreme Court of Alaska follows the Restatement (Second) of Agency's provision regarding scope of employment, found in Section 228, which reads as follows:

>(1) Conduct of a servant is within the scope of employment if, but only if: (a) it is the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

*Taranto* v. *North Slope Burough*, 909 P.2d 354, 358 (Alaska 1996); Restatement (Second) of Agency § 228.  The party seeking to establish scope does not need to satisfy each of the factors in Section 228 for an employee to have acted in the scope of his or her employment.  Instead, "the Second Restatement's factors are relevant considerations but are not determinative of the respondeat superior analysis."  *Taranto*, 909 P.2d at 359.

In the case before this Court, an examination of the four relevant factors leads to the conclusion that the individual defendants were acting within the scope of their employment. First, the alleged conduct by the individual defendants was "the kind [they] were] employed to perform." There is no dispute that the actions taken by then-U.S. Attorney Burgess and then-First Assistant Smith were related to personnel decisions concerning the terms and conditions of plaintiff's employment. Such personnel decisions, and the corresponding actions that stemmed from them, are the kind of activities performed by the top two officials in the Office of the United States Attorney.[5] Similarly, ensuring that plaintiff was not allowed free access to the office and escorting him from the building are the kind of activities performed by a district office security manager and a Federal Protective Service officer.[6] Thus, it is clear from both the title of their positions and their responsibility to the U.S. Attorney's Office that the actions taken by each of the individual defendants were of the "kind he [or she] is employed to perform."

Second, the alleged conduct was "substantially within the authorized time and space limits," as it occurred late in the afternoon at the Office of the U.S. Attorney. As indicated by the word "substantially," it makes no difference that the office may have been closed to the public at the time. In *Doe v. Samaritan Counseling Center*, 791 P.2d 344 (Alaska 1990), a case with facts much more egregious than what is alleged here, the Court held that even though the alleged tortious behavior (sexual acts by a therapist with his patient) occurred roughly one month after counseling ended and away from the

---

[5] *See* website of the United States Department of Justice, available at http://www.usdoj.gov/usao/index.html ("Each United States Attorney exercises wide discretion in the use of his/her resources to further the priorities of the local jurisdictions and needs of their communities. ***United States Attorneys have been delegated full authority and control in the areas of personnel management***, financial management, and procurement.") (emphasis added).

[6] *See* website of the General Services Administration ("GSA"), available at http://www.gsa.gov ("The Federal Protective Service (FPS) delivers integrated security and law enforcement services to all federal buildings . . .").

Rosenbaum v. Burgess, et al.
Case No. 3:06-cv-00144-RJB            8

employer's premises, a "trier of fact might reasonably conclude. . . that it was not 'too far' removed from authorized time and space limits." *Samaritan Counseling Center*, 791 P.2d at 349.

Third, although motivation to serve the employer is a relevant element to establish scope, "where tortious conduct arises out of and is reasonably incidental to the employee's legitimate work activities, the 'motivation to serve' test will have been established." *Samaritan Counseling Center*, 791 P.2d at 348; *see also Laidlaw Transit, Inc. v. Crouse*, 53P.3d 1093, 1099 (Alaska 2002).[7] As discussed with respect to the first element above, the alleged actions of the defendants arose out of and were "reasonably incidental to the employee's legitimate work activities." Judge Burgess and Smith, the U.S. Attorney and First Assistant U.S. Attorney at the time, were engaging in disciplinary and personnel-related functions that are encompassed in their roles as the leading officials at the U.S. Attorney's Office. Skrocki and Bleicher, on the other hand, were conducting safety/escort services, which are part and parcel of their duties as the district office security manager and FPS officer.

The *Doe v. Samaritan Counseling* decision demonstrates that the "motivation to serve" test has been satisfied here. After analyzing particularly egregious facts, the *Samaritan* Court recognized that the therapist may not have had a desire to benefit his employer when engaging in a sexual relationship with his patient, but held that "it could reasonably be concluded that the resulting sexual conduct was 'incidental' to therapy." *Samaritan Counseling Center*, 791 P.2d at 348. Accordingly, the Court reversed the trial

---

[7] The Supreme Court of Alaska has clarified this standard to mean that the employee must have acted, at least in part, to serve the employer. *See Laidlaw Transit*, 53 P.3d at 1099 n. 15 (explaining *VECO, Inc. v. Rosebrook*, 970 P.2d 906, 924 n.36 (Alaska 1999)). As the Court made clear in *Laidlaw Transit*, however, it still remains the case that "'where tortious conduct arises out of and is reasonably incidental to the employee's legitimate work activities, the 'motivation to serve' test will have been satisfied.'" *Laidlaw Transit*, 53 P.3d at 1099.

judge's finding that the therapist was not acting in the scope of his employment, and found that there was evidence to support plaintiff's *respondeat superior* claim. Because the alleged conduct of the individual defendants in this case also was "incidental to" their job duties, the same logic applies here.

The fourth element in the Restatement, which is not relevant in this case, reads as follows: "if force is intentionally used by the servant against another, the use of force is not unexpectable by the master." This factor does not pertain here, as plaintiff's Complaint does not allege that physical force was used. In any event, even if there was an allegation of physical force, the actions allegedly taken by the individual defendants were the "kind [they were] employed to perform," and therefore could not have been "unexpectable by the master."

      2.  <u>There is no support for plaintiff's contention that the individual defendants exceeded the scope of their authority due to an "intentional tort."</u>

Moreover, the law in Alaska does not support plaintiff's suggestion that the defendants' actions were outside the scope of their employment solely because they allegedly committed *intentional* torts. As the Supreme Court of Alaska explained in *Taranto*, under Alaska law, "an employer will be held liable for both negligent and **intentional** torts of its employee, if the employee 'is acting in the scope of his employment.'" *Taranto*, 909 P.2d at 358 (emphasis added); *see also Williams v. Alyeska Pipeline Service Co.*, 650 P.2d 343, 349 (Alaska 1982) ("A master is liable for the torts of a servant committed while the servant is acting in the scope of his employment. This liability covers both negligent and intentional torts.") (internal citations omitted).

      3.  <u>Overall Analysis</u>.

Applying all of these principles to the instant case, the individual defendants were acting within the scope of their employment *even if plaintiff could prove that they also had animus towards him*. Although the United States' research did not uncover any Alaska decisions that are exactly on point with respect to the issue of animus, FTCA case

law from other jurisdictions demonstrates that personal animus should not alter the scope of employment analysis.  In *Maron v. United States*, 126 F.3d 317 (4th Cir. 1997), the plaintiff, a physician employed by the National Institutes of Health ("NIH"), brought various tort claims against five of his NIH coworkers.  The United States filed a scope certification, which was subsequently challenged by the plaintiff, who argued that because the individual defendants were acting out of personal animus, they were not within the scope of their employment.  While rejecting the scope challenge and finding that the individual defendants had acted within the scope of their employment, the Fourth Circuit explained: "Even if the defendants harbored ill will for Maron, we will not look at that ill will alone, but must look at the alleged acts and the doctor's duties at the NIH in making the decision about whether they were acting within the scope of employment."  *Maron*, 126 F.3d 317.

Likewise, in *Martinek v. United States*, 254 F. Supp.2d 777 (S.D. Ohio 2003), the plaintiff, a radiologist who formerly served at an Air Force medical facility, brought an action against his former Air Force supervisors.  The claims stemmed from disciplinary actions that had been instituted by the supervisors against plaintiff.  The plaintiff challenged the United States' scope certification, arguing that the individual defendants had been acting out of animus, and were therefore outside the scope of their employment.  Applying Ohio law on scope,[8] the Court rejected plaintiff's argument and held that the substitution of the United States as the sole party defendant was proper:

> Even accepting that Colonel Voss had a strong personal dislike for Major Martinek and was looking for an excuse to reprimand him, none of Major Martinek's allegations sever Colonel Voss' employment relationship with the United States Air Force.  Rather, Colonel Voss' alleged conduct, even assuming that it contravened Air Force regulations and

---

[8]  In making scope determinations, Ohio courts also examine the factors set forth in Section 228 of the Restatement.  *See, e.g., Martinek*, 254 F. Supp.2d at 783.

>was motivated (at least in part) by animosity, was taken
>within the scope of his supervisory relationship with Major
>Martinek . . . Accordingly, the Court concludes that Colonel
>Voss acted within the scope of his employment. The
>substitution of the United States for Colonel Voss was,
>therefore, appropriate.

*Martinek*, 254 F.Supp. 2d, at 787.

Like the defendants in *Maron* and *Martinek*, the defendants in this case were performing duties that arise out of and are reasonably related to and part of their legitimate work activities. No discovery is needed to demonstrate that this is the case. Consequently, even if the individual defendants acted out of personal animus towards plaintiff (which they were not), they were still acting within the scope of their employment, and no discovery is warranted.[9]  *See, e.g., Koch v. United* States, 209 F. Supp.2d 89, 93 ("the Court finds that even accepting *arguendo* plaintiff Koch's unsupported factual allegations, it is clear that [defendant] was acting within the scope of his employment. No discovery or evidentiary hearing on this matter is necessary, so

---

[9] If the Court disagrees and orders that discovery into the issue of scope should occur, the United States will work cooperatively with the Court and plaintiff's counsel to ensure that appropriate discovery takes place. It should be noted however, that any such discovery must be narrowly tailored to address only the issue of scope. *See, e.g., Gutierrez de Martinez*, 111 F.3d at 1154 ("'the district court should ensure that both the discovery [and any evidentiary hearings] are circumscribed as narrowly as possible . . . .'") (citations omitted). Plaintiff's proposed discovery plan, which was provided to the United States on August 18, 2006 and is attached hereto as Exhibit B, is overly broad and does not meet this requirement. Because the United States does not believe that any discovery into the issue of scope is appropriate, it did not provide plaintiff with feedback on the specific proposals contained in his proposed discovery plan. If discovery is ordered, the United States respectfully asks the Court to limit the proposed plan accordingly. For example, since the only issue raised by plaintiff seems to be an allegation of personal animus, there would be no need to depose any individuals other then the named defendants who allegedly harbored this animus, and any such depositions should be limited to the motives of these individuals. Requests for documents should be appropriately limited as well. Plaintiff should not be allowed to conduct a fishing expedition or to requests documents unrelated to the scope determination. This should not be general discovery into the merits of the case itself.

plaintiff Koch's Motion for Discovery will be denied."); *Brumfielf v. Sanders*, 50 F. Supp. 2d 381, 384-85 (M.D. Penn. 1999) (agreeing with a magistrate judge's decision not to allow discovery on the issue of scope, where the only allegations that plaintiff had raised were that the individual defendants acted out of animus – the Court noted that even if the defendants acted out of animosity, they were still acting within scope).

### IV.  Conclusion

For the foregoing reasons, the United States respectfully asks the Court to deny plaintiff's Motion for Limited Discovery. A proposed form of order granting the United States' requested relief is submitted herewith for the Court's consideration.

Respectfully submitted this 1st day of September, 2006.

JOHN McKAY
United States Attorney
Western District of Washington

/s/ Rebecca S. Cohen
Rebecca S. Cohen, WSBA #31767
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorney for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2006,
a copy of the foregoing Memorandum of Points
and Authorities was served electronically
on Samuel J. Fortier

/s/ Jing Y. Xu