UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK ROSENBAUM,

    Plaintiff,

v.

TIMOTHY A. BURGESS, DEBORAH M. SMITH, STEVE SKROCKI, TIM BLEICHER, and JOHN DOE I,

    Defendants.

Case No. C06-00144RJB

ORDER ON PLAINTIFF'S MOTION TO PERMIT LIMITED DISCOVERY

This matter comes before the court on plaintiff's Motion to Permit Limited Discovery (Dkt. 12). The court has considered the pleadings filed by the parties and the remainder of the file herein.

PROCEDURAL HISTORY

On May 11, 2006, plaintiff filed a civil action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage. Dkt. 1-2. On June 13, 2006, the United States filed a Notice of Removal, and included in the notice as Exhibit B, the Certification of Phyllis J. Pyles, which stated as follows:

> I, Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in my by the Appendix to 28 C.F.R. § 15.3 (Civil Directive No. 90-79) hereby certify that I have reviewed the Complaint in the lawsuit filed by Plaintiff Mark Rosenbaum against Defendants in the Superior Court of the State of Alaska, captioned as <u>Mark A. Rosenbaum v. Timothy A. Burgess, et al.</u>, Case No. 3-AN-06-7069 Civil.
>
> On the basis of the information now available to me with respect to the allegations in Plaintiff's Complaint, I certify that all of the Defendants including former U.S. Attorney Timothy M. Burgess, Former First Assistant U.S. Attorney Deborah M. Smith, Assistant U.S. Attorney Steve Skrocki, and Federal Protective Service officers Tim Bleicher and John Doe I, were acting within the scope

ORDER
Page - 1

of their respective employment as employees of the United States at the time of the conduct alleged in Plaintiff's Complaint.

Dkt. 1-3.

The Notice of Removal stated that the case was removed pursuant to 28 U.S.C. § 1442 and 28 U.S.C. § 2679(d)(2), which provides that, upon certification by the Attorney General that the defendant employee was acting within the scope of his federal employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a state court shall be removed at any time before trial to the district court of the United Sates for the district in which the action is pending. Dkt. 1-1, at 1-2.

Concurrent with the Notice of Removal, the United States filed a Notice of Substitution, under 28 U.S.C. § 2679(d)(2), and moved to amend the caption of the case to substitute and name the United States as the party defendant in place of the individual defendant. Dkt. 4-1. Plaintiff opposes the motion to amend the caption and substitute and name the United States as a proper defendant, and requests that the court remand the case to state court. Dkt. 13. Prior to ruling on this motion, however, plaintiff requests a continuance (Dkt. 14) to permit him to challenge the Westfall Certification by engaging in limited discovery (Dkt. 12) and by presenting evidence at an evidentiary hearing (Dkt. 13).

In order for the case to proceed in an orderly manner, the court should address plaintiff's Motion to Permit Limited Discovery (Dkt. 12) before ruling on the other pending motions. The parties have fully briefed the issue presented in this motion.

## ALLEGATIONS IN THE COMPLAINT

The complaint alleges that, on May 12, 2004, shortly before he was asked to leave his work station, plaintiff was summoned to the U.S. Attorney's conference room; that defendants Burgess and Smith were in the conference room; and that defendant Skrocki appeared in the conference room along with defendants Bleicher and John Doe I, who were known to be armed. Dkt. 1-2, at 3. The complaint alleges that Mr. Burgess and Ms. Smith ordered plaintiff to accompany Mr. Skrocki along with Mr. Bleicher and Mr. Doe; that plaintiff, knowing that Mr. Bleicher and/or Mr. Doe were armed, and fearing that they would use whatever force was necessary to effect the objective, did as he was ordered. *Id.* The complaint further alleges that plaintiff was escorted by Mr. Skrocki, Mr. Bleicher, and Mr. Doe to plaintiff's office, where these defendants provided him with a cardboard box, ordered him not to leave, and gave him ten minutes

1    to pack the box, while the defendants guarded him and prevented him from leaving the room. *Id.* Plaintiff
2    alleges that Mr. Skrocki, Mr. Bleicher and Mr. Doe continued to confine him, and intending in fact to do
3    so, directed him to the elevator, closed the door, and escorted him to his vehicle, where he was ordered
4    immediately to enter his vehicle and leave the premises, without returning to the parking structure. The
5    complaint alleges that, under the continuing dominion and control of defendants, including their apparent
6    willingness to use all such force as they felt necessary, plaintiff entered his vehicle and left, as ordered. *Id.*
7    at 3-4. Plaintiff alleges that, as he drove away, the enormity of the outrageous conduct of the defendants
8    emotionally overwhelmed him and he broke down crying; that he was required to seek counseling; and that
9    to this day, continues to suffer severe mental pain and suffering as a result of defendants' conduct. *Id.* at 4.
10   Plaintiff claims that he was falsely imprisoned by defendants. *Id.* at 4.

## DISCUSSION

*Westfall Certification*. The Federal Employees Liability Reform and Tort Compensation Act (FELTRCA), also known as the Westfall Act, immunizes United States employees for their negligent or wrongful acts or omissions while acting within the scope of their office or employment. See 28 U.S.C. §2679(b); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). In cases in which a suit is instituted against an employee of the United States, and upon certification by the United States Attorney or delegee, that the United States employee was acting within the scope of his or her employment at the time of the event giving rise to the civil claim (Westfall Certification), such actions are deemed to be actions brought against the United States, and the United States must be substituted as the defendant. *See* 28 U.S.C. § 2679(d); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 431-32 (1995). When such actions have been initiated in state court, they are removed to the district court of the United States, embracing the place in which the action or proceeding is pending. *See* 28 U.S.C. § 2679(d)(1).

A plaintiff may challenge the Attorney General's scope of employment certification in the district court. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). The Attorney General's decision regarding the scope of employment certification is subject to *de novo* review by the district court. *See Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *Meridian Int'l Logistics*, 939 F.2d at 745. In determining whether a United States employee acted within the scope of his or her office, the court applies the *respondeat superior* principles of

the state in which the tort occurred. *Green v. Hall*, 8 F.3d at 698-99.

The party seeking review of the Westfall certification bears the burden of presenting evidence and disproving the Attorney General's decision to grant the scope of employment certification by a preponderance of the evidence. *See Green*, 8 F.3d at 698. The Attorney General's certification is *prima facie* evidence that the federal employee was acting within the scope of his employment, and the plaintiff seeking to challenge the Attorney General's certification "bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." *See Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995).

*Scope of Employment.* Alaska follows the Restatement (Second) of Agency's provision regarding scope of employment, found in Section 228, which provides as follows:

> (1) Conduct of a servant is within the scope of employment if, but only if: (a) it is the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

*Taranto v. North Shore Slope Burough*, 909 F.2d 354, 358 (Alaska 1996)(quoting Restatement (Second) of Agency § 228). In determining whether an employee acted within the scope of employment, these Restatement factors are relevant considerations, although not prerequisites, to determine whether an employer should be held responsible for an employee's acts. *Laidlaw Transit, Inc. v. Crouse ex rel. Crouse*, 53 P.3d 1093, 1098-99 (Alaska 2002).

Plaintiff requests that the court permit him to engage in limited discovery in order to determine whether there was a legal basis for Mr. Burgess, as United States Attorney, to order an Assistant U.S. Attorney "to be held under guard without explanation, based upon innuendo and outside any established policy." Dkt. 12, at 4. Plaintiff further contends as follows:

> Because the Government works under policies and procedures, there is some basis for believing that the information sought actually exists, and such information would include memoranda and recorded conversations between the participants to the events that occurred and are the subject of the State Court complaint prior to, as well as after those events occurred. Mr. Rosenbaum believes that such communications would include admissions that the parties undertaking the wrongful and false imprisonment acknowledge their animus, devoid of a business motive, that underlay the false imprisonment." Dkt. 12, at 4-5.

It appears that plaintiff is requesting that he be permitted discovery focused on two issues: (1) whether defendants possessed the authority to engage in the conduct alleged in ¶¶ 4-9 of the complaint (Dkt. 1-2); and (2) whether defendants' actions were motivated by personal animus. Plaintiff should be

ORDER
Page - 4

1  permitted to inquire into the first issue regarding the authority of defendants to do what they allegedly did.
2  Plaintiff should be able to develop the facts related to defendants' authority through written interrogatories
3  and requests for production.
4      The motivation of the defendants to engage in this alleged conduct is another matter.  The court
5  first notes that no decision can be made at this point whether anything nefarious occurred at all during the
6  incident at issue in this case.  For purposes of this motion for limited discovery, however, the court must
7  assume that defendants' "personal animus" toward plaintiff played a part in their actions.  *See* Dkt. 12,
8  Affidavit of Mark A. Rosenbaum, at 3.  However, plaintiff's reasoning that, because defendants' actions
9  were motivated by personal animus, their conduct fell outside the scope of their employment, is flawed.
10  The issue regarding scope of employment is whether the *conduct* at issue fell within the scope of the duties
11  and authority of defendants' positions as employees of the United States, not *why* they performed those
12  acts.  Defendants' motivations regarding that conduct may, or may not, be relevant to the underlying legal
13  claim, but are not relevant to the scope of employment inquiry.
14      The cases plaintiff cites in support of his argument that defendants were not acting within the scope
15  of their employment because their actions were motivated by ill will or bad faith are not on point.  In fact,
16  the focus in those cases was on whether the conduct was within the scope of employment, not solely what
17  motivated conduct that would otherwise have been within an employee's scope of employment.  *See*
18  *Haddom v. United States*, 68 F.3d 1420 (D.C. Cir. 1995)(electrician *threatened* to beat up chef acted
19  outside scope of employment); *Nadler v. Mann*, 951 F.2d 301 (11th Cir. 1992)(AUSA who *leaked*
20  defamatory material to news media acted outside scope of conduct); *Quick v. United States*, 254 F.Supp.
21  2d 706 (S.D. Ohio 2002)(employee who *made* false and defamatory *statements* to co-worker acted outside
22  scope of employment).  Plaintiff has cited no authority that would support his position that bad motive
23  itself would remove conduct from an employee's scope of employment.
24      Moreover, if plaintiff's claim that improper motivation in performing duties, which government
25  employees were otherwise authorized to perform, could remove the conduct from a United States
26  employee's scope of employment, the purposes of the Federal Tort Claims Act (FTCA) would be
27  eviscerated.  Although plaintiff filed this case in state court, alleging a state law claim for false
28  imprisonment, if defendants were acting within the scope of their employment as employees of the United

ORDER
Page - 5

1  States, plaintiff's claim would be governed by the FTCA.  The FTCA waives sovereign immunity of the

2  United States for certain tortious actions.  *See* 28 U.S.C. § 1346(b).  The FTCA requires that the United

3  States be substituted for an employee acting within the scope of his or her employment.  28 U.S.C. §

4  2679(d)(2).  The FTCA therefore provides broad protection for a United States employee from personal

5  liability for acts done within the scope of employment, even if the employee had an improper motive.  If the

6  court were to accept plaintiff's reasoning that animus or bad faith removes conduct from a government

7  employee's scope of employment, these government employees would be denied the broad protection

8  afforded them by the FTCA.

9        Because the motivation or intent of defendants are not at issue in whether defendants acted within

10 the scope of employment, the court should not permit plaintiff to conduct discovery on these issues in the

11 context of the accuracy of the Westfall certification.

12       Therefore, it is hereby

13       **ORDERED** that plaintiff's Motion to Permit Limited Discovery (Dkt. 12) is **GRANTED IN**

14 **PART AND DENIED IN PART**, as follows: (1) plaintiff may inquire, through written interrogatories and

15 requests for production only, into issues regarding the authority of defendants to engage in the conduct

16 alleged in ¶¶ 4-9 of the complaint; (2) plaintiff may not inquire into motivation of defendants to engage in

17 the conduct at issue, including issues relating to defendants' animus toward plaintiff.

18       Not later than September 28, 2006, the parties are **ORDERED** to (1) file a discovery plan,

19 including dates for completing that discovery; and (2) set a proposed noting date and briefing schedule for

20 the other pending motions.

21       Service of this order will be in accord with the court's ECF system.

22       DATED this 18th day of September, 2006.

                                          /s/ Robert J. Bryan
                                          Robert J. Bryan
                                          United States District Judge