SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY A. BURGESS, DEBORAH M. SMITH, STEVE SKROCKI, TIM BLEICHER, and JOHN DOE I, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 3:06-00144-RRB <br> ) <br> ) <br> ) <br> ) **AGREED MOTION TO RESOLVE** <br> ) **DISCOVERY DISPUTE** <br> ) **(NOTED FOR CONSIDERATION** <br> ) **OCTOBER 18, 2006)** <br> ) |

COME NOW the parties, through counsel, and submit an agreed upon motion requesting the Court's guidance to resolve a discovery dispute.

I. <u>INTRODUCTION</u>

This Court ordered limited discovery, allowing Plaintiff to inquire of the Defendants as to whether the events that occurred on May 12, 2004, and alleged in Paragraphs 4-9 of Plaintiff's Complaint, were within the scope of each Defendant's office or employment. Inquiries were limited to matters of authority. Mr. Rosenbaum was not permitted to inquire into motive.

This discovery dispute concerns two Interrogatories, and Plaintiff has agreed to withdraw a third Interrogatory.[1] Thus, this dispute concerns the following Interrogatories:

Interrogatory No. 16, which states:

Please state all facts existing on May 12, 2004, which showed that (1) a felony or misdemeanor was committed by Mark Rosenbaum in your presence; (2) there was a rational suspicion Mark Rosenbaum was engaging in criminal activity; or (3) Mark Rosenbaum was being subjected to "regular and routine administrative security screening procedures" (e.g. airport screening or road checkpoints), on May 12, 2004, between 5:00 and 6:00 p.m. in the Federal Building and U.S. Courthouse located in Anchorage, Alaska.

Interrogatory No. 18, which states:

Please state all facts, as opposed to opinions, existing on May 12, 2004, which led you to conclude that there was a rational basis to physically

---

[1] Mr. Rosenbaum served written discovery requests on the Government on September 30, 2006. By letter dated October 5, 2006, from the Government to Plaintiff, the Government advised that it was objecting to a number of Interrogatories and Requests for Production. The Plaintiff responded on or about October 11, 2006, and the parties conferred on October 12, 2006. During their conference, the parties resolved most issues raised by the Government's October 5 letter. However, three Interrogatories submitted by Plaintiff, Interrogatories Nos. 16, 17, and 18, remained unresolved following the parties' meet and confer. The parties left a call with Chambers on October 12. On October 16, Plaintiff's counsel notified the Government that Mr. Rosenbaum would voluntarily withdraw Interrogatory No. 17. Thereafter, the parties spoke with this Court's Law Clerk, Colleen. As a result of that discussion, the parties are submitting this agreed upon motion.

Agreed Motion to Resolve Discovery   Page 2 of 6
*Rosenbaum v. Burgess, et. al.*

remove Mark Rosenbaum from the Federal Building and U.S. Courthouse located in Anchorage, Alaska, on May 12, 2004, between 5:00 and 6:00 p.m.

## II. DISCUSSION

1. <u>Mr. Rosenbaum's Position</u>

Interrogatories Nos. 16 and 18 inquire into <u>facts</u> giving rise to the Government's assertions of authority. The Government initially asserted it objected because it read the disputed Interrogatories as inquiring into motive. The Government now asserts that it objects because the Defendants possessed inherent authority to keep Mr. Rosenbaum in the reception area and to escort him out of the U.S. Attorney's office. Mr. Rosenbaum expressly notes his disagreement with the Government's version of the facts (as set out in the Government's response, below). Mr. Rosenbaum will prove that the conduct involved much more than barring Mr. Rosenbaum from going past the reception area or simply having Mr. Rosenbaum escorted from the office (as the Government now suggests). Given the dispute over the facts, it is little wonder that the Government is unwilling to concede that the operative language in the disputed Interrogatories seeks to explore the limits of authority. However, that does not change the fact that Mr. Rosenbaum is entitled to and seeks to discover the facts upon which the authority was based. Thus, the information sought in the Interrogatories is reasonably calculated to lead to admissible evidence. Specifically, in the event no written directives exist expressly authorizing the detention and eviction of Mr. Rosenbaum, then the issue becomes whether certain predicate acts gave rise to such authority, and if so, what these

acts were (Interrogatory No. 16). Interrogatory No. 18 seeks any other facts that could form a rational basis for the assertion of authority.[2] Neither Interrogatory inquires into motive.

2. <u>Government's Position</u>

As a preliminary matter, the Government does not agree that Plaintiff was detained and physically evicted from the U.S. Attorney's Office in Anchorage, Alaska, on May 12, 2004. Instead, the Government respectfully submits that Plaintiff was escorted from the Office by two FPS officers at the request of the U.S. Attorney. In any event, the Government believes that Interrogatories Nos. 16 and 18 go to motive and not to authority, and thus, these Interrogatories are beyond the limited scope the Court approved in its Order.

The Government's position is that employees do not have an entitlement to enter a U.S. Attorney's Office beyond the reception area which is open to the public. As such, the U.S. Attorney has the authority to ask any employee (or other individual) to leave the Office, so long as the request is not made for discriminatory reasons such as race, gender, or religion. As a tenant agency in a federal office building, the U.S. Attorney also has the authority to request FPS officers to escort any such employee or individual from the office. (FPS provides security and law enforcement services to tenants in federal buildings.) In responding to Plaintiff's discovery requests, the Government will provide answers and produce documents that discuss/explain why the actions described above are

---

[2] Mr. Rosenbaum has been foreclosed, under the court order permitting limited discovery, from inquiring into Defendants' non-neutral motives for the conduct. However, the Government concedes, in its response, that discriminatory reasons based on race, gender or religion would be outside the authority of the Defendants.

Agreed Motion to Resolve Discovery   Page 4 of 6
*Rosenbaum v. Burgess, et. al.*

within the scope of the individual Defendant's employment. The Government believes that the Defendants had full authority to have Mr. Rosenbaum escorted from the Office by FPS officers on May 12, 2004, regardless of their motivation or reasons for doing so. Accordingly, the Government believes that predicate acts or other facts giving rise to a motivation/basis for the actions alleged to have been committed are outside the scope of discovery permitted by the Court's Order.

3.   <u>Joint Request</u>

The parties are seeking the Court's guidance as to whether the Government should be compelled to respond to Interrogatories Nos. 16 and 18 (as Plaintiff requests) or whether the Government is entitled to a protective order limiting its responses to Interrogatory Nos. 16 and 18 (as the Government requests).

RESPECTFULLY SUBMITTED this 18th day of October, 2006, at Anchorage, Alaska.

SAMUEL J. FORTIER
Attorney for Plaintiff

/ s / Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone No: (907) 277-4222
Facsimile: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

RESPECTFULLY SUBMITTED this 18th day of October, 2006, at Anchorage, Alaska.

JOHN McKAY
United States Attorney
Western District of Washington

/ s / Rebecca S. Cohen
Special Assistant U.S. Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone No: (206) 553-6526
Fascimile: (206) 553-4073
E-Mail: rebecca.cohen@usdoj.gov
WSBA No. 31767

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Agreed Motion to Resolve Discovery   Page 6 of 6
*Rosenbaum v. Burgess, et. al.*