SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:06-00144-RRB |
| v. | ) |
| | ) |
| TIMOTHY A. BURGESS, DEBORAH M. SMITH, STEVE SKROCKI, TIM BLEICHER, and JOHN DOE I, | ) **AGREED UPON MOTION TO RESOLVE DISCOVERY DISPUTE (NOTED FOR CONSIDERATION DECEMBER 6, 2006)** |
| Defendants. | ) |

COME NOW the parties, through counsel, and submit an agreed upon motion requesting the Court's guidance to resolve a discovery dispute.

Agreed Motion to Resolve Discovery Page 1 of 12
*Rosenbaum v. Burgess, et. al.*

## I. INTRODUCTION

This Court ordered limited discovery, allowing Plaintiff to inquire of the Defendants as to whether the events that occurred on May 12, 2004, and alleged in Paragraphs 4-9 of Plaintiff's Complaint, were within the scope of each Defendant's office or employment. Inquiries were limited to matters of authority. Mr. Rosenbaum was not permitted to inquire into motive.

This discovery dispute concerns Defendants' claims of attorney/client privilege and/or that the matters that would otherwise be disclosed are beyond the scope of the Court's Order permitting limited discovery. The parties believe that an *in camera* review by the Court may resolve the attorney/client privilege claims and work product. In addition, Mr. Rosenbaum requests that the Government be ordered to produce a discovery log of all withheld documents and serve Plaintiff with the log at the same time as it submits the log and withheld, unidentified documents to the Court for *in camera* review.

## II. DISCUSSION

1. Mr. Rosenbaum's Position

    A. Redacted Documents

The Defendants provided Mr. Rosenbaum with discovery. However, the discovery is incomplete. This is because crucial documents have been redacted. Mr. Rosenbaum believes that, since the defense theory is based upon the matters redacted, the

Agreed Motion to Resolve Discovery (2) Page 2 of 12
*Rosenbaum v. Burgess, et. al.*

defense has waived any asserted privilege. Similarly, the defense has simply not provided support for the basis of its claims of privilege and/or relevance.

The documents redacted include:

1. April 30, 2004 memo from AUSA Skrocki to Tim Burgess as U.S. Attorney.[1]

2. Bates Stamp USA 0001539 through USA 0001542, which appear to be telephone notes, most of which are illegible.[2]

3. Bates Stamp USA 0001530, which is a completely blank page.[3]

4. A memo dated June 1, 2004 which purports to be a draft memo regarding the actions of AUSA/DOSM Steve Skrocki at Bates Stamp USA 0001521 through 0001529, with multiple redactions.[4]

5. A memo from Steve Skrocki to Debra Smith and Tim Burgess dated May 10, 2004.[5]

  B. <u>Documents Not Produced at All</u>:

Additional documents have been withheld for apparently one of five reasons. The classes are as follows:

1. Communications between Defendants and Phyllis Pyles concerning Ms. Pyles' Westfall Certificate. The defense asserts attorney/client privilege and the work product doctrine. Documents appear to include communications from Debra Smith and

---

[1] Exhibit 1.
[2] Exhibit 2.
[3] Exhibit 3.
[4] Exhibit 4.
[5] Exhibit 5.

Agreed Motion to Resolve Discovery (2) Page 3 of 12
*Rosenbaum v. Burgess, et. al.*

Civil Chief Gary Guarino to Ms. Pyles concerning whether the conduct was within the scope of Defendants' employment and includes a memo dated June 7, 2006 and e-mails from Ms. Smith. The memo was utilized in order to prepare the Westfall Affidavit, and that Affidavit[6] specifically refers to information then available to Ms. Pyles. Therefore, the memo and e-mail contain essential facts which are not protected from disclosure by the attorney/client privilege.

2.  Documents withheld because of a combination of asserted attorney/client privilege and work product, and/or because the same are not "within the scope of the Court's order, *i.e.,* language related to the issue of authority."[7] These materials include most of Mr. Skrocki's 6-1-04 and 4-30-04 memoranda.[8] The withheld documents also include Mr. Skrocki's handwritten and largely illegible notes, which have been significantly redacted on the basis that the redacted language is outside of the Court's order with respect to the issue of authority.[9] The redaction has rendered the material produced simply unusable.

3.  Documents in Plaintiff's unofficial personnel file maintained by Human Resources at the U.S. Attorney's Office in Anchorage. Documents maintained therein have been withheld because they allegedly do not relate to the issue of authority. However, the documents almost certainly relate to the factual basis for Mr. Rosenbaum's removal, and in any case, concern the subject matter of the action, including statements

---

[6] Clerk's Docket No. 1, Exhibit B (Certification).
[7] Defendants' response to Request for Production No. 3 at page 25.
[8] Exhibits 1 and 4 hereto.
[9] The handwritten notes are Exhibit 2 hereto.

Agreed Motion to Resolve Discovery (2) Page 4 of 12
*Rosenbaum v. Burgess, et. al.*

concerning the action or subject matter previously made by Mr. Rosenbaum, and therefore are discoverable under Rule 26.

4. Documents entirely withheld on the basis of "attorney/client communications":

a. An e-mail from Stuart Melnick, EOUSA, Office of General Counsel to Tommie Barnes regarding Mark Rosenbaum.

b. An e-mail chain from Debra Smith and Stuart Melnick regarding Mr. Rosenbaum dated 5-12-04.

c. An e-mail chain between Debra Smith and Stuart Melnick also dated 5-12-04 relating to the "Rosenbaum question."

d. An entire paragraph from the 6-01-04 memo relating to the 5-10-04 e-mail from Stuart Melnick to Tommie Barnes prepared by Mr. Skrocki.

e. An e-mail chain dated 5-11-04 between Debra Smith and Stuart Melnick regarding a letter to Mr. Rosenbaum.

f. An e-mail chain in May and June of 2006 between Debra Smith, Phyllis Pyles, and various other attorneys at the U.S. Attorney's Office in Anchorage relating to Mr. Rosenbaum's lawsuit, which appear to be an assembly of facts.

The foregoing documents relate to facts essential to determine the scope of authority and whether or not the same existed in this case.

5. Documents the Government asserts are protected by the attorney/client privilege and/or the work product privilege, <u>and</u> also exceed the scope of the Court's

order dated September 18, 2006, for which no privilege log was prepared. Mr. Rosenbaum is unable to identify the additional withheld documents in this category. Mr. Rosenbaum asserts that Fed. R. Civ. P. 26(b)(5) requires the defense to produce a log of the withheld documents. The Rule specifies:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

The Defendants have failed to comply with this Rule and must be ordered to do so.

### C. Legal Support of Mr. Rosenbaum's Position

The burden of establishing a privilege is on the discovery opponent, in this case, the defense.[10] Where the Defendants assert they acted within the scope of their employment or office, and, further, certified that position in a Westfall Affidavit, Mr. Rosenbaum is entitled to all documents related to that defense.[11]

In *Walker*, the County asserted an affirmative defense of adequate investigation in a failure to promote case. That defense was held to constitute a waiver with respect to attorney/client communications and work product, as a matter of federal law.[12] Similarly, here, the Government's assertion that the acts of the Defendants were within the scope of their employment duties has resulted in an affirmative defense to state court jurisdiction,

---

[10] See *Walker v. County of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005).
[11] *Id.*; *Austin v. City and County of Denver, ex rel., Board of Water Commissioner*, 2006 W.L. 1409543 (D. Colo. 2006) at 7.
[12] 227 F.R.D. 535.

Agreed Motion to Resolve Discovery (2) Page 6 of 12
*Rosenbaum v. Burgess, et. al.*

potentially an affirmative defense to the Federal Tort Claims Act, and therefore, as a waive of the attorney/client communication and work product privilege, for the reasons stated in *Walker*.

2. The Government's Position

Through this Agreed Motion, Plaintiff seeks the production of the following two types of documents: (1) documents withheld from production and/or redacted because the Government believes they are protected by the attorney-client privilege and/or the work product doctrine; and (2) documents that were redacted because the Government believes they contain information that is beyond the scope of the Court's Order dated September 18, 2006 (allowing discovery into defendants' authority, but not their motivation). At the Court's request, the Government will provide the Court with a copy of the withheld/redacted documents for an *in camera* review.

With respect to documents withheld as protected by the attorney-client privilege and/or the work product doctrine, defendants' responses to Plaintiff's discovery requests contained the following privilege log specifying all such documents that were withheld or redacted.

/    /    /    /    /    /    /    /    /    /    /    /    /

/    /    /    /    /    /    /    /    /    /    /    /    /

| Date | Description of Document | Author | Recipient(s) | Basis for With-holding |
|---|---|---|---|---|
| 5/10/04 | Email from Stuart Melnick to Tommie Barnes re: "Mark Rosenbaum" | Stuart Melnick, EOUSA, Office of General Counsel | Tommie Barnes | A/C |
| 6/7/06 | Memo from Gary Guarino to Phyllis Pyles Re: "Rosenbaum v. Burgess, et al., Case No. 3AN-06-7869; Civil Removal of State Court Lawsuit from Alaska Superior Court; Certification of Federal Employment Status" | Gary Guarino, Civil Chief | Phyllis Pyles, Director, Torts Branch, Civil Division, USDOJ | A/C and work product |
| 6/1/04 | Portion of a 6/1/04 memo (paragraph at top of page 2) restating the substance of the 5/10/04 email from Stuart Melnick to Tommie Barnes (see above) | Steve Skrocki | Tim Burgess and Deb Smith | A/C |
| 5/12/04 | Email Chain Between Deborah Smith and Stuart Melnick Re: "Rosenbaum" | Deborah Smith and Stuart Melnick, EOUSA, Office of General Counsel | Deborah Smith and Stuart Melnick, EOUSA, Office of General Counsel | A/C |

| | | | | |
|---|---|---|---|---|
| 5/12/04 | Email Chain Between Deborah Smith and Stuart Melnick Re: "Rosenbaum question" | Deborah Smith and Stuart Melnick, EOUSA, Office of General Counsel | Deborah Smith and Stuart Melnick, EOUSA, Office of General Counsel | A/C |
| 5/11/04 | Email Chain Between Deborah Smith and Stuart Melnick Re: "Letter to Rosenbaum" | Deborah Smith and Stuart Melnick, EOUSA, Office of General Counsel | Deborah Smith and Stuart Melnick, EOUSA, Office of General Counsel | A/C |
| May and June of 2006 | Email String Between Deborah Smith, Phyllis Pyles, and other attorneys at the USAO in Alaska, EOUSA, and the Torts Branch Re: "Law Suit filed by former employee in state court" | Email String Between Deborah Smith, Phyllis Pyles, and other attorneys at the USAO in Alaska, EOUSA, and the Torts Branch | Email String Between Deborah Smith, Phyllis Pyles, and other attorneys at the USAO in Alaska, EOUSA, and the Torts Branch | A/C |

As shown in the privilege log, the documents withheld and/or redacted fall into two categories: (1) communications between the U.S. Attorney's Office in Alaska and the Office of General Counsel, which is a component of the Executive Office for United States Attorneys ("EOUSA"); and (2) communications between the U.S. Attorney's Office in Alaska and Phyllis Pyles, who is the Director of the Torts Branch within the Civil Division of the Department of Justice. Both the attorneys in the Office of General Counsel and Ms. Pyles were functioning in their capacity as attorneys for the

Agreed Motion to Resolve Discovery (2) Page 9 of 12
*Rosenbaum v. Burgess, et. al.*

Government,[13] and the communications in question were sent to seek and receive legal advice. Accordingly, the documents identified in the privilege log and are protected from disclosure.[14] *See, e.g., United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) ("The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... *as well as an attorney's advice in response to such disclosures.*"). As the Ninth Circuit explained in *Bauer*, "the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *Id.* at 510.

The second category of documents at issue in this Agreed Motion were redacted because the Government believes they contain information that exceeds the scope of the Court's Order. The following redacted documents fall into this category:

- Memo dated April 30, 2004 from AUSA Skrocki to Tim Burgess and Deb Smith (Ex. 1);

- Handwritten notes written by AUSA Skrocki during telephone conversations with Tommie Barnes (Ex. 2); and

- Memo dated June 1, 2004 from AUSA/DOSM Skrocki to Deb Smith (Exhibits 3 and 4);

---

[13] The function of EOUSA's Office of General Counsel is to provide legal advice to the U.S. Attorney's Offices on a broad array of issues, primarily employment and personnel related. The Civil Division of the Department of Justice represents the United States and its employees in civil and criminal matters within its scope of responsibility. The Torts Brach of the Civil Division, of which Ms. Pyles is the Director, represents the Government in torts actions.

[14] With one exception, the documents identified in the privilege log were withheld in their entirety. The one exception is a portion of Mr. Skrocki's memo dated June 1, 2004, which was partially redacted because the redacted portion discusses the content of a privileged email. The email in question, a May 10, 2004 email between EOUSA employees (one of whom is an attorney in the Office of General Counsel) also was withheld in its entirety and is identified in the privilege log. On a related note, all documents identified in the privilege log were withheld on the basis of attorney-client privilege. One document, a memo from the Civil Chief at the U.S. Attorney's Office in Anchorage to Phyllis Pyles dated June 7, 2006, also was withheld on the basis of the work product doctrine, as it contains Mr. Guarino's mental impressions and strategy about the pending litigation. *See, e.g., United States v. Nobles*, 422 U.S. 225, 238 & n.11 (1975) ("the work product doctrine is necessary to "shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.").

Agreed Motion to Resolve Discovery (2) Page 10 of 12
*Rosenbaum v. Burgess, et. al.*

The language redacted from these documents contains information not related to authority, including information on the predicate acts or other facts that gave rise to the actions alleged to have been committed (i.e., motivation). Because this information exceeds the cope of the Court's Order dated September 18, 2006, which limited discovery to documents and information related to defendants' authority, the Government respectfully asks the Court to deny Plaintiff's request to compel disclosure.

Finally, Plaintiff requests the Court to order the Government to produce a log of all documents withheld from production. The Government has already produced all responsive, non-privileged documents that relate to defendants' authority, and has provided a log identifying all privileged documents withheld from production. The Government is not aware of any authority that would require a party to identify *all* documents that were not provided in discovery, which would be unduly burdensome and impractical. The Government therefore asks the Court to deny Plaintiff's request.

RESPECTFULLY SUBMITTED this 6th day of December, 2006, at Anchorage, Alaska.

SAMUEL J. FORTIER
Attorney for Plaintiff

/ s / Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone No: (907) 277-4222
Facsimile: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

RESPECTFULLY SUBMITTED this 6th day of December, 2006, at Anchorage, Alaska.

JOHN McKAY
United States Attorney
Western District of Washington

/ s / Rebecca S. Cohen
Special Assistant U.S. Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone No: (206) 553-6526
Fascimile: (206) 553-4073
E-Mail: rebecca.cohen@usdoj.gov
WSBA No. 31767

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Agreed Motion to Resolve Discovery (2) Page 12 of 12
*Rosenbaum v. Burgess, et. al.*