# Memorandum

| | | | |
|---|---|---|---|
| Subject | AUSA Rosenbaum-Security | Date | April 30, 2004 |
| To | Tim Burgess-US Attorney<br>Deb Smith-First Assistant/Criminal Chief | From | AUSA Skrocki |

It is my understanding that office management is examining the possibility of workplace disciplinary action against AUSA Mark Rosenbaum. In my capacity as District Office Security Manager I strongly advise that in the event AUSA Rosenbaum receives any-type of restriction from duty that in the interests of office security he be prohibited from entering the Federal Building/US Courthouse and Federal Building Garage. In conjunction with this recommendation I also strongly recommend that the following steps be taken immediately upon notice of the adverse action:

-That his Federal Building Identification Badge (the Blue Badge) and accompanying access card be surrendered and GSA notified to disable the access card codes, (there could be two cards, or one combined access/id card)
-That his vehicle identification sticker (the red sticker in the center of the windshield) be removed from his vehicle until re-instatement.
-That any access codes utilized by him (there may be more than one) to gain access to the office space be disabled.
-That his Assistant U.S. Attorney Credential (Cred) be obtained until the adverse action is resolved and that FPS be notified he is not to enter the Federal Building without passing through the magnetometer.

redacted

Please sign and return the original for my files.

TIMOTHY M. BURGESS
UNITED STATES ATTORNEY

DEBORAH SMITH
FIRST ASSISTANT U.S.
ATTORNEY/CRIMINAL CHIEF

DATE

DATE

Exhibit ___1___
Page ___1___ of ___1___
FORTIER & MIKKO

Tommie: Threat Assessment

redacted

Tommie: assessment

- How to do it / guidance on taking vacs
justification / tell him what..

USAO001539

Exhibit     2
Page   1   of   4
FORTIER & MIKKO

mc/ who watches him...

: Clear out - what?
          → how to redefine period of time...

            → thing- time of day ... 5 pm...

         → explan + ethic..?

USAO001540

Exhibit ___3___
Page __2__ of __4__
FORTIER & MIKKO

5/10/04

T/c Tom Barnes:

- if proposed to remove

- If anything we're concerned about

TOMAGE
ASPECS

- pull card, pull sticker, pull bldg I.d.        ) perception...
- cody out id Sept. Maxim leon what say )

- phone @ guds...

- keys tabs in custody.

- if formal arrest persons, once lease given - get stuff...

- recommendation - Security in bldg, standing by, some floor
2 letter, vet. run... not in office... recoord
lease, etc
5th... guds standing by... personal stuff...

- guns there... FPS or marshal
- USA not there...
- 1st Assistant?
- me & 1st assistant / Tucker...

Exhibit 2
Page 3 of 4
FORTIER & MIKKO

~ fx for cred., Security clearance ...

: Supplemental instructions
: if proposed woes & candidates, no harm
  doing this screening ...

: tonight: crim √ of work are tonight... .

  : contact G. counsel for that ...

  : good very close on workbook this office...

  : if terminates [illegible] [illegible] in box up as we ship...

  low   high
  1 to 5
    └ 3 to 4 ...

USAO001542

Exhibit ___2___
Page _4_ of _4_
PORTIER & MIKKO

Redacted

USAO001530

Exhibit 3
Page 1 of 1
FORTIER & MIKKO

# Memorandum

| Subject | Memo Re: Personnel Action | Date | June 1, 2004 |
|---|---|---|---|
| To | Deb Smith-First Assistant/Criminal Chief | From | AUSA/DOSM Steve Skrocki |

Please find attached a draft memo regarding my actions with regard to the May 12, 2004 personnel action against AUSA Mark Rosenbaum.

USAO001521

Exhibit 4
Page 1 of 9
FORTIER & MIKKO

Memorandum          **DRAFT**          

| Subject | Security Re: Personnel Action-AUSA Mark Rosenbaum | Date | June 1, 2004 |
|---------|---------|------|--------------|

| To | Timothy M. Burgess<br>U.S. Attorney | From | AUSA Steve Skrocki<br>District Office Security Manager |
|----|----------------------------------|------|-------------------------------------------------------|

Deborah Smith
First Assistant/Criminal Chief

Personnel Security File-2004
District Office Security Manager

In late April, 2004, in my capacity as District Office Security Manager (DOSM) I became aware about the possibility of a pending personnel action by the U.S. Attorney with regard to AUSA Mark Rosenbaum. The following information details my actions as DOSM with regard to the events leading up to, during and after the personnel action which occurred on May 12, 2004.

**April 30, 2004**

I provided a memorandum to the U.S. Attorney and First Assistant informing them of my understanding that a personnel action against AUSA Rosenbaum was possibly forthcoming. The memo, attachment 1, lists my recommendations to the U.S. Attorney and First Assistant with regard to specific recommendations to insure office personnel security. The basis for this recommendation was based on information received by me either through my capacity as DOSM, or via other employees in the office with regard to AUSA Rosenbaum:

Redacted

USAO001522

Exhibit 4
Page 2 of 9
FORTIER & MIKKO

# DRAFT

Redacted

Given the above information, on April 30, 2004, by memorandum I recommended that the U.S. Attorney take the following steps if any adverse action against AUSA Rosenbaum was implemented which resulted in him being barred from the officer for a period of time. These recommendations were:

> -That his Federal Building Identification Badge (the Blue Badge) and accompanying access card be surrendered and GSA notified to disable the access card codes,
> -That his vehicle identification sticker (the red sticker in the center of the windshield) be removed from his vehicle until re-instatement.
> -That any access codes utilized by him to gain access to the office space be disabled.
> -That his Assistant U.S. Attorney Credential be obtained until the adverse action is resolved and that FPS be notified he is not to enter the Federal Building without passing through the magnetometer as any other citizen would be required to do before entering the building.

The foregoing conditions were requested inasmuch as it was not known how AUSA Rosenbaum would react to any adverse action while in office.

**May 10, 2004**

On May 10, 2004 I received an email from Tommie Barnes, Security Programs Staff from EOUSA in my capacity as DOSM. Barnes forwarded to me an email from Stuart Melnick ("Melnick"), Assistant General Counsel, General Counsel's Office, EOUSA which Barnes received that day. I had not, nor have ever spoken to Mr. Melnick. The email from Melnick stated:

USAO001523

Exhibit 4
Page 3 of 9
FORTIER & MIKKO

# DRAFT

*attorney-client privileged*
*-Redact*

Barnes email to me requested that I discuss this issue with him.  (Exhibit 2) I forwarded the email to the U.S. Attorney and the First Assistant/Criminal Chief stating that before I spoke to Barnes, I wanted to discuss the issue with them. (Exhibit 3)

*Redacted*

I agreed with their assessment and informed them I would relate this information to Barnes.  I was also instructed to find out from Barnes what procedures he would recommend in terms of maintaining office and personnel security.

**May 10, 2004 Call to Tommie Barnes**

I spoke with Barnes that afternoon.  I relayed to Barnes that management was seeking to place AUSA Rosenbaum on leave for two weeks and that they wished to know what they could with regard to office safety.  I informed Barnes of the following information,

*Redacted*

Exhibit 4
Page 10 of 9
FORTIER & MIKKO

# DRAFT

Redacted

I informed Barnes of my April 30 memo to the U.S. Attorney and asked him if he thought those steps were permissible and appropriate. He indicated that they were.

Per the request of the U.S. Attorney, I also asked him about what the security steps the office should take with regard to informing AUSA Rosenbaum of the disciplinary action. Barnes stated and recommended the following actions, all of which he indicated were normal procedures:

-that a member of management staff and myself search AUSA Rosenbaum's office for security related items, like firearms and knives prior to any adverse action.

-that I contact FPS or the Marshals to provide two- plain clothes escorts for AUSA Rosenbaum after he was notified of the personnel action, and advised that the assigned individual remain in the room during notification,

-that a box be provided so that he may remove a limited amount of personal effects,

-that it be done in a setting that allowed for easy security, ingress, or egress.

-that he turn over his building credential, pass card, U.S. Attorney credential,

-that the U.S. Attorney's Office deactivate his Hirsch pad entry code to take effect during the meeting,

Exhibit 4
Page 5 of 9
FORTIER & MIKKO

# DRAFT

-that his building identification sticker for his vehicle be removed,

I met with the U.S. Attorney and First Assistant later that afternoon and advised them of Barnes' advice. The agreed with all of the foregoing recommendations, however they insisted on meeting with AUSA Rosenbaum personally with no guard present. I was instructed to contact Federal Protective Service to arrange for the presence of two plain-clothes offices for the afternoon, May 12, 2004.

Redacted

**Coordination with Federal Protective Service-May 11, 2004**

On May 11, 2004, I met with Tim Bleicher, head of the Federal Protective Service division in

Exhibit ____
Page ___6___ of ___9___
FORTIER & MIKKO

# DRAFT

Anchorage. I met with Tim privately in his office and stated that our office had a personnel issue where we required the assistance of his office and informed him the action we spoke of the day before was inevitable. At that time, I informed him that the action was directed toward AUSA Rosenbaum. I informed him of the recommendations made by Barnes. He agreed with the recommendations and commented that they were standard operating procedure and he had done this before.

Redacted

Also, at some point, mid-afternoon, I discussed the security procedures with Janice Wenz, the Administrative Officer, and Colleen Dow, her assistant. The purpose of that meeting was to instruct them to deactivate AUSA Rosenbaum's access code so that he would be unable to access the office after the personnel action was initiated. They had been advised of the pending personnel action and had previously taken steps to deactivate AUSA Rosenbaum's access code.

Exhibit 4
Page 7 of 9
FORTIER & MIKKO

USAO001527

# DRAFT

Redacted

Exhibit 4
Page 8 of 9
FORTIER & MIKKO

USAO001528

# DRAFT

Redacted

USAO001529

Exhibit____4____
Page__9__ of_9__
FORTIER & MIKKO

**Skrocki, Steven**

| | |
|---|---|
| From: | Skrocki, Steven |
| Sent: | Monday, May 10, 2004 9:56 AM |
| To: | Smith, Deborah (Alaska); Burgess, Tim |
| Subject: | FW: |
| | |
| Importance: | High |

I would like to talk with you before I call Tommie, I will come down shortly. Steve

-----Original Message-----

| | |
|---|---|
| From: | Barnes, Tommie |
| Sent: | Monday, May 10, 2004 9:51 AM |
| To: | Skrocki, Steven |
| Cc: | McIver, Kevin |
| Subject: | |

Steve,

Lets' discuss this when you get a minute.

Tommie

-----Original Message-----

| | |
|---|---|
| From: | Melnick, Stuart G |
| Sent: | Monday, May 10, 2004 1:49 PM |
| To: | Barnes, Tommie |
| Subject: | Mark Rosenbaum |

*redacted due to attorney-client privilege*



1

Exhibit    5
Page    1    of    1
FORTIER & MIKKO