SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM,<br><br>           Plaintiff,<br>v.<br><br>TIMOTHY A. BURGESS, DEBORAH M. SMITH, STEVE SKROCKI, TIM BLEICHER, and JOHN DOE I,<br><br>           Defendants. | Case No. 3:06-cv-144 RJB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |

## I. PROCEDURAL FACTS

Mark Rosenbaum filed this lawsuit in state court on May 11, 2006.[1] On June 13, 2006, the United States filed a Notice of Removal, and included in the notice as Exhibit B, a certification of Phyllis J. Pyles.[2] Ms. Pyles' certification states:

> I, Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, acting pursuant to the provisions of 28 U.S.C. § 2679d)(2), and by virtue of the authority vested in my [sic] by the appendix to 28 C.F.R. § 15.3 (civil directive number 90-79) hereby certify that I have reviewed the complaint in the lawsuit filed by Plaintiff Mark Rosenbaum against Defendants in the Superior Court of the State of Alaska, captioned

---

[1] Docket 1-2.
[2] Docket 1, Exhibit B.

as Mark A. Rosenbaum v. Timothy Burgess, *et al.,* Case No. 3AN-06-7069 Civ. On the basis of the information now available to me with respect to the allegations in Plaintiff's complaint, I certify that all of the Defendants including former United States Attorney Timothy M. Burgess, former First Assistant U.S. Attorney Deborah M. Smith, Assistant United States Attorney Steve Skrocki and Federal Protection Service Officers Tim Bleicher and John Doe, I, were acting within the scope of their respective employment as employees of the United States as the time of the conduct alleged in Plaintiff's Complaint.[3]

The Notice of Removal cites 28 U.S.C. § 1442 and 28 U.S.C. § 2679(d)(2) as the basis for removal. 28 U.S.C. § 2679(d)(2) provides that, upon certification by the Attorney General that the Defendant employee was acting "within the scope of his or her federal employment at the time of the incident of which the claim arose, any civil action or proceeding commenced upon such claim in state court shall be removed at any time before trial to the District Court of the United States for the district in which the action is pending."[4]

The United States also sought substitution of itself in place of the individual Defendants under 28 U.S.C. § 2679(d)(2). The United States moved to amend the caption of the case to substitute and name the United States as the party defendant in place of the individual Defendants.[5]

Mr. Rosenbaum timely opposed the motion to amend the caption and the motion to substitute.[6] Mr. Rosenbaum also requested that the Court remand the case to the state

---

[3] Docket 1-3.
[4] Docket 1-1 at 1-2; 28 U.S.C. § 2679(d)(2).
[5] Docket 4-1.
[6] Docket 13.

2
Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

court.[7] In addition, Mr. Rosenbaum requested a continuance pursuant to F.R.C.P. 56(f).[8] Mr. Rosenbaum sought, through that motion, as well, an evidentiary hearing motion to engage in limited discovery.[9]

This Court entered an Order on or about September 18, 2006, granting, in part, Mr. Rosenbaum's Motion for Limited Discovery.[10] The September 18 Order permitted Mr. Rosenbaum to inquire, through written interrogatories and requests for production only, and with no depositions, into issues regarding the authority of the Defendants to engage in the conduct alleged in paragraphs 4 through 9 of the Complaint.[11] The Court specifically forbade Mr. Rosenbaum from inquiring into motivation, "including issues related to Defendants: animus towards Plaintiff." The parties were directed to file a discovery plan as well as to set a proposed noting date and briefing schedule for the other pending motions.[12] The parties were able to negotiate a joint discovery plan with a pleadings deadline.[13] The discovery and briefing plan required Plaintiff to file an Amended Motion to Remand and an Amended Motion for Evidentiary Hearing, and deferred the briefing on the United States' Motion to Amend Caption until after the Court's decision on Plaintiff's renewed motions.[14]

---

[7] *Id.*
[8] Docket 14.
[9] Docket 12, Docket 13????
[10] Docket 29.
[11] *Id.*
[12] *Id.*
[13] Docket 30.
[14] *Id.* at 2.

3

Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

Several discovery disputes were submitted to the Court, and resolved by Court Order. Significantly, the Court resolved that the Defendants did not have to respond to questions requesting facts supporting a basis to physically remove Mr. Rosenbaum from the Federal Building on May 12, 2004. The Government did not have to disclose materials redacted from produced documents. Nor were Defendants required to submit or produce documents supporting the certification of scope of employment filed by Ms. Pyles at Docket 1-2.

Notwithstanding the bars to discovery, Mr. Rosenbaum has now filed an amended Motion for Evidentiary Hearing. With this motion, he seeks remand to State Court upon the Court's determination, pursuant to the motion for Evidentiary Hearing, that the Governments' Scope of Employment Certification does not withstand *de novo* review.

## II. ARGUMENT

A.  Summary of Argument

Where no federal question exists, this Court should remand, following a determination that the scope certification cannot be sustained in this case. The Court should remand because no federal question exists, nor is there a basis for diversity jurisdiction. This Court's jurisdiction is, after all, limited. The remand will avoid Constitutional questions.

B.  Upon Decertification and Re-substitution, No Federal Question Exists.

4
Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

It has long been recognized that, "there may no longer be a federal question once the federal employee is re-substituted as a defendant ..."[15] Nor, for that matter, should the Court exercise pendent jurisdiction because there are no federal claims. Thus, "considerations of judicial economy, convenience and fairness to litigants ...." is no longer a consideration.[16] This Court, upon determining it lacks subject matter jurisdiction must remand the case.

C.   28 U.S.C. §1447(c) Requires Remand.

This remand action is brought pursuant to 28 U.S.C. § 1447(c). That statute provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal.

Plaintiff filed his initial Motion to Remand within 30 days after the filing of the Notice of Removal under section 1446(a).[17] Thus, upon the Court determining that the scope of certification in this case was in error, the basis for removal will be determined to have been brought in error.

The state court complaint makes claims only for the state law tort of false imprisonment. There is no other independent basis upon which to exercise federal court

---

[15] *Guiterrez v. DeMartinez v. Lamagno,* 515 U.S. 417, 115 S.Ct. 2227, 2236, 132 L. Ed. 2d 375 (1975).
[16] *Contrast Mine Workers v. Gibbs,* 383 U.S. 715, 725 86 S.Ct. 1130, 1138, 16 L. Ed. 2ᵈ 218 (1966) (approving exercising of pendent jurisdiction where federal and state claims have a common nucleus of operative facts that would ordinarily be expected to be tried in one judicial proceeding),
[17] *See* Docket 13.

5

Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

subject matter jurisdiction. That is, there is no diversity of citizenship, and therefore, no subject matter jurisdictional basis under 28 U.S.C. § 1332. There is no federal question jurisdiction under 28 U.S.C. § 1331. The Court simply lacks subject matter jurisdiction.

D.   There is no Controlling 9th Circuit Decision on the Issue.

Circuit courts considering the issue have, following rejection of the certification of employment, and re-substitution split between, remand to the state court and retaining prudent jurisdiction.. In *Haddon v. U.S.*, the D.C. Circuit reviewed the Westfall Act 28 U.S.C. § 2679(d)(2) and found that the scope certification is conclusive only "for purposes of removal ...." The D.C. Circuit noted that the Westfall Act "is silent on whether a district court, after reviewing the certification and finding that the employee acted outside the scope of duties, should remand the case to state court."[18] The *Haddon* court also compared 28 U.S.C. § 2679(d)(3), which covers cases where the Attorney General declines to issue a scope of employment certification. That provision provides that, if the federal court determines that the employee acted outside the scope of employment, the case "shall be remanded" to state court.[19] Thus:

> We thus agree with the First Circuit, which reads sections (d)(2) and (d)(3) in harmony, not in conflict with each other, inferring the power to remand where there is certification under section (d)(2) from the explicit power to do so under section (d)(3).[20]

The D.C. Circuit held that such an interpretation is consistent with the Supreme Court's *Lamagno* opinion:

---

[18] *Haddon v. U.S.*, 68 F.3d 1420, 1426 (1995).
[19] *Id.*, citing *Lamagno*, 115 S.Ct. at 2235.
[20] *Id.* at 1427, citing *Nasuti v. Scannell*, 906 F.2d 802, 814, n.17 (1st Cir. 1990).

6

Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

> The clear message of *Lamagno* is that courts should read sections (d)(2) and (d)(3) together. *See* 515 U.S. at ____ - ____, 115 S.Ct. at 2234-35. The court held that the district court has the power to review the scope of employment issue under section (d)(2), even though only section (d)(3) explicitly authorizes such a review .... To us, this reasoning also requires the district court to remand a section (d)(2) case to state court, even though section (d)(3) is the only provision that explicitly compels it to do so.[21]

The Ninth Circuit has thus far declined to rule on whether, upon re-substitution of the individual defendant in a case removed from state court, the federal district court should remand the case back to state court.[22] In *Clamor*, the Ninth Circuit stated:

> We recognize that our decision may have some effect on whether diversity or federal question jurisdiction still pertains and whether this case remains in federal court or is remanded to state court (....) The district court has not yet addresses these questions, and we intirate no view on these possible issues. They may be addressed, if necessary, in the first instance in district court.[23]

When *Clamor* was remanded back to the Federal District Court in Hawaii, the defendant moved to dismiss for lack of subject matter jurisdiction or for remand. The Federal District Court declined to dismiss. It also declined to remand to State court finding that "a federal court is not <u>required</u> to remand a matter to state court following certification."[24] (emphasis supplied). Rather, the *Clamor* court concluded that retaining the case would pose no grave Article III problem, but recognized constitutional issues may be implicated, nonetheless.[25]

---

[21] *Id.*
[22] *See Clamor v. U.S.*, 240 F.3d 1215, 1217-18 (9th Cir. 2001).
[23] *Id.*
[24] 191 F. Supp. 2d at 1192.
[25] 191 F. Supp, 2d at 1193.

7

Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

*Clamor*, therefore, does <u>not</u> stand for the proposition that this Court is prohibited from remanding the case to state court. Moreover, *Clamor* is distinguishable from the facts of this case. In *Clamor*, the facts concerned an automobile collision causing personal injuries on a military base. Moreover, it was not the plaintiff, but rather the defendant, who sought remand, in the event the court did not dismiss for lack of subject matter jurisdiction. In contrast, here, it is the Plaintiff seeking remand. And the Plaintiff is the master of his own pleadings. Thus, unlike *Clamor,* Mr. Rosenbaum selected state jurisdiction and pled only state law torts. It is not a complaint that arises under the Constitution of the United States.

Thus, by contrast to the *Clamor* case, this Court must consider "a fundamental tenet of federal jurisdiction – the well pleaded complaint rule."[26] The United States Supreme Court has recognized that the "well pleaded complaint rule" is a "powerful doctrine that severely limits the number of cases in which state law 'creates a cause of action' that may be initiated or removed to the federal district court…"[27] Under the rule, this Court must determine whether federal jurisdiction exists <u>from Plaintiff's complaint</u>, and not in reliance upon anything alleged in anticipation of avoidance of defenses which Defendants may assert.[28] Here, an examination of the complaint demonstrates that there is no federal cause of action on the face of the complaint whatsoever.

---

[26] *Lipit v. Raymond James Financial Services, Inc.,* 340 F.3d 1033, 1040 (9th Cir. 2003).
[27] *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9-10, 103 S.Ct. 2041, 77 L. Ed. 2d 420 (1983).
[28] *Lipit,* 340 F.3d 1040 *citing Taylor v. Anderson,* 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914).

8
Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

In *Hanson v. Blue Cross of California,*[29] the 9th Circuit held that it is appropriate to rely on the well pleaded complaint rule in determining a motion for remand.[30] Reliance on the well pleaded complaint rule compels a requirement that the case should be remanded. Nor, does this Court need to establish a bright line rule on remand following de-certification, for the same reasons that the Hawaii court in *Clamor* did not establish a bright line rule to retain jurisdiction. It should be sufficient that application of the well pleaded complaint rule in the context of this case will avoid Constitutional problems.

### III. CONCLUSION

Upon decertification, the Court should remand, based upon the well pleaded complaint rule.

Respectfully submitted this 5th day of January, 2007, at Anchorage, Alaska.

SAMUEL J. FORTIER
Attorney for Plaintiff

s/Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone No: (907) 277-4222
Facsimile: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

---

[29] *Hanson v. Blue Cross of California,* 891 F.2d 1384, 1389 (9th Cir. 1989).
[30] *Id.*

9

Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2007,
a true and accurate copy of the foregoing
was served electronically on:

Rebecca S. Cohen
Special Assistant Attorney General
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101

s/Samuel J. Fortier

10

Memorandum of Points and Authorities re: Amended Motion for Remand
Case No. 3AN-06-7869 CI
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*