**Comments:** Mr. Rosenbaum is very knowledgeable concerning the legal issues and authorities applicable to his main area of concentration - violent crime, guns and drug issues. He has always been willing to assist others in analyzing legal issues in these areas. During the rating period, Mr. Rosenbaum experienced a very bitter divorce which directly affected him emotionally, and, in turn, affected his work in some ways as he had less time and patience for providing assistance to others. While he generally meets all filing deadlines with well researched and thought out briefing, in a few instances he had some trouble with meeting these standards over the past rating period. Mr. Rosenbaum's personal problems during the rating period, should be considered as applicable to all performance elements.

*These observations*
*concerning*

DOJ0045

Form USA-260
Rev. 10/95

**2. Performance Element:**      IDENTIFIES, DEVELOPS AND STRUCTURES INVESTIGATIONS

**Performance Standards:** Performance standards must be written at the "Meets Expectations" level by defining expected performance in such terms as quality of work, quantity of work, timeliness, or individual or group goals and objectives. Standards may not be written at the "Falls to Meet Expectations" level.

1. Determines and resolves pertinent threshold issues relating to jurisdictional and policy guideline limitations for prosecution.
2. Conducts and directs investigations. Ensures investigations are complete and accomplished within established deadlines. Effectively utilizes resources of the U. S. Attorney's Office, other agencies, outside expert witnesses, and consultants.
3. Use of the grand jury is procedurally correct, well organized, timely, complete, and efficient.
4. Prosecutive theories, including relevant sentencing factors, are sound and persuasive, given the law and facts available, and investigative and charging documents are carefully drawn.
5. Identifies situations in which supervisory and/or other input will benefit investigation and seeks such input.
6. Identifies and coordinates with witnesses and victims in compliance with DOJ policies.
7. Fosters confidence and cooperation by demonstrating an appreciation of proper professional relationships between the attorney, court personnel, the opposition bar, agencies, the public and fellow employees.
8. Demonstrates an awareness of the needs of agencies and factors that into case decision making.
9. Evaluates the assets and resources of individual defendants, determining defendant(s) financial condition during the investigation and other proceedings, and coordinates with the financial litigation attorney and the forfeiture attorney.

In addition a NEW AUSA must meet at least one; an EXPERIENCED AUSA must meet at least two; and a SENIOR AUSA must meet at least three of the following:

1. Handles assignments involving substantively complex investigation issues and/or multi-agency participation, and resolves these matters in a manner which is most advantageous to the United States.
2. Demonstrates flexibility and creativity in guiding and resolving investigations.
3. Effectively handles more investigations (quantitatively).
4. Assists others in identifying, developing, and structuring investigations.

**Rating Level** (check one). Note: a concise narrative summary documenting the basis for the Rating Level is *required* when the Performance Standards have not been defined, above. Otherwise, additional documentation is optional.

| Falls to Meet Expectations | Meets Expectations | Substantially Exceeds Expectations |
|---|---|---|
|  | x |  |

**Comments:** Mr. Rosenbaum generally is meticulous in leading investigative efforts. He needs to build on these strengths sometimes by working on tempering his knowledge and skill at conducting investigations with patience in working with the various agencies and personnel.

Please see Comments to For Element 1.

DOJ0046

Form USA-360
Rev. 10/98

**Performance Standards:** Performance standards must be written at the "Meets Expectations" level by defining expected performance in such terms as quality of work, quantity of work, timeliness, or individual or group goals and objectives. Standards may not be written at the "Fails to Meet Expectations" level.

1. Consistently prepares witnesses carefully.
2. Articulates (heard and understood) assertively and persuasively.
3. Displays appropriate professional courtroom presence and demeanor.
4. Effectively organizes and presents evidence in pre-trial hearings, trials, sentencing, and related proceedings without unduly imposing on staff and court resources.
5. Effectively conducts cross-examination of witnesses.
6. Demonstrates complete familiarity with rules of procedure and evidence during all proceedings and is able to advance argument as needed.
7. Is thoroughly familiar with the case facts and applicable legal precedents, and presents the government's case in a logical manner consistent with legal theory.
8. Demonstrates effective coordination with other agencies by providing necessary information (i.e. referrals, copies of pleadings, motions, or other pertinent documents) in a timely manner.
9. When appropriate, introduces evidence into cases where there are financial losses to victims which fully identifies the losses of the victims and the disposition of the financial gain of the defendant to facilitate the discovery and recovery of such assets and provides a specific basis upon which the court may determine the losses to the victims so that the amounts of restitution may be established at the defendant's sentencing.
10. When appropriate, establishes a complete record of the elements of the crime in the cases of financial losses to victims so that a subsequent civil suit to recover the losses of the victims can be litigated successfully with a minimum of additional proof.
11. Communicates with the courts in a timely manner.

**In addition:** A NEW AUSA must meet at least one, an EXPERIENCED AUSA must meet at least two; and a SENIOR AUSA must meet at least three of the following:

1. Demonstrates a creative and convincing style in case presentation.
2. Independently organizes complex cases.
3. Assists others in the development of complex presentations and provides mentoring and/or formal training to other AUSAS.
4. Effectively argues significantly more complex cases.

**Rating Level (check one):** Note: a concise narrative summary documenting the basis for the Rating Level is *required* when the Performance Standards have not been defined, above. Otherwise, additional documentation is optional.

| Fails to Meet Expectations | Meets Expectations | Substantially Exceeds Expectations |
|---|---|---|
|  | x |  |

**Comments:** Mr. Rosenbaum is an excellent courtroom lawyer. He is always prepared and professional in his courtroom dealings.

DOJ0047

Form USA-360
Rev. 10/95

**4. Performance Element:** CONDUCTS PLEA NEGOTIATIONS

**Performance Standards:** Performance standards must be written at the "Meets Expectations" level by defining expected performance in such terms as quality of work, quantity of work, timeliness, or individual or group goals and objectives. Standards may not be written at the "Fails to Meet Expectations" level.

Performance is characterized by compliance with applicable policies, rules and procedures of the office, the Department of Justice, the Sentencing Guidelines and the Court in performing all of the following:

1. Makes charging decisions that have a positive direct or indirect impact on subsequent plea negotiations.
2. Conducts timely negotiations after consultation with the agency.
3. Writes plea agreements in clear terms and in accordance with office and Departmental guidelines, endeavoring to assure that plea agreements and sentences are enforceable and contain resolution of sentencing guideline issues.
4. Timely advises defense counsel of the government's position after the agency has been consulted.
5. Determines which plea negotiations need review by immediate supervisors per office guidelines and seeks such review.
6. Enters into plea agreements that result in the cooperation of defendants as cases permit.
7. Recommends a reasonable fine based on the defendant's ability to pay, ensuring that any information on the defendant's assets is forwarded to the collection attorney.
8. Takes measures that increase the likelihood that the special assessments are paid at sentencing.

**In addition:** A NEW AUSA must meet at least one; an EXPERIENCED AUSA must meet at least two; and a SENIOR AUSA must meet at least three of the following:

1. Coordinates with the financial litigation attorney, the forfeiture attorney, and other components of the criminal justice system to improve the enforcement of the criminal fines, restitution, forfeitures or other criminal monetary impositions.
2. Displays intuitive insight into the strengths and weaknesses of the positions of opposing party.
3. Demonstrates a seasoned understanding of, and facility with, the factual and legal variables involved in complex negotiations.
4. Assists other attorneys in the development of sentencing options and the application of sentencing guidelines, including restitution.
5. Utilizes knowledge of sentencing guidelines and recent appellate opinions to resolve the more difficult cases.

**Rating Level** (check one). Note: a concise narrative summary documenting the basis for the Rating Level is *required* when the Performance Standards have not been defined, above. Otherwise, additional documentation is optional.

| Fails to Meet Expectations | Meets Expectations | Substantially Exceeds Expectations |
|---|---|---|
| | x | |

**Comments:** Due to the nature of his practice, Mr. Rosenbaum often has to conduct a large quantity of plea negotiations in a short period of time. While he is generally able to conclude all negotiations within the office's policy deadlines, on occasion he has had difficulty meeting this requirement. Mr. Rosenbaum has a vast amount of knowledge about the sentencing guidelines and their application to the areas of violent crime, drugs and guns. He is an excellent resource for others in this area when he is *able* to take the time and patience. *has the*

DOJ0048

Form USA-360
Rev. 10/95

**5. Performance Element:**     MANDATORY PERFORMANCE ELEMENTS

**Performance Standards:** Performance standards must be written at the "Meets Expectations" level by defining expected performance in such terms as quality of work, quantity of work, timeliness, or individual or group goals and objectives. Standards may not be written at the "Fails to Meet Expectations" level.

1. Effectively manages assigned caseload by meeting deadlines. Independently ensures the accurate and timely submission, update, and correction of attorney resource management forms (e.g. USA-5 and USA-5A) and case management information.
2. When assigned, makes timely evaluations of FOIA requests; transmits FOIA complaints immediately upon service of process to the program office responsible for processing the requested files; coordinates cases with client office responsible for making initial FOIA determinations; and conducts appropriate litigation review of FOIA cases in accordance with current relevant DOJ policy.
3. Identifies unusual problems within case management system and suggests solutions to supervisor.

**Rating Level** (check one). Note: a concise narrative summary documenting the basis for the Rating Level is *required* when the Performance Standards have not been defined, above. Otherwise, additional documentation is optional.

| Fails to Meet Expectations | Meets Expectations | Substantially Exceeds Expectations |
|---|---|---|
|  | X |  |

Comments:

DOJ0049

Form USA-260
Rev. 10/95

# EXHIBIT 17

| Subject | AUSA Rosenbaum-Security | Date | April 30, 2004 |
|---|---|---|---|
| | | From | AUSA Skroc[signature] |

To  Tim Burgess-US Attorney
Deb Smith-First Assistant/Criminal Chief

It is my understanding that office management is examining the possibility of workplace disciplinary action against AUSA Mark Rosenbaum. In my capacity as District Office Security Manager I strongly advise that in the event AUSA Rosenbaum receives any type of restriction from duty that in the interests of office security he be prohibited from entering the Federal Building/US Courthouse and Federal Building Garage. In conjunction with this recommendation I also strongly recommend that the following steps be taken immediately upon notice of the adverse action:

-That his Federal Building Identification Badge (the Blue Badge) and accompanying access card he surrendered and USA notified to disable the access card codes, (there could be two cards, or one combined access/id card)
-That his vehicle identification sticker (the red sticker in the center of the windshield) be removed from his vehicle until re-instatement.
-That any access codes utilized by him (there may he more than one) to gain access to the office space be disabled.
-That his Assistant U.S. Attorney Credential (Cred) be obtained until the adverse action is resolved and that ITS be notified he is not to enter the Federal Building without passing through the magnetometer.

redacted

Please sign and return the original for my files.

TIMOTHY M. BURGESS
UNITED STATES ATTORNEY

DEBORAH SMITH
FIRST ASSISTANT U.S.
ATTORNEY/CRIMINAL CHIEF

DATE

DATE

RFP3-0044

RFP3-0045

# EXHIBIT 18

| Subject | Memo Re: Personnel Action | Date | June 1, 2004 |
|---------|---------------------------|------|--------------|
| To | Deb Smith-First Assistant/Criminal Chief | From | AUSA/DOSM Steve Skrocki |

      Please find attached a draft memo regarding my actions with regard to the May 12, 2004 personnel action against AUSA Mark Rosenbaum.

USAO001521

# Memorandum

# **DRAFT**



| | | | |
|---|---|---|---|
| Subject | Security Re: Personnel Action-AUSA Mark Rosenbaum | Date | June 1, 2004 |

| | | | |
|---|---|---|---|
| To | Timothy M. Burgess<br>U.S. Attorney | From | AUSA Steve Skrocki<br>District Office Security Manager |

Deborah Smith
First Assistant/Criminal Chief

Personnel Security File-2004
District Office Security Manager

In late April, 2004, in my capacity as District Office Security Manager (DOSM) I became aware about the possibility of a pending personnel action by the U.S. Attorney with regard to AUSA Mark Rosenbaum. The following information details my actions as DOSM with regard to the events leading up to, during and after the personnel action which occurred on May 12, 2004.

**April 30, 2004**

I provided a memorandum to the U.S. Attorney and First Assistant informing them of my understanding that a personnel action against AUSA Rosenbaum was possibly forthcoming. The memo, attachment 1, lists my recommendations to the U.S. Attorney and First Assistant with regard to specific recommendations to insure office personnel security. The basis for this recommendation was based on information received by me either through my capacity as DOSM, or via other employees in the office with regard to AUSA Rosenbaum:

Redacted

USAO001522

# DRAFT

*Redacted*

Given the above information, on April 30, 2004, by memorandum I recommended that the U.S. Attorney take the following steps if any adverse action against AUSA Rosenbaum was implemented which resulted in him being barred from the officer for a period of time. These recommendations were:

> -That his Federal Building Identification Badge (the Blue Badge) and accompanying access card be surrendered and GSA notified to disable the access card codes,
> -That his vehicle identification sticker (the red sticker in the center of the windshield) be removed from his vehicle until re-instatement.
> -That any access codes utilized by him to gain access to the office space be disabled.
> -That his Assistant U.S. Attorney Credential be obtained until the adverse action is resolved and that FPS be notified he is not to enter the Federal Building without passing through the magnetometer as any other citizen would be required to do before entering the building.

The foregoing conditions were requested inasmuch as it was not known how AUSA Rosenbaum would react to any adverse action while in office.

## May 10, 2004

On May 10, 2004 I received an email from Tommie Barnes, Security Programs Staff from EOUSA in my capacity as DOSM. Barnes forwarded to me an email from Stuart Melnick ("Melnick"), Assistant General Counsel, General Counsel's Office, EOUSA which Barnes received that day. I had not, nor have ever spoken to Mr. Melnick. The email from Melnick stated:

USAO001523

# DRAFT

*attorney-client privileged — Redact*

Barnes email to me requested that I discuss this issue with him. (Exhibit 2) I forwarded the email to the U.S. Attorney and the First Assistant/Criminal Chief stating that before I spoke to Barnes, I wanted to discuss the issue with them. (Exhibit 3)

*Redacted*

I agreed with their assessment and informed them I would relate this information to Barnes. I was also instructed to find out from Barnes what procedures he would recommend in terms of maintaining office and personnel security.

**May 10, 2004 Call to Tommie Barnes**

I spoke with Barnes that afternoon. I relayed to Barnes that management was seeking to place AUSA Rosenbaum on leave for two weeks and that they wished to know what they could with regard to office safety. I informed Barnes of the following information,

*Redacted*

USAO001524

RFP3-0063

# DRAFT

*Redacted*

I informed
Barnes of my April 30 memo to the U.S. Attorney and asked him if he thought those steps were
permissible and appropriate. He indicated that they were.


Per the request of the U.S. Attorney, I also asked him about what the security
steps the office should take with regard to informing AUSA Rosenbaum of the disciplinary
action. Barnes stated and recommended the following actions, all of which he indicated were
normal procedures:

-that a member of management staff and myself search AUSA Rosenbaum's
office for security related items, like firearms and knives prior to any adverse action.

-that I contact FPS or the Marshals to provide two- plain clothes escorts for
AUSA Rosenbaum after he was notified of the personnel action, and advised that the assigned
individual remain in the room during notification,

-that a box be provided so that he may remove a limited amount of personal
effects,

-that it be done in a setting that allowed for easy security, ingress, or egress.

-that he turn over his building credential, pass card, U.S. Attorney credential,

-that the U.S. Attorney's Office deactivate his Hirsch pad entry code to take effect
during the meeting,

USAO001525

# DRAFT

-that his building identification sticker for his vehicle be removed,

I met with the U.S. Attorney and First Assistant later that afternoon and advised them of Barnes' advice. The agreed with all of the foregoing recommendations, however they insisted on meeting with AUSA Rosenbaum personally with no guard present. I was instructed to contact Federal Protective Service to arrange for the presence of two plain-clothes offices for the afternoon, May 12, 2004.

Redacted

**Coordination with Federal Protective Service-May 11, 2004**

On May 11, 2004, I met with Tim Bleicher, head of the Federal Protective Service division in

USAO001526

**DRAFT**

Anchorage. I met with Tim privately in his office and stated that our office had a personnel issue where we required the assistance of his office and informed him the action we spoke of the day before was inevitable. At that time, I informed him that the action was directed toward AUSA Rosenbaum. I informed him of the recommendations made by Barnes. He agreed with the recommendations and commented that they were standard operating procedure and he had done this before.

Redacted

Also, at some point, mid-afternoon, I discussed the security procedures with Janice Wenz, the Administrative Officer, and Colleen Dow, her assistant. The purpose of that meeting was to instruct them to deactivate AUSA Rosenbaum's access code so that he would be unable to access the office after the personnel action was initiated. They had been advised of the pending personnel action and had previously taken steps to deactivate AUSA Rosenbaum's access code.

USAO001527

DRAFT

Redacted

USAO001528

RFP3-0067

DRAFT

Redacted

USAO001529

RFP3-0068

Redacted

USAO001530

# EXHIBIT 19

Tommie: Threat Assessment

redacted

Tommie: assessment
How to do it / guidance of action need
justification / tell him what ..

USAO001539

RFP3-0051

: mc| who watches him...

: Clear out. what?
→ home to reduction period of time...

→ bring time of day ... 5 pm...

→ explain + office..?

USAO001540

RFP3-0052

Strategy

T/C Tom Barnes:

- if proposed to remove

- If anything we're concerned about

Tomock
Aspects
- pull card, pull sticker, pull bldng. i.d.  ) perception...
- carry out id. Scott macson, leave Wort ray.  )

- phase @ guards...

- keep tabs on custody.

- if formal cover persons, ... same leave given - got staff...

- recommendations: Security in bldng, standing by, same floor
        2 exits, out. room ... not id office... newal
        lease, sterile
      5 am guards standing by ... personal staff...

        - guard there... FPS or marshal
        - USA not there...
        - 1st Assistant?
        - me & 1st assistant / Tucker...

USAO001541

RFP3-0053

~ fix for end., family clearance ...

: supplemental instruments

: if papers was @ liquidation, no harm
doing the screening ...

*illegible*

: tonight: cross in ✓ of work are tonight ...

: contact G. counsel for TNT ...

: good very close on walk back the office ...

: if terminates yesold, we box up 3 we ship ...

low high
1 to 5
L 3 to 4.

USAO001542

RFP3-0055

# EXHIBIT 20

Home duty–step taken because you are disruptive to functioning of the office and fulfillment of the office's mission.

I know this change will be very stressful for you and I am making a mandatory referral to the Employee's Assistance Plan. Please sign this letter. Eileen Grady will be speaking with you, as well as Ed Neunliss of EAP.

Duty station is your home Assigned to do appeals. Your District Court matters will be reassigned.

Must be reachable by your lap top email and home phone from 8:30-5:30, with exception of one hour lunch noon to one.

Assignment is indefinite, will review it in two weeks.

While you are out of the office, will make a decision on appropriate disciplinary measures. Do not want to jeopardize your possibility of early retirement, if it can be avoided.

Lane Tucker is your supervisor for matters related to leave and access to the office. The leave restriction letter remains in effect–with one exception, email Lane at beginning of day, rather than call her.

Follow all terms of the home duty letter.

There are DOJ standard procedures in matters such as these that we're required to follow. For example, you cannot enter the office or federal building while on home duty without an escort. Need for you to surrender card key and key to office now. Your access code is being removed from security system.

It is DOJ procedure for the office security manager and an officer of the Federal Protective Service to go with you to your office while you collect your lap top and any personal belongings you want to take home. They will escort you to your car and the sticker will be removed.

You are currently assigned to complete two appeals US v. Phillips and US v. Zamora. Here is the appellant's brief and excerpt of the record in Zamora. We've also provided leave slips and franked envelopes to return them to the office in accord with the leave restriction letter and home duty letter.

USA0005717 *Labelled in directory: "Rosenbaum Notes For Meeting"*

RFP3-0057



**Skrocki, Steven**

| | |
|---|---|
| From: | Skrocki, Steven |
| Sent: | Monday, May 10, 2004 9:59 AM |
| To: | Smith, Deborah (Alaska); Burgess, Tim |
| Subject: | FW: |
| Importance: | High |

I would like to talk with you before I call Tommie, I will come down shortly. Steve

-----Original Message-----
From: Barnes, Tommie
Sent: Monday, May 10, 2004 9:51 AM
To: Skrocki, Steven
Cc: McIver, Kevin
Subject:

Steve,

Lets' discuss this when you get a minute.

Tommie

-----Original Message-----
From: Melnick, Stuart G
Sent: Monday, May 10, 2004 1:49 PM
To: Barnes, Tommie
Subject: Mark Rosenbaum

redacted due to attorney-client privilege

RFP3-0058

RFP3-0059