SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY A. BURGESS, DEBORAH M. SMITH, STEVE SKROCKI, TIM BLEICHER, and JOHN DOE I,<br><br>        Defendants. | )<br>)<br>) Case No. 3:06-cv-144 RJB<br>)<br>)<br>) AFFIDAVIT OF MARK A. ROSENBAUM<br>)<br>)<br>)<br>) |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | )<br>) ss.<br>) |

MARK A ROSENBAUM, deposes and states as follows:

1. All statements made herein are based upon my own personal knowledge.

2. I was employed by the U.S. Attorney's Office, District of Alaska, at the U.S. Attorney's Office in the Anchorage Federal Building, from April 23, 1984 to September 30, 2004, when I was compelled to take early retirement.

3. During the course of my employment with the U.S. Attorneys Office, I had a superior employment record. I received each and every available pay increase from

1984 to 1989, when I reached the top of the pay scale for an Assistant U.S. Attorney. During the course of my employment, I received commendations from the Drug Enforcement Administration, the Organized Crime Drug Enforcement Task Force, the Internal Revenue Service, the U.S. Customs Service, the Immigration and Naturalization Service, the Federal Bureau of Investigation, the Anchorage Police Department, and the United States Secret Service, amongst others.

4.  I was responsible for many of the complex multi-party drug related cases handled by the U.S. Attorneys Office from 1990 to 2001, during which time I was the Organized Crime Drug Enforcement Task Coordinator for over eight years.

5.  I have known Timothy Burgess since he was hired as an Assistant United States Attorney for the District of Alaska in 1988. Tim and I were good friends for a number of years. My ex-wife and I would attend social functions at Tim's house and I would assist Tim in some of his home improvement projects. After my wife and I were divorced, Tim and I remained friends.

6.  I know Deborah Smith. While working with Deborah Smith at the U.S. Attorney's Office in the mid 1980's, it came to my attention that Ms. Smith had filed an Affidavit with the Ninth Circuit seeking an extension of time. The affidavit was materially false. I brought this matter to the attention of the U.S. Attorney. Ms. Smith thereafter left the Anchorage Office to work for the Department of Justice in several other cities. During this period, she participated in some high profile prosecutions, including that of the Reverend Jim Baker, in North Carolina.

Affidavit of Mark A. Rosenbaum                2
Case No. 3:06-cv-144-RJB
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

7. Ms. Smith returned to Anchorage following Timothy Burgess' elevation to U.S. Attorney in 2001. Ms. Smith displayed an obvious personal animus against me, which I believe, at least in part, arose out of the incident involving the false Ninth Circuit affidavit.

8. Timothy Burgess began to display an enormous amount of personal animosity against me following Deborah Smith's return, even though one of his first acts in office was to confer a $3,000 cash award on me (prior to Ms. Smith's arrival). However between 2002 and 2004, there were a number of occasions when he demonstrated clearly unnecessary hostility against me.

9. Steve Skrocki, who became an Assistant United States Attorney between 1990 and 1992, and rarely tried a case by himself, also developed and demonstrated an inordinately intense personal dislike for me. Because his conduct cannot be rationally explained in any other way, I can only conclude that it is based upon the fact that I am Jewish and he has a bias against people who are not Christians like himself. Again, this is unrelated to office or work related activities.

10. Before May, 2003, I had never had any disciplinary action taken against me in 19 years as an Assistant United States Attorney.

11. Following my divorce in 1997, which was extremely bitter, I recused from social engagements for several years. In 2000, I began dating an individual from Texas who moved to Alaska to become a federal probation officer. That relationship ended in January, 2002. In February, 2002, I learned that my former significant other was pregnant, and I also learned that I was the father.

Affidavit of Mark A. Rosenbaum                3
Case No. 3:06-cv-144-RJB
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

12. I did inform Timothy Burgess of this matter, as I was assisting the mother of my child prepare for the birth. Our daughter was born prematurely at 5 ½ months on August 9, 2002. This was a stressful time for me. I had a full load of cases, and I also was dealing with a daughter requiring intense care, and a woman who was extremely angry over our failed relationship. We became involved in a bitter court fight over my right to shared custody.

13. In February 2001, I prosecuted a complex drug case involving multiple defendants, including some associated with a motor cycle gang. Following numerous convictions of defendants, one evening I came out to find the tires of my truck slashed, and in a manner consistent with "a professional job". I spoke with DEA and USMS personnel regarding the incident. I was advised that I was in great danger and that I should carry a firearm. I took a weapons class, obtained a concealed weapons permit, and began carrying firearm in my truck. I also informed my Mr. Skrocki.

13. In August 2002, my daughter's mother followed me in my truck and used her cell phone to call the Anchorage Police Department and have me arrested for driving under the influence. This was a first of its kind event for me. Because I had the firearm in the truck, I informed the officer, and was also cited for misdemeanor conduct. This charge was dismissed. I reported the matter to my supervisor, pleaded no contest to the DUI and served the mandatory 72 hours.

14. No disciplinary action was taken against me on the DUI matter until the following May. Then, I received a notice from Deborah Smith that informed me that I would be suspended for 14 days without pay for conduct unbecoming of an AUSA on

Affidavit of Mark A. Rosenbaum   4
Case No. 3:06-cv-144-RJB
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

account of the DUI conviction. The same notice also referenced several other alleged events, some many years old, as well as an incident that occurred in 2001 that had no relationship to the DUI, and involved a matter that I had previously self-reported. That matter was with respect to the firearm that I had forgotten to take out of my truck, but that I reported to the FPS at the time of the event.

15. I did challenge the proposed 2003 disciplinary action because I felt the charges beyond the DUI were manufactured and outside the norm. I retained an experienced employment lawyer, Lee Holen. Ms. Holen sought, and was denied an opportunity to make an oral presentation. We also pointed out that, in view of the extremely difficult legal proceedings I was involved with in the custody fight concerning my daughter, that the suspension would tax my financial abilities.

16. Mr. Burgess considered the appeal, and sustained the suspension, but reduced the days suspended without pay from 14 to 10.

17. I served my 10 days suspension. When I returned to work following the hostility increased. I observed another AUSA, Retta Randall, clock me in each day. I would occasionally arrive a few minutes late. This occasional tardiness increased the hostility.

18. On May 12, 2004, shortly after 5:00 p.m., I was summoned to the US Attorney's Office. When I arrived, Debra and Tim were there. One of them said to have a seat. I was directed to take a seat near Debra Smith. Debra Smith took the lead, and stated that they had more than 1 report that I had made threats to an employee and therefore I was being assigned to work at home. I was incredulous. I filled out their

Affidavit of Mark A. Rosenbaum     5
Case No. 3:06-cv-144-RJB
*Mark A. Rosenbaum v. Timothy A. Burgess, et. al.*

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

paperwork. Steve Skrocki entered. He had two plain clothes officers behind him. I was ordered to go with Skrocki. I did as I was instructed. Please see my previous affidavit.

19. Each of the individuals involved in the May 12, 2004 meeting who detained me, forced me to the elevator and thence to my vehicle in the garage did so without any rational or factual basis and out of total personal animus, without any honest motivation with respect to their employment.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

/s/ Mark A. Rosenbaum

SUBSCRIBED AND SWORN to before me this 5th day of January 2007.

/s/ Dagmar C. Mikko
Notary Public in and for the State of Alaska
My commission expires: 3/10/2007

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2007,
a true and accurate copy of the foregoing
was served electronically on:
Gary M. Guarino, Assistant Attorney General
222 West 7th Avenue, #9, Rm. 253, Anchorage, AK 99513-7567

/ s / Samuel J. Fortier