JOHN McKAY
United States Attorney
Western District of Washington

REBECCA S. COHEN
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK ROSENBAUM, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY A. BURGESS; DEBORAH M. SMITH; STEVE SKROCKI; TIM BLEICHER; and John Does I, <br><br> Defendants. | Case No. 3:06-cv-00144-RJB <br><br> **DECLARATION OF TOMMIE BARNES** |

I, Tommie Barnes, hereby declare as follows:

1. I am the Assistant Director for the Security Programs Staff at the Executive Office for United States Attorney's ("EOUSA") in Washington, D.C., and have been in this position since June 1996. I have been an employee of EOUSA since June 1995. I make this declaration on personal knowledge.

2. EOUSA is an office within the United States Department of Justice. EOUSA

provides the 93 United States Attorneys (and 94 United States Attorney's Offices) with general executive assistance and direction, policy development, administrative management direction and oversight, operational support, and coordination with other components of the Department of Justice and other federal agencies. These responsibilities include certain legal, budgetary, administrative, and personnel services, as well as legal education.

    3. The Security Programs Staff provides policy and procedural assistance to the United States Attorney's Offices for the implementation and conduct of all aspects of security programs. I am the head of the Security Programs Staff. EOUSA provides security program support to the United States Attorney's Offices in the following manner:

- Policy and procedural assistance to USAOs for the implementation and conduct of all aspects of security programs in accordance with applicable statutes, Executive Orders and Departmental Orders, to ensure regulatory requirements and the unique needs of each office are met.
- General and specialized security training for all personnel responsible for security-related duties.
- Support for USAO security education and awareness efforts, including conferences, briefings, videos, brochures, and other materials.
- Budgetary and facilities management support to facilitate the design, procurement, and installation of all security-related equipment, services, and systems.
- Emergency and contingency planning support and emergency security support in response to reported threats.
- A structured methodology for analyzing the overall security practices of each USAO and determining office-unique security requirements.
- Oversight to identify weaknesses; provide assistance and advice; ensure compliance with all national and Departmental security policies and regulations; and formulate

Rosenbaum v. Burgess, et al.
Case No. 3:06-cv-00144-RJB

2

constructive recommendations to improve the overall quality of security programs and support.

4. Neither employees nor the public have a right to enter a U.S. Attorney's Office beyond the reception area that is accessible to the public. U.S. Attorneys have the ability to restrict access to the Office beyond the reception area, including access by employees. U.S. Attorneys and their delegees, including District Office Security Manager and First Assistants, can request Federal Protective Services ("FPS") officers to escort individuals out of the Office, including employees who are subject to discipline or termination.

5. On May 10, 2004, I spoke with DOSM Steven Skrocki by telephone. The purpose of our telephone conversations was for DOSM Skrocki to ascertain what security measures, if any, could be taken with respect to plaintiff Mark Rosenbaum's placement on home duty. I informed DOSMS Skrocki that adverse personnel matters often require special security considerations due to the potential for violent emotional outbursts. I told DOSM Skrocki that after being notified about the home duty, and as a precaution, the plaintiff could be escorted from the building (and to his office to retrieve personal possessions) by FPS officers. I also agreed that DOSM Skrocki should deactivate plaintiff's access to the Office and to obtain his pass card, DOJ credential, building pass, and vehicle sticker.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __8TH__ day of January, 2007, at Washington, D.C..

*Tommie Barnes*
Tommie Barnes

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2007, a copy of the foregoing Declaration of Tommie Barnes was served electronically on Samuel J. Fortier.

/s/ Jing Y. Xu