JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

REBECCA S. COHEN
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK ROSENBAUM,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendants. | Case No. 3:06-cv-00144-RJB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the United States of America ("Defendant") respectfully asks the Court to dismiss Plaintiff Mark Rosenbaum's Complaint for lack of subject matter jurisdiction. As discussed below, Plaintiff failed to file a administrative claim with the Department of Justice prior to instituting this action, and Plaintiff therefore failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA"). In addition, Plaintiff's Complaint should be dismissed to the extent his claim is based upon the actions of former defendants

Timothy Burgess, Deborah Smith, and/or Steven Skrocki, who are not (and were not) investigative or law enforcement officers of the United States.

## II. FACTUAL BACKGROUND

Plaintiff Mark A. Rosenbaum is a former employee of the United States Attorney's Office for the District of Alaska. On May 12, 2004, then-U.S. Attorney Timothy Burgess and then-First Assistant United States Attorney Deborah Smith informed Plaintiff that a decision had been made to place him on home duty effective immediately. After being notified of this decision, Plaintiff was escorted out of the office in the company of two Federal Protective Service ("FPS") officers, Timothy Bleicher and Travis Just, as well as Steven Skrocki, an Assistant United States Attorney and the District Office Security Manager ("DOSM").

On May 11, 2006, Plaintiff filed a Complaint against Timothy Burgess, Deborah Smith, Steve Skrocki, Tim Bleicher, and John Doe 1 in the Superior Court for the State of Alaska, Third Judicial District. *See* Complaint (Dkt. No. 1-2). In his Complaint, Plaintiff alleged that he was unlawfully imprisoned during the time period in which he was escorted from the office on May 12, 2004. Complaint ¶ 8 (Dkt. No. 1-2).

One day after filing his Complaint in State Court, Plaintiff filed an administrative tort claim with the Department of Justice. Touhey Decl. ¶ 2. Although somewhat ambiguous as to the basis for his request for monetary damages, the administrative tort claim appears to assert Constitutional and employment discrimination claims against the Government with respect to the events that occurred on and after May 12, 2004. Touhey Decl., Ex. A. Plaintiff's administrative tort claim remains pending with the Department of Justice. Touhey Decl. ¶ 2.

On June 13, 2006, the United States removed the Alaska Superior Court case to this Court pursuant to 28 U.S.C. § 2679(d), because the defendants were acting within the scope of their office or employment at all times relevant to Plaintiff's allegations. *See*

Notice of Removal (Dkt. No. 1-1). In addition, the United States filed a Certification from Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, stating that the individuals were acting within the scope of their employment. Pyles Certification (Dkt. No. 1-3). Accordingly, pursuant to 28 U.S.C. § 2679(d)(2), this case was "deemed an action against the United States . . . ."

Plaintiff subsequently challenged the scope certification filed by the Government, and the Court allowed limited discovery into the issue of scope of employment. *See* Court's Order of September 18, 2006 (Dkt. No. 29). After the conclusion of discovery, the Court granted the Defendants' motion to amend the caption and substitute the United States as defendant, and denied Plaintiff's motion for an evidentiary hearing. *See* Court's Order of February 23, 2007 (Dkt. No. 66). Accordingly, the United States is now the sole defendant in this action, and Timothy Burgess, Deborah Smith, Steven Skrocki, Timothy Bleicher, and John Doe 1 have been dismissed as parties.

### III.  ARGUMENT AND AUTHORITY

Plaintiff has the burden of establishing the jurisdiction of this Court. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (noting that a federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears). Even where a plaintiff's pleadings are technically sufficient to establish some basis of jurisdiction, a Rule 12(b)(1) motion may also allege that there is an actual lack of jurisdiction. *See, e.g.*, *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### A. This Court Lacks Jurisdiction Over Plaintiff's Claim Because Plaintiff Failed to File an Administrative Claim Before Instituting this Action.

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Any waiver of that immunity must be strictly construed in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S.Ct. 1011, 1014-15 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). The FTCA, 28 U.S.C. §§ 1346(b), 2671-80, is a limited waiver of sovereign immunity, rendering the United States liable for certain torts of federal employees. Under the FTCA, and subject to certain exceptions, the United States the can be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA is the exclusive remedy for state law torts committed by Federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1).

The FTCA provides an express limitations period for the filing of a tort claim. Under the terms of the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). The FTCA's two-year limitations period, like other substantive or procedural restrictions on FTCA suits, is a condition on the Government's waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352 (1979). Because it is part of the waiver of immunity, the requirement of the filing of

a timely administrative claim must be strictly enforced. *Id.* at 117-118. The administrative claim requirement is jurisdictional and may not be waived. *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir. 2002), *opinion amended and rehearing denied*, 298 F.3d 754 (9th Cir. 2002). The Supreme Court has held that "Section 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *Id.* at 117. Although the burden caused by excusing a plaintiff's failure to adhere to the requirement of filing a timely administrative claim in an individual case "may be slight," the "interest in orderly administration of this body of litigation is best served by adherence to the straight-forward statutory command." *McNeil v. United States,* 508 U.S. 106, 112 (1993).

In the case at hand, Plaintiff never filed an administrative claim with the Department of Justice encompassing the same unlawful imprisonment tort claim that he has asserted in this case. Even if the Court were to construe the pending administrative claim to include such a tort claim for unlawful imprisonment, Plaintiff still failed to comply with the requirements of the FTCA because this case was filed <u>before</u> the filing of the administrative claim. As explained by the United States Supreme Court in *McNeil v. United States*, 28 U.S.C. § 2675(a) effectively prohibits a plaintiff from proceeding with a case that has been filed prior to the presentation and disposition of an administrative claim. This requirement stems from the plain language of the statute, which reads in relevant part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have ***first*** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).

In *McNeil*, the plaintiff filed his FTCA lawsuit and, four months later, presented an administrative claim to the appropriate agency. The administrative claim was denied within a matter of weeks. *McNeil*, 508 U.S. at 108. The District Court subsequently granted a motion to dismiss filed by the Government, concluding that McNeil's lawsuit was premature. *Id*. at 109. On appeal, the Seventh Circuit agreed that the lawsuit had been filed too early and explained: "'Unless McNeil began a fresh suit within six months after [the administrative denial of his claim], he loses.'" *Id.* (citing 964 F.2d 647, 648-649 (1992)). McNeil then appealed the Seventh Circuit's decision to the Supreme Court.

The Supreme Court recognized that there was a split in the circuits on this issue. Some circuits (although not the Ninth Circuit) had permitted "a prematurely filed FTCA action to proceed if no substantial progress has taken place in the litigation before the administrative remedies are exhausted." *Id.* at 110. The Court rejected these decisions, stating that "[w]e find this argument unpersuasive," *Id. at* 112, and concluding that the "most natural reading of the statute [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies **before** invocation of the judicial process." *Id*. at 112 (emphasis added). The Court went on to explain:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by **strict adherence** to the straightforward statutory command.

*Id.* (emphasis added).

The Ninth Circuit has applied the same reasoning in *Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992), and *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000), *cert. denied*, 531 U.S. 1037 (2000). In *Jerves*, the Court noted that the exhaustion requirement

is jurisdictional, and added: "We cannot permit Jerves to commence an action in district court prior to the fulfillment of the conditions established by Section 2675(a)." *Jerves*, 966 F.2d at 519-21. Then, in *Brady*, when the plaintiff asked that his FTCA action be allowed to proceed where he had filed suit before his claim was presented, the Ninth Circuit again said that "[s]uch a claim must be presented to an agency *before* an action may be filed in district court." *Brady*, 211 F.3d at 503 n. 3.

The same doctrine applies equally in this case. Even if Plaintiff did file an administrative claim with the Department of Justice that contains the same unlawful imprisonment tort claim he has asserted here, that administrative claim was filed after he commenced the instant action. The Supreme Court's holding in *McNeil* therefore mandates that this case be dismissed.

### B. Under the FTCA, the Court Should Dismiss Plaintiff's Unlawful Imprisonment Claim to the Extent it is Based on the Actions of Timothy Burgess, Deborah Smith, or Timothy Bleicher.

Certain types of tort claims, although otherwise within the scope of the FTCA, are excluded from the Act's coverage by 28 U.S.C. § 2680. In other words, the United States has not waived sovereign immunity, and the courts do not have subject matter jurisdiction, as to the types of claims/exceptions enumerated in 28 U.S.C. § 2680. One such exception is the so-called "intentional torts" exception found at 28 U.S.C. § 2680(h), which precludes:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is

>empowered by law to execute searches, to seize evidence, or to made arrests for violation of Federal law.

28 U.S.C. § 2680(h).

This statute precludes an unlawful imprisonment claim against the United States with respect to the actions of any Federal employees who are not "investigative or law enforcement officers." *See Arnsberg v. United States*, 757 F.2d 971, 978 (9th Cir. 1985) ("The FTCA, however, limits the United States' liability to instances where wrongful acts by law enforcement officers cause the unjustified imprisonment."); *Metz v. United States*, 788 F.2d 1528, 1532 (11th Cir. 1986) ("We conclude that the provision permitting governmental liability on the basis of actions of law enforcement officers cannot be expanded to include governmental actors who procure law enforcement actions, but who are themselves not law enforcement officers. The law enforcement proviso by its terms is limited to 'acts or omissions of investigative or law enforcement officers.'"). United States Attorneys and their assistants are not investigative or law enforcement officers. *Ware v. United States*, 838 F. Supp. 1561, 1563-64 (M.D. Florida 1993) ("The United States Attorney and his assistants are not 'investigative or law enforcement agents' for whose intentional torts the government may be held liable under 28 U.S.C. § 2680(h)."). Consequently, to the extent that Plaintiff's unlawful imprisonment claim is based on the actions of Burgess, Smith, and/or Skrocki, his claim must be dismissed.[1]

---

[1] As discussed above, the Government believes that Plaintiff's Complaint must be dismissed in its entirety due to Plaintiff's failure to file an administrative tort claim before instituting this action. In addition, the Government sharply disputes Plaintiff's factual assertion that he was unlawfully imprisoned on May 12, 2004. That said, the Government concedes that if Plaintiff had properly filed this action *after* filing an administrative claim (and the claim had been denied or six months had elapsed without a denial), there would be subject matter jurisdiction for Plaintiff to assert a claim against the United States based solely on the actions of the FPS officers, as FPS officers are "investigative or law enforcement officers" as contemplated by the statute.

## IV.  CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to dismiss Plaintiff's Complaint.  A proposed form of order is submitted herewith for the Court's consideration.

Respectfully submitted this 21st day of March, 2007.

JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

/s/ Rebecca S. Cohen
Rebecca S. Cohen, WSBA #31767
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorney for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2007,
a copy of the foregoing Memorandum of Points
and Authorities was served electronically
on Samuel J. Fortier
/s/ Jing Y. Xu