# Exhibit A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>United States Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 888<br>Benjamin Franklin Station<br>Washington D.C. 20044 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Mark A. Rosenbaum<br>c/o Fortier & Mikko, P.C.<br>101 West Benson Blvd., #304<br>Anchorage, AK 99503 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>02/17/59 | 5. MARITAL STATUS<br>-Select- S | 6. DATE AND DAY OF ACCIDENT<br>05/12/04 -Select Day Wednesday, | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

(See Attached)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code). c/o Fortier & Mikko, P.C.
Mark A. Rosenbaum, 4940 Byrd, Lane, Anchorage, AK 99502

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

(See Attached)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

(See Attached)

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| (See Attached) | (See Attached) |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $25,000.00 | $2,000,000.00 | -0- | $2,025,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>[signature] | 13b. Phone number of person signing form<br>(907) 243-2400 | 14. DATE OF SIGNATURE<br>11 May 2006 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109         NSN 7540-00-634-4046         STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance? [ ] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   [X] No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?
[ ] Yes   [ ] Full Coverage
[ ] No    [ ] Deductible

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   [ ] No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95 BACK

## Form 95-108
## Attachment to Claim for Damage, Injury, or Death

1. **Submit to Appropriate Federal Agency:**

    (b)  United States Attorney
    District of Alaska
    Federal Building & U.S. Courthouse
    222 West 7th Avenue, #9, Room 253
    Anchorage, Alaska 99513-7567

8. **Basis of the Claim:**

Mark A. Rosenbaum was, on May 12, 2004, an Assistant United States Attorney ("AUSA") completing his 21st year as a AUSA. He was employed as an Assistant U.S. Attorney in and for the District of Alaska, and based at 222 West 7th Avenue, #9 Room 253, Anchorage, Alaska, 99513-7657.

The U.S. Attorney and the Department of Justice both knew and/or had reason to know, that Mr. Rosenbaum had several disabilities that required reasonable accommodations, and that Mr. Rosenbaum was fully qualified for his position as AUSA. These disabilities included vision issues (Mr. Rosenbaum had corneal transplants in the early 1980's and as a result, was totally dependent on hard, gas-permeable corrective contact lenses). Due to the nature of the transplants, Mr. Rosenbaum had difficulty, from time to time, with placement of the lenses. In addition, Mr. Rosenbaum was also suffering physical ailments, including gastro-intestinal difficulties, and a herniated disk at C-2, C-3.

On May 12, 2004, between 5:00 p.m. and 5:15 p.m., U.S. Attorney Timothy M. Burgess and his first assistant, Assistant U.S. Attorney Deborah M. Smith, summoned

Mr. Rosenbaum into the U.S. Attorney's conference room, and advised him that, effective May 12, 2004, he would be required to vacate his office, and be placed on a "home duty", where he would be expected "to remain at your home and be available by email and your home telephone during your normal duty hours, from 8:30 to 5:30 p.m." *See* Exhibit 1 hereto. Further, he was instructed that he was permitted to be "away from your home phone" only during the lunch hours, from 12:00 - 1:00 p.m. In effect, he was placed under house arrest. *Id.* He was also informed, notwithstanding over 18-1/2 years of high pressure trial and appellate work, that all future work would be as a ghost writer of appellate briefs for other less qualified attorneys, and further, that he would have no leave absent an emergency. *Id.* In addition, he was informed that his access to the U.S. Attorney's Office for the District of Alaska was suspended, and he was directed to surrender his U.S. Department of Justice credentials, identifying him as an AUSA, including his access card, key, car sticker, and informed that his access code would be cancelled. *Id.* Further, he was directed that he was not to enter the office without an escort, and any required access would be based upon a prior express request, which would be in turn determined by a supervisor. Finally, Mr. Rosenbaum was informed by U.S. Attorney Burgess that the requirements set forth in the May 12, 2004 letter were to remain in effect "until I decide otherwise". In short, per Exhibit 1, Mr. Rosenbaum was stripped of his official credentials, his duties, his reputation held in a false light and he was banished to his home, which the U.S. Attorney for the District of Alaska appropriated, including, and without limitation, telephone lines and other forms of

Form 95-108                                   2
Attachment to Claim for Damage, Injury, or Death
Mark A. Rosenbaum

communication, for its own purposes. Thereafter, for the period commencing on May 13, 2004, and until Mr. Rosenbaum, in a state of near nervous breakdown, accepted an early retirement, he was so confined. Mr. Rosenbaum's home, at 4940 Byrd Lane, Anchorage, Alaska, in effect, became his "Gulag", operated, and without compensation, by the United States Attorney for the District of Alaska.

In addition, for the period beginning at approximately 5:30 p.m., the end of the normal work day at the Anchorage office of the USA Attorney, until between 6:00 p.m. and 6:15 p.m., on May 12, 2004, Federal Protective Officers, upon instructions of the US Attorney, detained Mr. Rosenbaum in violation of his Federal and state Constitutional Rights.

At least one of the catalysts for the abuse and negligent conduct on the part of the United States Attorney's Office, which was aided, abetted, formulated, and agreed upon through the United States Department of Justice, appears to be on account of a custody dispute between Mr. Rosenbaum and United States Probation Officer Pamela Shaw. Indeed, the United States Department of Justice and/or the United States Attorney, provided, *inter alia*, information through various sources, presently unknown, to Ms. Shaw, regarding Mr. Rosenbaum's constructive discharge, and the roles played by the Department of Justice and the United States Attorney's Office in that procedure. In addition, the conduct also appears to have arisen out of a personal animus, and/or on account of retaliation against Mr. Rosenbaum based upon his ethnicity and/or his personality and/or his assertion of constitutionally protected interests.

Form 95-108                                    3
Attachment to Claim for Damage, Injury, or Death
Mark A. Rosenbaum

It is believed that the following person were involved:

    Timothy M. Burgess, United States Attorney;
    Deborah M. Smith, First Assistant United States Attorney;
    Steven Skrocki, Assistant United States Attorney;
    FPO Tim Bleicher; and
    FPO John Doe (name unknown)

**9.**    **Property Damage - Brief Description of the Property, Nature and Extent of Damage and Location Where Property may be Inspected.**

The property consisted of Mr. Rosenbaum's personal residence and telephone and cable modem lines. The nature and extent of damage includes but is not limited to the unlawful taking of Mr. Rosenbaum's residence and appurtenances (including communications, such as the telephone lines, the cable modem lines, computer equipment, printers, fax machines, and other methods of communication) without compensation from May 13, 2004 through September 30, 2004.

**10.**   **Personal Injury/Wrongful Death - State Nature and Extent of Each Injury or Cause of Death, which forms the basis of the claim. If other than Claimant, state name of injured person or decedent:**

Personal injuries include, but are not limited to, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with economic interests and/or advantages, conspiracy to violate Mr. Rosenbaum's civil rights, invasion of Mr. Rosenbaum's privacy, holding Mr. Rosenbaum in a false light, conspiracy to interfere with custodial relations, disparate treatment of Mr. Rosenbaum relative to other employees similarly situated with respect to work, privileges, communications, access,

Form 95-108                           4
Attachment to Claim for Damage, Injury, or Death
Mark A. Rosenbaum

and freedom of association; harassment, intimidation, hostile work environment, resulting in a constructive discharge, post-traumatic stress disorder, and/or as well, a violation of the Americans with Disabilities Act, retaliation in violation of the Americans with Disabilities Act, and violations of Mr. Rosenbaum's Federal and State Constitutional rights. The United States Attorneys for the District of Alaska and the United States Department of Justice had notice with respect to special needs of Mr. Rosenbaum, who was a qualified individual, with respect to Mr. Rosenbaum's corneal transplants and physical infirmities. Finally, on information and belief, the acts, practices and harm arose out of antagonism on the part of one or more of the persons identified above, as responsible persons, because of Mr. Rosenbaum's ethnicity and religion (Mr. Rosenbaum is Jewish), there being no other rational explanations for the behavior, acts and conduct against Mr. Rosenbaum.

**11.   Witness:**

(1)   Timothy M. Burgess, USA;
      United States Attorney's Office
      District of Alaska
      222 West 7th Avenue, #9, Room 253
      Anchorage, Alaska 99513-7567

(2)   Deborah M. Smith, 1st AUSA
      United States Attorney's Office
      District of Alaska
      222 West 7th Avenue, #9, Room 253
      Anchorage, Alaska 99513-7567

(3)  Steven Skrocki, AUSA
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

(4)  Tim Bleicher, Federal Protective Officer
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

(5)  John Doe I, Federal Protective Officer
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

(6)  Crandon Randell, AUSA
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

(7)  Joseph W. Bottini, AUSA;
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

(8)  Audrey J. Renschen, AUSA;
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

(9)  Scarlett Smith, Assistant Systems Administrator;
     United States Attorney's Office
     District of Alaska
     222 West 7th Avenue, #9, Room 253
     Anchorage, Alaska 99513-7567

Form 95-108                                6
Attachment to Claim for Damage, Injury, or Death
Mark A. Rosenbaum

(10) Susan J. Lindquist, AUSA
United States Attorney's Office
District of Alaska
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

(11) Richard Pomeroy, AUSA
United States Attorney's Office
District of Alaska
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

(12) Ed Neunlist, Employee Assistant Counselor for EOUSA
Phone: (202) 514-1036 or (888) 271-0381

(13) Eileen Grady, Employee Assistant Counselor for EOUSA
Phone: (202) 514-1036 or (888) 271-0381

(14) Renee Robinson, Systems Administrator
United States Attorney's Office
District of Alaska
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: 271-2308

(15) Chuck Farmer, Assistant Witness Coordinator
United States Attorney's Office
District of Alaska
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

(16) Jeffrey A. Gonnason, O.D.
2211 E. Northern Lights Blvd.
Anchorage, AK 99503
Phone: 276-2080

(17) Griffith Steiner, M.D.
542 W. 2nd Avenue
Anchorage, AK
Phone: 276-1617

(18) Aaron Steinberg, D.O.
 (will supplement)

(19) Terry Zeznock
 c/o IRS, Criminal Investigation Division
 949 E. 36th, Room 206
 Anchorage, AK 99503
 Phone: 271-6245

(20) Karen L. Loeffler, AUSA
 United States Attorney's Office
 District of Alaska
 222 West 7th Avenue, #9, Room 253
 Anchorage, Alaska 99513-7567

(21) Frank Powers
 c/o EPA
 Anchorage, AK
 Phone: 271-6226

(22) Kathy J. Hurlburt, M.D.
 3340 Providence Drive, #358
 Anchorage, AK
 Phone: 261-2880

(23) Dr. Robert A Lane, Jr.
 750 E. Fireweed, Suite 200
 Anchorage, AK 99503
 Phone: 561-4535

(24) Dr. Carolyn Rader
 Langdon Clinic
 4001 Dale Street, Suite 101
 Anchorage, AK 99508

(25) Anthony Delbert, Ph.D.
 4001 Dale Street, #101
 Anchorage, AK
 Phone: 550-2300

Form 95-108                                                8
Attachment to Claim for Damage, Injury, or Death
Mark A. Rosenbaum