SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortmikk.alaska.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. ROSENBAUM, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:06-cv-00144-RRB |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) **OPPOSITION TO MOTION TO DISMISS** |
| | ) |
| Defendant . | ) |
| | ) |

### INTRODUCTION

Mr. Rosenbaum, a highly skilled Assistant United States Attorney, with over 20 years experience in the Office of the United States Attorney, D. Alaska, was removed from the Federal Office Building on May 12, 2004, after hours, after his credentials, building pass and other indicia of his office were taken from him. He was ordered to work from his home, and told that the issue would be reexamined in two weeks. In the end, Mr. Rosenbaum took an early retirement. He continues to be treated for post traumatic stress disorder as a result of his treatment at the hands of a highly politicized United States Attorney and his top officers.

Now, after almost a year, the Government has filed a motion to dismiss his complaint, filed in State court, on the basis that the State court complaint was filed prematurely. The Government's premise is apparently based upon this Court's order granting the Government's *Westfall* motion, an order that did not occur until February 23, 2007. Because that order converted this matter to a case against the United States, Plaintiff's action was not filed prematurely. This is so because Plaintiff had filed, timely, a claim in the appropriate agency timely.

## FACTS

Briefly, Mr. Rosenbaum, who had enjoyed a distinguished twenty-year career as an Assistant United States Attorney stationed in Anchorage, Alaska, was detained and escorted out of that office on May 11, 2004. The actors included U.S. Attorney Timothy Burgess, First Assistant United States Attorney Deborah Smith, Assistant U.S. Attorney Steven Skrocki, FPS Officer Timothy Bleicher, and FPS Officer Travis Just. Mr. Rosenbaum was from that point on, no longer permitted into the office suite of the United States Attorney, D. Alaska.[1]

On May 11, 2006, Mr. Rosenbaum sued Timothy Burgess, Deborah Smith, Steve Skrocki, Timothy Bleicher and John Doe 1, subsequently identified as Travis Just, in the Alaska Superior Court.[2] Contemporaneously with that filing, Mr. Rosenbaum served the United States Department of Justice and the United States Attorneys Office, D. Alaska with a Standard Form 95, identifying his claims and setting forth the amount of the

---

[1] *See Order on Defendant's Motion to Amend Caption and Order on Plaintiff's Motion for Evidentiary Hearing*, in Rosenbaum v. Burgess, et.al  *sub. nom* Rosenbaum v. United States, Case No. 3:06-00144-RJB, at pp. 1-3
[2] Docket No. 1-2; Government's Motion to Dismiss at 2.

Opposition to Motion to Dismiss
Rosenbaum v. United States, et. al , Case No. 3:06-cv-0144-RBB

-2-

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

claim: $ 25,000 for property damage and $ 2,000,000 for personal injury.[3]  The form was

date stamped at the U.S. Attorneys office on May 11, 2006.[4]

An original of the Form 95 with supporting materials was also filed in the Office

of the Attorney General in Washington, D.C.  The Government asserts this form was not

received until May 12, 2006.[5]  The Government's certification is not accurate in at least

one key material respect: although Ms. Touhey certifies that "a true and accurate copy of

the tort claim" was attached to her declaration,[6] the Government has omitted most of the

material backing up the form.[7]

In his Federal Torts Claim filing, as distinct from the State Superior Court action,

Mr. Rosenbaum stated his basis of the claim, as follows:

> Mark A. Rosenbaum was, on May 12, 2004, an Assistant United States
> Attorney ("AUSA") completing his 21[st] year as a AUSA.    He was
> employed as an Assistant U.S. Attorney in and for the District of Alaska,
> and based at 222 West 7th Avenue, #9 Room 253, Anchorage, Alaska,
> 99513-7657.
>
> The U.S. Attorney and the Department of Justice both knew and/or
> had reason to know, that Mr. Rosenbaum had several disabilities that
> required reasonable accommodations, and that Mr. Rosenbaum was fully
> qualified for his position as AUSA.    These disabilities included vision
> issues (Mr. Rosenbaum had corneal transplants in the early 1980's and as a
> result, was totally dependent on hard, gas-permeable corrective contact
> lenses).  Due to the nature of the transplants, Mr. Rosenbaum had difficulty,
> from time to time, with placement of the lenses.    In addition, Mr.
> Rosenbaum was also suffering physical ailments, including gastro-intestinal
> difficulties, and a herniated disk at C-2, C-3.

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

---

[3] Exhibit 1 to Affidavit of Counsel.
[4] *Id.*
[5] Touhey Dec. at ¶ 2, Dkt. No. 71, Exhibit A.
[6] *Id.*
[7] Compare Affidavit of Counsel and Exhibit 1, which is a true and complete copy of the claim as presented to both the Department of Justice and the U.S. Attorneys Office.

On May 12, 2004, between 5:00 p.m. and 5:15 p.m., U.S. Attorney Timothy M. Burgess and his first assistant, Assistant U.S. Attorney Deborah M. Smith, summoned Mr. Rosenbaum into the U.S. Attorney's conference room, and advised him that, effective May 12, 2004, he would be required to vacate his office, and be placed on a "home duty", where he would be expected "to remain at your home and be available by email and your home telephone during your normal duty hours, from 8:30 to 5:30 p.m." *See* Exhibit 1 hereto. Further, he was instructed that he was permitted to be "away from your home phone" only during the lunch hours, from 12:00 - 1:00 p.m. In effect, he was placed under house arrest. *Id.* He was also informed, notwithstanding over 18-1/2 years of high pressure trial and appellate work, that all future work would be as a ghost writer of appellate briefs for other less qualified attorneys, and further, that he would have no leave absent an emergency. *Id.* In addition, he was informed that his access to the U.S. Attorney's Office for the District of Alaska was suspended, and he was directed to surrender his U.S. Department of Justice credentials, identifying him as an AUSA, including his access card, key, car sticker, and informed that his access code would be cancelled. *Id.* Further, he was directed that he was not to enter the office without an escort, and any required access would be based upon a prior express request, which would be in turn determined by a supervisor. Finally, Mr. Rosenbaum was informed by U.S. Attorney Burgess that the requirements set forth in the May 12, 2004 letter were to remain in effect "until I decide otherwise". In short, per Exhibit 1, Mr. Rosenbaum was stripped of his official credentials, his duties, his reputation held in a false light and he was banished to his home, which the U.S. Attorney for the District of Alaska appropriated, including, and without limitation, telephone lines and other forms of communication, for its own purposes. Thereafter, for the period commencing on May 13, 2004, and until Mr. Rosenbaum, in a state of near nervous breakdown, accepted an early retirement, he was so confined. Mr. Rosenbaum's home, at 4940 Byrd Lane, Anchorage, Alaska, in effect, became his "Gulag", operated, and without compensation, by the United States Attorney for the District of Alaska.

In addition, for the period beginning at approximately 5:30 p.m., the end of the normal work day at the Anchorage office of the USA Attorney, until between 6:00 p.m. and 6:15 p.m., on May 12, 2004, Federal Protective Officers, upon instructions of the US Attorney, detained Mr. Rosenbaum in violation of his Federal and state Constitutional Rights.

At least one of the catalysts for the abuse and negligent conduct on the part of the United States Attorney's Office, which was aided, abetted, formulated, and agreed upon through the United States Department of

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Justice, appears to be on account of a custody dispute between Mr. Rosenbaum and United States Probation Officer Pamela Shaw. Indeed, the United States Department of Justice and/or the United States Attorney, provided, *inter alia*, information through various sources, presently unknown, to Ms. Shaw, regarding Mr. Rosenbaum's constructive discharge, and the roles played by the Department of Justice and the United States Attorney's Office in that procedure. In addition, the conduct also appears to have arisen out of a personal animus, and/or on account of retaliation against Mr. Rosenbaum based upon his ethnicity and/or his personality and/or his assertion of constitutionally protected interests.

It is believed that the following person were involved:
Timothy M. Burgess, United States Attorney;
Deborah M. Smith, First Assistant United States Attorney;
Steven Skrocki, Assistant United States Attorney;
FPO Tim Bleicher; and
FPO John Doe (name unknown).[8]

On June 13, 2006, 30 days following the filing of the Superior Court action, the Government removed the case to Federal District Court, D. Alaska. The Government alleged that the case was removed under 28 U.S.C. § 2679(d), asserting that the State court defendants were acting within the scope of their federal employment offices and duties.[9] The Government also filed a *pro forma* certification that the individual State court defendants were acting in the scope of their employment, as required by 28 U.S.C. § 2679(d).[10]

Mr. Rosenbaum contested the certification.[11] He also contested the motion to substitute the United States for the individual defendants.[12] The Court, however, ultimately granted the Government's scope certification, granting the Government's

---

[8] *See* Exhibit 1 to Affidavit of Counsel.
[9] Notice of Removal at Dkt. No. 1-1.
[10] Certification of Phyllis Pyles, Dkt. No. 1-3
[11] Dkt. Nos. 8, 12,15,19,20, 45
[12] Dkt. No. 64.

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

motion to amend the caption and to substitute the United States as the defendant.[13]  The

order states that "the United States is now the sole defendant in this action, and Timothy

Burgess, Deborah Smith, Steven Skrocki, Timothy Bleicher and [Travis Just] have been

dismissed from this action."[14]

## ARGUMENT

### A. SUMMARY OF ARGUMENT

Mr. Rosenbaum timely filed his notice of claim, pursuant to the Federal Tort

Claims Act.  The Government concedes that 28 U.S.C. § 2680(h) permits claims for false

imprisonment against the United States for the wrongful actions of law enforcement

officers.  Because the action was not converted to a federal claim until this Court so ruled

on February 23, 2007, more than 6 months has elapsed without action by the appropriate

federal agency.  This Court now has jurisdiction under the Federal Tort Claims Act to

hear this matter.  Alternatively, this Court should rule that, because Plaintiff timely filed

the State court action, U.S.C. § 2679(d)(5) entitles Plaintiff to file FTCA claims, should

the Court dismiss the case under 28 U.S.C. § 2679(d).

### B.  Plaintiff's Action is not Premature

The Government believes that the case should be dismissed either because Mr.

Rosenbaum did not state the "false imprisonment" case on his "basis of the claim"

statement attached to his Form 95 FTCA administrative claim, or, because he sued

individual parties in State court, and he should have waited to do this until the

---

[13] Dkt. No. 66.
[14] Government's Motion to Dismiss, Dkt. No. 70 at 3.

Government had denied the FTCA claim or 6 months had passed. The FTCA procedure is not subject to formal pleadings rules. The lawsuit did not convert to a private action until February 23, 2007. If the Court's certification relates back to the Government's scope certification, then Mr. Rosenbaum is entitled to proceed under 28 U.S.C. § 2679(d)(5).

1. <u>Mr. Rosenbaum Complied with 28 U.S.C. 2401(b), the Federal Tort Claims Act.</u>

The Federal Tort Claims Act, 28 U.S.C. § 2401(b), provides:

(b). A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Thus, there are three intrinsically important elements to the invocation of this Court's jurisdiction under 28 U.S.C. 1346 (b)(1).[15] Those elements are:

A. The presentation of the claim to the "appropriate Federal Agency"

B. Within two years of the accrual of the claim;

C. Timely bringing of the action following notice of the final denial of the claims.

Here, Mr. Rosenbaum filed his claims with the Department of Justice and U.S. Attorneys' Office. 28 C.F.R. § 14.2(a) provides that "a claim is deemed to have been presented when a Federal agency receives ... an executed Standard Form 95... accompanied by a claim for money damages in a sum certain...." The Standard Form 95

---

[15] 28 U.S.C. 1346(b)(1) provides jurisdiction to the U.S. District Courts as follows: "the district courts,..., shall have exclusive jurisdiction of civil claims against the United States, for money damages, ..., for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the person in accordance with the law of the place where the act or omission occurred."

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

in this case was "presented" to the United States Attorneys Office, D. Alaska on May 11, 2004 and to the United States Department of Justice on May 12. Both presentations included a Standard Form 95 signed by Mr. Rosenbaum, with a sum certain stated for the personal injuries and property damages claimed.[16]

28 C.F.R § 28(b) defines the "appropriate" Federal agency as " the Federal agency whose activities gave rise to the claim." Here, the United States Department of Justice is one such Federal agency. The evidence to date is that Tommie Barnes was involved in giving instructions to the U.S. Attorneys Office, D. Alaska, regarding the authenticity of the U.S. Attorney within the U.S. Attorneys Office.[17] The United States Attorneys' Office in Anchorage was also an appropriate agency, because its office gave rise to the claims. That office is also an agency of the Department of Justice.

The claims were timely filed. R. 6, Fed. R. Civ. Proc. provides:

> In computing any period prescribed or allowed by ... any applicable statute, the day of the act, even, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included....

Here, the penultimate act occurred on May 12, 2004. The claim was filed with the appropriate agencies within the two years permitted.

The Government is correct that Mr. Rosenbaum "never filed an administrative tort claim encompassing the same unlawful imprisonment claim that he has made in this

---

[16] *See* Touhey Dec. attachment; *see* Dkt. No. 71, Exhibit A.
[17] Barnes Decl., Dkt. No. 52 at ¶ 1[ Barnes is an employee of the Executive Office of the United States Attorneys ("EOUSA")]; id at ¶ 2 (EOUSA is an office within the Department of Justice) ; ¶ 5 ( Barnes advised Skrocki, et.al).

action." This is because the present lawsuit was a private action against individuals for actions that are State court claims.

The Government has not pointed to a single case, statute or regulation that requires that the Plaintiff, as an administrative claimant, to state, his theories of recovery. Rather, the Standard Form 95 simply requires that the claimant, "state nature and extent of each injury… which forms the basis of the claim." Mr. Rosenbaum also attached, as a supplement, the report of his treating psychologist and an estimate of economic harm prepared by Richard Tremaine.

2. <u>The Lawsuit was Not Filed Prematurely</u>

The Government appears to be arguing that 28 U.S.C. § 2675 prevents a litigant from filing a State court action against individuals, until the appropriate Federal agency determines that a Federal tort claims act against an agency will or will not be denied. According to the Government, the fact that Mr. Rosenbaum filed his action in State court means that he filed it prematurely. But the Government makes that assertion without any legal support. Rather, the Government cites case law that is simply not apt to the situation at bar.

The situation at bar is this:

a. Mr. Rosenbaum filed a state court action on May 11, 2006.;

b. The Government removed the case on June 12, 2006, and asserted that the defendants were acting with in the scope of their employment.

c. It was not until February 23, 2007, fully nine months after the Alaska Superior Court case had been filed, that this Court determined that the defendants were

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

acting in the scope of their employment, and ordered the amendment of the caption.

Mr. Rosenbaum filed a private action in state court. It was not until this Court ruled that the Government would be substituted for the defendants that the matter became one against the federal government

This is so because the Government's scope of employment certification is reviewable as a matter of law.[18] When filed, however, the scope certification is only conclusive for purposes of *removal* jurisdiction.    The certification in this case was challenged. When challenged, "[t]he Attorney General's certification that a federal employee acted within the scope of employment is reviewable in court for the purposes of substitution."[19] It is only upon the court's review of the certification question and a finding that the federal employee was acting in the scope of employment that "amending the caption and substituting the United States as the defendant is proper. 28 USC § 2679(b)(2)."[20] The court did not direct the substitution of defendants until February 23. Dkt. No. 66-1.

Thus, if the Government is asserting that the issue is timing, Mr. Rosenbaum has complied with 28 U.S.C. § 2675(a). This statute provides, in relevant part:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of such claim for purposes of this section.

---

[18] Guiterrez De Martinez v. Lamongo, 515 U.S. 417, 115 S. Ct. 2227, 2229, 132 L. Ed. 2d 375 (1995).
[19] Order on Defendant's Motion to Amend Caption, Dkt. No 66-1.
[20] *Id.*

Opposition to Motion to Dismiss
Rosenbaum v. United States, et. al , Case No. 3:06-cv-0144-RBB

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

More than six months has passed from the May 11/12 filing to February 23, 2007. The Government admits it had not made a decision on the claim within the six month period that the claim was pending. During that six month period, from May through November, this Court had not substituted the United States as the party defendant. Now the United States is the defendant, and the six months has run.

This Court's order is based on 28 U.S.C. § 2679(d)(4). That statute provides:

> Upon certification, any action or proceeding subject to paragraph (1), (2) or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

(emphasis supplied).

28 U.S.C. § 2679(d)(4) is worded differently than the preceding subsections of that statute . Unlike subsections (1), (2), or (3), (d)(4) does not refer to the Attorney General's certification. The Supreme Court noted this difference in wording in De Martinez v. Lamongo:[21]

> The certification, removal and substitution provisions of the Westfall Act, 28 USC § 2679(d)(1)-(3) [footnote omitted] work together to assure that, when scope of employment is in controversy, that matter, key to the application of the FTCA, may be resolved in federal court. [....]

> [....]If the case was initiated by the tort plaintiff in state court, the Attorney General is to remove it to federal court, where, as in a case that originated in the federal forum, the United States will be substituted as the party defendant.[....]

> The statute next instructs that the "certification of the Attorney General shall conclusively establish scope of office or employment *for purposes of removal.*

---

[21] 1115 S.Ct. at 2234-2235.

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

*****

> Because the statute is reasonably susceptible to divergent interpretation, we adopt the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review and that mechanical judgments are not the kind federal courts are set up to render. [....]

(emphasis in original). Thus, the Attorney General's certification referenced in (1), (2) and (3) of 28 U.S.C. § 2679 appears to refer to subject matter jurisdiction. It is not until the certification is final, whether because it is unchallenged, or because the Court reviews the Attorney General's scope certification, that 2879(d)(4) becomes applicable. Before the certification is final, the statute makes it clear that the scope certification performs only one function: it provides a new basis in Title 28 for removal jurisdiction. Because in this case, the certification was reviewed, under <u>Lamongo</u>, the (d)(4) certification did not occur until this Court ordered it. Consequently, although the Court had removal jurisdiction, it was not until this Court's "certification" under (d)(4), that the Court obtained subject matter jurisdiction under 28 U.S.C. § 1346(b).

The cases the Government relies upon are not on point. In <u>McNeil v. United States</u>,[22] the plaintiff filed his claim against the United States in district court and four months later, filed his administrative claim. The administrative claim was denied within a few weeks. The Federal court dismissed the Federal complaint, precisely because it was premature. In contrast, Mr. Rosenbaum filed an administrative claim against the agencies, and a state court action against individuals. Until the Federal court determined, after the 6 month period on Rosenbaum's administrative claim, to substitute the United

---

[22] 508 U.S. 106,112 (1993)

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

States for the individual defendants, this Court's jurisdiction was limited to the *Westfall* scope of employment issue.[23]

In both <u>Jerves v. United States</u>[24] and <u>Brady v. United States,</u>[25] the plaintiffs proceeded in Federal court prior to filing an administrative claim. Neither involved *Westfall* issues. In <u>Brady,</u> the Plaintiff filed no administrative claim at all. After the dismissal of her first complaint for failing to file a claim, the plaintiff failed to comply with the court's directives at all.[26] In <u>Jerves</u>, the plaintiff filed her action four months after the administrative claim was filed, on the basis of an initial settlement letter that she asserted constituted a denial of the claim.[27] The court disagreed.

In contrast to <u>Brady</u>, Mr. Rosenbaum had filed his administrative action in May, 2006, and the Government admits nothing has happened with it. Thus, unlike <u>Brady</u>, Mr. Rosenbaum did file his administrative claim. Unlike the plaintiff in <u>Jerves,</u> Mr. Rosenbaum did not file within the 6 month waiting period. Rather, his State court claims were removed and his FTCA claims are now ripe.

C.   The Complaint Should Not be Dismissed.

This district court has jurisdiction over the subject matter of the complaint. This is so, because, even if the complaint presently states only a claim for the intentional tort of false imprisonment, this court has subject matter jurisdiction of that claim under 28 U.S.C. § 1346(b), by virtue of the proviso contained in 28 U.S.C. § 2680(h). For, it is

---

[23] *See* <u>Osbourne v. Haley</u>, 549 U.S. ___, Op. No. 05-593 at p 16 ( noting that once the Attorney General's certification is filed in Federal court, the court obtains removal jurisdiction and is not later remandable).

[24] 966 F. 2d 517 (9th Cir. 1992).

[25] 211 F. 3d 499 (9th Cir. 2000).

[26] *Id*. at 502.

[27] 966 F. 2d at 520.

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

undisputed that the Federal Protective Service Officers, Timothy Bleicher and Travis Just are in fact law enforcement officers.[28]

The Government asserts that even if Bleicher and Just are law enforcement officers, the other actors were not. However, the issue of whether the United States Attorney and his assistants are or are not law enforcement officers is a mixed question of fact and law. According to the United States Attorneys Mission statement, the U.S. Attorney is a law enforcement officer: "Each United States Attorney is the *chief federal law enforcement officer* of the United States within his or her particular jurisdiction."[29] (emphasis supplied). The Government cites Arnsburg v. United States[30] as support of its argument. However, Arnsburg had nothing to do with whether or not the United States Attorney and his assistants are or are not law enforcement officers.[31] Similarly, Metz v. United States[32] did not address whether U. S. Attorneys are or are not law enforcement officers.

In Ware v. United States,[33] the plaintiff asserted claims against the United States Attorney and an FBI agent for malicious prosecution and false imprisonment, where the Government pursued charges, even though it lacked evidence. In Ware, however, the district court was not confronted with the United States Attorney's proclamation that the office is the Chief Law Enforcement Officer.

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

---

[28] *See* Dkt. No. 70 at n. 1, p. 8 ("FPS officers are 'investigative or law enforcement officers' as contemplated by the statute").

[29] *See* Website at http://usdoj.gov.usao ; *see* exhibit 2 to Affidavit of Counsel; *see also* U.S. v. Veach

[30] 757 F.2d 971, 978 (9th Cir. 1985)

[31] In fact, Arnsberg may no longer be good law. In Tekle v. United States, 457 F. 3d 1088, 1100-01 (9th Cir. 2006), the 9th Circuit noted that the law now expressly requires that the acts and omissions of law enforcement officers must be analyzed according to the "liability of a private person...."

[32] 788 F.2d 1528 (11th Cir. 1986).

[33] 838 F. Supp. 1561, 1563-1564 ( M.D. Fl. 1993).

28 U.S.C. § 2680(h) applies to claims arising out of assault, battery, false

imprisonment, false arrest, abuse of process, and malicious prosecution acts or omissions

by "investigative or law enforcement officers." "The United States' liability under the

FTCA is to be based on the state law liability of a private party, not a state or municipal

entity."[34] Thus, the United States' liability created by law enforcement officers is to be

based on a private person's liability.[35] The defense has failed to establish that the Court

lacks subject matter jurisdiction over the case, and 28 U.S.C. § 2680 establishes that the

United States does have subject matter jurisdiction.

D. <u>Alternatively, Plaintiff Should be Given an Opportunity to Perfect the FTCA Claim under 28 U.S.C. § 2401(b)</u>

The Government asserts that upon substitution of the United States, this claim is

converted to a Federal Tort Claims Act proceeding. The Government also asserts that,

apparently, the conversion relates back to the date the scope certification was filed, June

13, 2006. If the Government's position is correct, then, notwithstanding the passage of

almost a year since the State law claims were filed in the Alaska Superior Court, the case

would be filed prematurely.

If that is the case, and the Court so determines that its decision in fact relates back

to the removal/substitution motion, then the United States would be substituted as the

party defendant effective in June, 2006. If that is the case, then 28 U.S.C. § 2679(d)(5)

would apply. 28 U.S.C. § 2679(d)(5) provides:

---

[34] <u>United States v. Olson</u>, 546 US ____-___; 126 S. Ct. 510, 511-12 (2005).
[35] <u>Tekle v. United States,</u> 457 F.3d 1101 and n.8.

Opposition to Motion to Dismiss
Rosenbaum v. United States, et. al , Case No. 3:06-cv-0144-RBB

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

Whenever an action or proceeding in which he United States is substituted as a party defendant under this subsection is dismissed for failure first to present a claim pursuant to 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if - -

(A) The claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) The claim was presented to the appropriate federal agency within 60 days after dismissal of the civil action.

Mr. Rosenbaum's false imprisonment claim was filed within two years of the occurrence of that wrongful act. Accordingly, the timely filed tort claim for false imprisonment should have first been presented to the Federal agencies before a federal lawsuit was commenced under 28 U.S.C. § 2679(d)(5). Had that claim been first presented to the agencies, "it would have been timely filed." This is so because the Westfall Act presumes it would have been filed on the date the underlying civil action was commenced ...." See 28 U.S.C. § 2679(d)(5)(A).

Accordingly, should the Court dismiss, the Court should do so with instructions that Plaintiff may pursue his claim, provided that the claim is presented to the appropriate federal agency within 60 days after dismissal by this Court.

That, in fact, appears to be the procedure that was followed, although unsuccessfully by the plaintiff, in Jerves v. U.S. and in Brady v. U.S.[36] Accordingly, should the Court determine its order to certify scope and to substitute the United States relates back to June, 2006, then Plaintiff is entitled to an order preserving his rights under this Court's subject matter jurisdiction at 28 U.S.C. § 2679(d), including 28 U.S.C. §2679(d)(5).

---

[36] See notes 24 and 25, respectively, supra.

Opposition to Motion to Dismiss
Rosenbaum v. United States, et. al , Case No. 3:06-cv-0144-RBB
- 16 -

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

## CONCLUSION

Plaintiff timely filed his administrative claims under the Federal Torts Claims Act.

The six month review period ran before the court determined the scope of employment

question.  Should the Court nonetheless determine that it lacks subject matter jurisdiction,

the Court should order that Plaintiff has 60 days to file his administration claims under

U.S.C. § 2679(d)(5).

RESPECTFULLY SUBMITTED this 16th day of April 2007, at Anchorage,
Alaska.

SAMUEL J. FORTIER
Attorney for Plaintiff

/ s /Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Telephone No: (907) 277-4222
Facsimile: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2007,
a true and accurate copy of the foregoing
was served electronically on:

Rebecca S. Cohen
Special Assistant Attorney General
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA  98101

/ s / Samuel J. Fortier

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221