JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

REBECCA S. COHEN
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK ROSENBAUM,<br><br>                   Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendants. | Case No. 3:06-cv-00144-RJB<br><br>**REPLY MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

The United States respectfully files this reply memorandum in support of its Motion to Dismiss and in response to the opposition brief filed by Plaintiff Mark Rosenbaum. As discussed in detail below, the Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed as premature. In addition, because U.S. Attorneys and their Assistants are not "law enforcement officers" under the FTCA, Plaintiff's claim should be limited to the actions of the FPS officers, even if the Court does not otherwise

dismiss the Complaint.[1]

First, even if Plaintiff had included a claim for unlawful imprisonment in his administrative claim, this lawsuit must be dismissed as premature under *McNeil v. United States,* 508 U.S. 106 (1993), because it was instituted prior to the filing of Plaintiff's administrative claim.  Despite Plaintiff's suggestion to the contrary, *McNeil* is not distinguishable from the case at hand, and its holding compels a dismissal of Plaintiff's Complaint in this case.  In *McNeil*, the plaintiff filed an FTCA lawsuit before presenting an administrative claim to the appropriate agency.  The administrative claim was then denied, after which the District Court granted the Government's motion to dismiss, concluding that the lawsuit had been filed prematurely.  *Id*. at 109.  The Supreme Court agreed, explaining that the "most natural reading of the statute [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies ***before*** invocation of the judicial process."  *Id*. at 112 (emphasis added); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have ***first*** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.) (emphasis added).

Plaintiff's Opposition does not dispute that under *McNeil* a plaintiff must file an

---

[1]  As Plaintiff himself concedes, the administrative tort claim he filed with the Department of Justice does not encompass a claim for unlawful imprisonment.  *See* Opposition, at 8-9 ("The Government is correct that Mr. Rosenbaum 'never filed an administrative tort claim encompassing the same unlawful imprisonment claim that he made in this action.'").  Thus, as a preliminary matter, the Complaint should be dismissed due to Plaintiff's failure to exhaust his administrative remedies.  *See* 28 U.S.C. § 2401(b) ("[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.");  *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).  The United States has not focused primarily on this argument herein, as even if the Court were to construe the administrative claim more broadly, this case was filed prematurely and must be dismissed.

Rosenbaum v. Burgess, et al.
Case No. 3:06-cv-00144-RJB            2

administrative claim and wait for the agency to deny the claim (or wait until six months have elapsed without a denial) before instituting an FTCA action. Plaintiff attempts to avoid an application of the *McNeil* holding to this case, however, by arguing that it "was not until this Court ruled that the Government would be substituted for the defendants that the matter became one against the federal government." Opposition, at 10 (Dkt. No. 75). This argument is contrary to established law and must be rejected. The Court has already held that all of the individual defendants originally named "were acting within their scope of employment during the events of May 12, 2004 and the United States should be substituted as a defendant in place of the individual defendants." Order dated February 23, 2007, at 10 (Dkt. No. 66-1). Thus, pursuant to the FTCA, the United States was the only proper defendant and Plaintiff's sole remedy was an FTCA action, no matter how he chose to plead the original complaint. *See* 28 U.S.C. § 2679(b)(1) (FTCA is the exclusive remedy for state law torts committed by Federal employees within the scope of their employment).

As the Supreme Court recently made clear, "[u]pon certification, the action is 'deemed to be brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." *Osborn v. Haley*, __ U.S. __, 127 S. Ct 881, 900 (2007) (ellipsis and citation omitted). Even if a plaintiff challenges the Attorney General's certification, the certification will already have converted the case into a proceeding "against the sovereign" by "the time the district court reviews the Attorney General's certification." *Id*.

Decisions from other jurisdictions confirm that the holding of *McNeil* applies equally to cases initially instituted in state court against defendants other than the United States. In *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76 (2d Cir. 2005), for example, the plaintiff filed a medical malpractice action against a health center

in state court, not realizing that the health center was federally funded and that her claim was therefore subject to the FTCA. The United States removed the case to federal court and filed a certification stating that the health center was acting within the scope of its federal employment. *Id*. The United States then filed a motion to dismiss due to the plaintiff's failure to exhaust her administrative remedies, which the District Court granted. On appeal, the plaintiff argued that the FTCA's exhaustion requirement should not apply to cases originally filed in state court. Rejecting this argument, the Second Circuit stated that the Westfall Act "clarifies that all suits against the United States, including those originating in state court against defendants yet to be replaced by the United States, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675 . . ." *Id*. at 83. Similarly, in *White v. Jones*, 2006 WL 3533141 (W.D. La. 2006), the Court explained:

> 'An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed. *Price v. U.S.*, 69 F.3d 46, 54 (5th Cir. 1995), citing *McNeil v. U.S.*, 508 U.S. 106, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993). The requirement is jurisdictional and may not be waived. *Price*, *supra*. And the exhaustion requirement extends with equal force to those civil actions that are begun in state court.

Id. at *3. As this language from the *White* decision demonstrates, Plaintiff's Complaint was filed prematurely and must be dismissed, despite the fact that the case originated in state court, and despite the fact that six months have now elapsed since the filing of Plaintiff's administrative tort claim. The case was premature when filed, and the Court therefore lacks subject matter jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 536, 538, 6 L.Ed. 154 (1824)); *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376 (9th

Cir. 1988) ("In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint.  Subject matter jurisdiction must exist as of the time the action is commenced.").

Second, even if the Court were to determine that Plaintiff has exhausted his administrative remedies and the case was not prematurely filed (which the Government sharply disputes), Plaintiff's unlawful imprisonment claim in this case must be limited to the actions of the FPS officers.  The FTCA expressly precludes an unlawful imprisonment claim against the United States with respect to the actions of any Federal employees who are not "investigative or law enforcement officers."  *See Arnsberg v. United States*, 757 F.2d 971, 978 (9th Cir. 1985) ("The FTCA, however, limits the United States' liability to instances where wrongful acts by law enforcement officers cause the unjustified imprisonment."); 28 U.S.C. § 2680(h).  The FTCA specifically defines the term "investigative or law enforcement officers" as follows –

> For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal law.

28 U.S.C. § 2680(h).

As the relevant case law on this issue demonstrates, United States Attorneys and Assistant United States Attorneys are not empowered by law to execute searches, to seize evidence, or to make arrests, and thus are not "law enforcement officers" under the FTCA.  *See, e.g., Ames v. United States*, 600 F.2d 183, 185 n. 3 (8th Cir.1979) (U.S. Attorneys not "investigative or law enforcement officers" within the meaning of 28 U.S.C. § 2680(h)); *Nogueras-Cartagena v. U.S.*, 172 F. Supp.2d 296 (D. Puerto Rico 2001) ("U.S. Attorneys are not 'investigative or law enforcement officers' for purposes of § 2680(h)"); *Bakowski v. Kurimai*, 2000 WL 565230, at *3 (D. Conn. 2000) ("The two named DOJ defendants are assistant U.S. attorneys, neither of whom is an 'investigative

or law enforcement officer' for purposes of § 2680(h)."); *Ware v. United States*, 838 F. Supp. 1561, 1563-64 (M.D. Florida 1993) ("The United States Attorney and his assistants are not 'investigative or law enforcement agents' for whose intentional torts the government may be held liable under 28 U.S.C. § 2680(h)."); *Dirienzo v. United States*, 690 F. Supp. 1149, 1158 (D. Conn. 1988) (U.S. attorney and his assistants are not law enforcement agents whose intentional torts, including malicious prosecution, could render the Government liable under the FTCA); *United States v. Rubin*, 573 F. Supp. 1123, 1124-25 & nn. 2-5 (D. Colo.1983) (U.S. Attorneys and Department of Justice Attorneys not "investigative or law enforcement officers" within the meaning of 28 U.S.C. § 2680(h)). Although United States Attorneys might be referred to as law enforcement officers in other contexts, such is not the case under the FTCA. Consequently, to the extent Plaintiff's unlawful imprisonment claim is based on the actions of Burgess, Smith, and/or Skrocki, his claim must be dismissed.

For the foregoing reasons and those explained in the Government's opening memorandum of points and authorities, the United States respectfully asks the Court to grant its Motion and to dismiss Plaintiff's Complaint.

Respectfully submitted this 23rd day of April, 2007.

JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

/s/ Rebecca S. Cohen
Rebecca S. Cohen, WSBA #31767
Special Assistant U.S. Attorney
District of Alaska
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-6526
Fax: (206) 553-4073
E-mail: rebecca.cohen@usdoj.gov
Attorneys for the United States

**CERTIFICATE OF SERVICE**
I hereby certify that on April 23, 2007,
a copy of the foregoing Reply was served
electronically on Samuel J. Fortier.

/s/ Jing Y. Xu