UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

MARK ROSENBAUM,

               Plaintiff,

    v.

UNITED STATES OF AMERICA,

               Defendant.

Case No. C06-00144RJB

ORDER GRANTING
UNITED STATES'
MOTION TO DISMISS
FOR LACK OF SUBJECT
MATTER JURISDICTION

This matter comes before the court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 69. The court has considered the motion, plaintiff's response in opposition to the motion, and the remainder of the file herein.

PROCEDURAL HISTORY

On May 11, 2006, plaintiff filed a civil action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, alleging that he was unlawfully imprisoned during the time period in which he was escorted from the office of the United States Attorney on May 12, 2004. Dkt. 1-2.

On May 12, 2006, plaintiff filed an administrative tort claim with the Department of Justice. Dkt. 71-2. The administrative claim is based upon the events that occurred on May 12, 2004 as well as events that occurred after that date. The administrative claim has not been acted upon by the United States.

On June 13, 2006, the United States filed a Notice of Removal of the state court case to federal court pursuant to 28 U.S.C. § 1442 and 28 U.S.C. § 2679(d)(2). Dkt. 1-1, at 1-2. Concurrent with the Notice of Removal, the United States filed a Notice of Substitution, under 28 U.S.C. § 2679(d)(2), and

1   moved to amend the caption of the case to substitute and name the United States as the party defendant in

2   place of the individual defendant.  Dkt. 4-1.  In addition, the United States filed a Certification from Phyllis

3   J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, stating that the

4   individuals were acting within the scope of their employment.  Plaintiff challenged the Pyles Certification.

5   On February 23, 2007, the court granted defendants' motion to amend the caption and substitute the

6   United States as defendant, and denied plaintiff's motion for an evidentiary hearing.

7           On March 21, 2007, the United States filed a motion to dismiss for lack of subject matter

8   jurisdiction, contending that (1) this court lacks jurisdiction over plaintiff's claim because plaintiff failed to

9   file an administrative claim before instituting this action; and (2) under the Federal Tort Claims Act

10  (FTCA), the court should dismiss plaintiff's unlawful imprisonment claim to the extent it is based on the

11  actions of Timothy Burgess, Deborah Smith, or Timothy Bleicher.  Dkt. 70.

12          On April 16, 2007, plaintiff filed opposition to the motion to dismiss, arguing that (1) this action is

13  not premature because he filed a timely administrative claim; (2) this court obtained subject matter

14  jurisdiction under 28 U.S.C. § 1346(b) on February 23, 2007–more than 6 months after plaintiff filed his

15  administrative claim–when the government was substituted as the defendant; (3) U.S. Attorney Timothy

16  Burgess, and Assistant U.S. Attorneys Deborah Smith, and Steven Skrocki are law enforcement officers

17  for the purposes of an FTCA action under 28 U.S.C. § 2680 and should not be dismissed as defendants;

18  and alternatively (4) plaintiff is entitled to an order that plaintiff may pursue his claim, provided that the

19  claim is presented to the appropriate federal agency within 60 days after dismissal by this court.  Dkt. 76-1.

20                                          DISCUSSION

21      **1.  Claims Arising from Actions of Timothy Burgess, Deborah Smith, and Timothy Bleicher**

22          Defendant contends that claims arising from actions of then-U.S. Attorney Timothy Burgess, and

23  then-Assistant U.S. Attorneys Deborah Smith and Timothy Bleicher are barred by the intentional torts

24  exception of 28 U.S.C. § 2680(h).

25          Certain types of tort claims, although otherwise within the scope of the FTCA, are

26  excluded from the Act's coverage by 28 U.S.C. § 2680.  One such exception is the so-called "intentional

27  torts" exception found at 28 U.S.C. § 2680(h), which provides as follows:

28          Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution,
            abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights:

1      *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall

2  apply to any claim arising, on or after the date of enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this

3  subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to made arrests for violation of

4  Federal law.

5      Under 28 U.S.C. § 2680(h), plaintiff may not pursue a claim for false imprisonment unless the acts

6  or omissions were with regard to investigative or law enforcement officers.  United States Attorneys and

7  Assistant United States Attorneys are not empowered by law to execute searches, to seize evidence, or to

8  make arrests, and thus are not law enforcement officers under the FTCA. *See Ames v. United States*, 600

9  F.2d 183, 185 n. 3 (8th Cir.1979) (U.S. Attorneys not investigative or law enforcement officers within the

10  meaning of 28 U.S.C. § 2680(h)); *Nogueras-Cartagena v. U.S.*, 172 F. Supp.2d 296 (D. Puerto Rico

11  2001) (U.S. Attorneys are not investigative or law enforcement officers for purposes of § 2680(h));

12  *Bakowski v. Kurimai*, 2000 WL 565230, at *3 (D. Conn. 2000) ("The two named DOJ defendants are

13  assistant U.S. attorneys, neither of whom is an 'investigative or law enforcement officer' for purposes of §

14  2680(h)."); *Ware v. United States*, 838 F.Supp. 1561, 1563-64 (M.D. Florida 1993) (The United States

15  Attorney and his assistants are not investigative or law enforcement agents for whose intentional torts the

16  government may be held liable under 28 U.S.C. § 2680(h).); *Dirienzo v. United States*, 690 F. Supp. 1149,

17  1158 (D. Conn. 1988) (U.S. attorney and his assistants are not law enforcement agents whose intentional

18  torts, including malicious prosecution, could render the Government liable under the FTCA); *United States*

19  *v. Rubin*, 573 F. Supp. 1123, 1124-25 & nn. 2-5 (D. Colo.1983) (U.S. Attorneys and Department of

20  Justice Attorneys not investigative or law enforcement officers within the meaning of 28 U.S.C.§ 2680(h)).

21  Accordingly, plaintiff may not pursue an unlawful imprisonment claim based upon the conduct of

22  defendants Burgess, Smith, and Bleicher.

23      **2. Exhaustion of Administrative Remedies**

24      Defendant contends that the case should be dismissed because plaintiff did not exhaust his

25  administrative remedies before filing suit.

26      The United States, as sovereign, is immune from suit unless it consents to be sued.  *See United*

27  *States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

28  Any waiver of that immunity must be strictly construed in favor of the United States.  *See United States v.*

1  *Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.

2  1992).  If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district

3  court is without subject matter jurisdiction.  *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir.

4  1993).  The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity, rendering the

5  United States liable for certain torts of federal employees. *See* 28 U.S.C. § 1346(b).

6        The FTCA provides an express limitations period for the filing of a tort claim.  Under the terms of

7  the FTCA, a claimant is required to present his administrative claim to the agency within two years after

8  the claim accrues: "A tort claim against the United States shall be forever barred unless it is presented in

9  writing to the appropriate Federal agency within two years after such claim accrues." *See* 28 U.S.C. §

10  2401(b); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).  The FTCA's two-year

11  limitations period, like other substantive or procedural restrictions on FTCA suits, is a condition on the

12  Government's waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Because

13  it is part of the waiver of immunity, the requirement of the filing of a timely administrative claim must be

14  strictly enforced. *Id.* at 117-118.  The administrative claim requirement is jurisdictional and may not be

15  waived. *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir. 2002), *opinion amended and rehearing*

16  *denied*, 298 F.3d 754 (9th Cir. 2002).

17        A plaintiff must file an administrative claim and wait for the agency to deny the claim, or wait until

18  six months have elapsed without a denial, before instituting an FTCA action.  28 U.S.C. § 2675(a); *McNeil*

19  *v. United States*, 508 U.S. 106, 112 (1993).  Plaintiff did not file an administrative claim before he filed this

20  action.  The court does not have subject matter jurisdiction over this case.  The case should be dismissed.

21        **3.  Order to Permitting Plaintiff to Pursue Claim**

22        Plaintiff requests that the court enter an order that he may pursue his administrative claim, provided

23  that the claim is presented to the appropriate federal agency within 60 days after dismissal by this court.

24  The request is based upon 28 U.S.C. § 2679(d)(5).  Any administrative claim plaintiff may file with a

25  federal agency is governed by the statutes and regulations regarding administrative claims, and is not now

26  properly before this court.

27

28        Therefore, it is hereby

1        **ORDERED** that the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction

2  (Dkt. 69) is **GRANTED**.  This case is **DISMISSED**.

3        The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

4  party appearing *pro se* at said party's last known address.

5        Dated this 25th day of April, 2007.

6

7

8                           Robert J. Bryan
                             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28